## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FRED SPEER and MIKE McGUIRK** ) <br> Individually and on behalf of a class of all ) <br> others similarly situated, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **CERNER CORPORATION** ) <br> 2800 Rockcreek Parkway ) <br> Kansas City, MO ) <br> ) <br> Defendant. ) <br> ) | **CASE NO:** |

## COMPLAINT

Plaintiffs Fred Speer and Mike McGuirk, individually and on behalf of themselves and all others similarly situated, by and through counsel, for their Complaint against Cerner Corporation (hereinafter "Cerner" or "Defendant") hereby state and allege as follows:

## PRELIMINARY STATEMENT

1.    Cerner is a healthcare information technology corporation.

2.    Cerner's practice and policy is to deny proper overtime pay to certain employees in that it does not compensate these employees on a fixed weekly salary, but nevertheless applies the Fluctuating Work Week method of compensation in determining the overtime rates for the affected employees.

## PARTIES

3.    Plaintiff Speer was employed by Defendant in the state of Missouri at Defendant's operation in Columbia, Missouri as a Service Center Analyst/Systems Support Analyst ("Desktop Support Staff") under a purported "fluctuating work week" method of compensation.

4.   Plaintiff McGuirk was employed by Defendant in the state of Missouri at Defendant's operation in Columbia, Missouri as a Service Center Analyst/Systems Support Analyst ("Desktop Support Staff") under a purported "fluctuating work week" method of compensation.

5.   Defendant is a Missouri Corporation, registered in good standing in the State of Missouri, and operates in this district.

## JURISDICTION AND VENUE

6.   This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7.   This Court has personal jurisdiction over Defendant because Defendant conducts business in this district.

8.   This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1376 because the state claim is closely related to the FLSA claims and they form part of the same case or controversy.

9.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the State of Missouri.

## FACTUAL STATEMENT AS TO HOURLY PAID EMPLOYEES

10.   Defendant purports to compensate non-exempt employees, including Desktop Support Staff on a "fluctuating work week" model of pay ("Salaried NonExempt Associates") in compliance with 29 C.F.R. §778.114.

11.   The "fluctuating work week" model provides a method for an employer to pay a reduced rate of overtime compensation to individuals who work in excess of 40 hours a week; namely that the employer pays only ½ time for hours worked in excess of 40, and that the more hours worked by the individual, the lower the ½ time rate falls.

12.   Cerner purported to compensate Plaintiffs Speer and McGuirk as Salaried NonExempt Associates in compliance with the "fluctuating work week model" as described in 29 C.F.R. §778.114, but violated the same statute by failing to compensate Speer, McGuirk and other similarly situated employees with the required fixed salary.

13.   Namely, Salaried NonExempt Associates did not receive a fixed salary to cover all hours worked, rather that salary fluctuated with regard the number of hours worked, and thus there was no clear and mutual understanding that a fixed salary would cover all hours worked for Cerner.

14.   As "Salaried NonExempt Associates" Speer and McGuirk, and those similarly situated to them, worked hours in excess of forty per week, but because of the improper application of the Fluctuating Work Week method of pay, Defendant deprived Speer, McGuirk and all other similarly situated Salaried NonExempt Associates of full compensation required under the FLSA for overtime hours worked during the course of their employment.

## COUNT I
## § 216(b) COLLECTIVE ACTION CLAIM – FAIR LABOR STANDARDS ACT

15.   Plaintiffs incorporate by reference all the preceding paragraphs of this complaint as though fully set forth herein.

16.   Prior to, during, and after Plaintiffs Speer's and McGuirk's employment with Defendant, it employed numerous other individuals whom had the same compensation structure and also worked as Salaried NonExempt Associates throughout the state of Missouri and the

3

United States.

17.   Plaintiffs Speer and McGuirk bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendant as Salaried NonExempt Associates.

18.   This Complaint was brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the named Plaintiffs because the claims of Speer and McGuirk are similar to the claims of the putative plaintiffs of the representative action who have not been compensated at the rate required by the FLSA for hours worked in excess of forty per week.

19.   The FLSA class is to be defined as follows:

All persons employed by Defendant in the past three years who were purportedly compensated based on the fluctuating work-week method of pay and who received additional periodic compensation as part of his/her salary.

20.   Speer, McGuirk and the putative representative action plaintiffs are similarly situated, are subject to substantially similar pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay employees their statutorily required rate of pay for all hours worked in violation of the FLSA.

21.   The names and addresses of the putative members of the representative action are available from Defendant.

22.   At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

23.   At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

4

24.   At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

25.   The FLSA requires each covered employer, such as Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

26.   Defendant failed to compensate Speer and McGuirk and all other similarly situated Salaried NonExempt Associates at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

27.   Defendant failed to compensate Speer and McGuirk and all other similarly situated Salaried NonExempt Associates at the statutorily required rate for all hours worked.

28.   The FLSA exempts certain categories of employees from overtime pay obligations; however, none of the FLSA exemptions apply to Salaried NonExempt Associates.

29.   Speer and McGuirk and all similarly situated employees are victims of a uniform and company-wide compensation policy that violates the FLSA.

30.   Upon information and belief, Defendant is improperly applying a uniform policy of compensation that utilizes the fluctuating work week model of compensation when Defendant is not and has not otherwise complied with the requirements set out in the FLSA to utilize such a method of compensation.

31.   Speer and McGuirk and all other similarly situated Salaried NonExempt Associates are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted

willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

32.   Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and all other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b) (including, without limitation, all compensation for off-the-clock work). Alternatively, should the Court find Defendant did act with good faith and reasonable grounds in failing to pay overtime pay, Speer, McGuirk and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

33.   Speer and McGuirk and all other similarly situated Salaried NonExempt Associates of Defendant, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

34.   Speer and McGuirk, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and

permitting them to assert timely FLSA claims in this action by filing individual opt-in forms pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs Speer and McGuirk as the Representative Plaintiffs of the Putative Plaintiffs of the representative action;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid overtime wages due to Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendant;

e. An award of costs and expenses of this action incurred herein, in addition to reasonable attorney fees and expert fees.

f. An award of pre-judgment and post-judgment interest as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II - VIOLATION OF MISSOURI MINIMUM
## WAGE LAW RSMo. § 290.500 et seq. ("MMWL") AS A RULE 23 CLASS

35.    Paintiffs hereby incorporate by reference the above stated paragraphs as though fully set forth herein.

36.    Count II is brought as a class action against Defendant on behalf of Plaintiffs and other similarly situated workers employed by Defendant in Missouri

37.    Under Count II, Plaintiffs, individually and on behalf of others similarly situated, seek relief on a class basis challenging Defendant's practice of failing to fully and properly compensate Missouri employees.

38.    The Missouri class under Count II is defined as:

> All persons employed by Defendant in the past three years who were purportedly compensated based on the fluctuating work week method of pay and who

7

received additional periodic compensation as part of his/her salary.

39.     Plaintiffs' claim under Count II meets the commonality, typicality, adequacy, and superiority requirements of a class action.

40.     This Rule 23 Class is believed to exceed forty persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action.

41.     There are questions of fact and law common to the Rule 23 Class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

> Whether Defendant violated the Missouri Minimum Wage Law when it failed to pay salaried non-exempt employees the overtime pay owed to them.

42.     The question set forth above regarding the Rule 23 Class predominates over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

43.     Plaintiffs' claims under Count II are typical of those of the Rule 23 Class in that class members were subject to the same or similar unlawful practices.

44.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

45.     Plaintiffs are adequate representatives of the respective class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and undersigned counsel who has experience in employment and wage and hour litigation and in class and collective action litigation.

46.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

47.     Plaintiffs and the putative class members bring this claim against Defendant.

48.     At all times material herein, Plaintiffs and all other similarly situated individuals have been entitled to the rights, protections, and benefits provided under RSMo. § 290.500 et seq.

49.     Defendant violated the MMWL in relevant part, by failing to pay all wages due to Plaintiffs and the putative plaintiffs.

50.     Plaintiffs and the putative plaintiffs have thereby been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant on Count II of the Complaint, for an award of compensatory damages, pre-judgment and post-judgment interest as provided by law, and for such other orders and further relief, including an award of attorney fees.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial to be set in Kansas City, Missouri.

Respectfully Submitted,

REAVEY LAW LLC

By: __/s/ Kevin C. Koc_____
        Patrick Reavey MO# 47365
        Kevin C. Koc MO# 56955
        Livestock Exchange Building
        1600 Genessee, Suite 303
        Kansas City, MO 64102
        Ph: 816.474.6300
        Fax: 816.474.6302
        Email: patrick@reaveylaw.com
        Email: kkoc@reaveylaw.com
        Website: www.reaveylaw.com