IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FRED SPEER and MIKE McGUIRK**, Individually and on behalf of a class of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO: 4:14-cv-00204-HFS ) |
| **CERNER CORPORATION** | ) ) ) |
| Defendant. | ) ) |

## CERNER CORPORATION'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Cerner Corporation ("Cerner") provides the following response to Plaintiffs Fred Speer and Michael McGuirk's ("Plaintiffs") Amended Complaint:

### PRELIMINARY STATEMENT

1. Cerner admits its primary business is providing and supporting information technology solutions, products, and services to the health care industry. Cerner denies the remaining allegations in paragraph 1 of Plaintiffs' Amended Complaint.

2. Cerner denies the allegations in paragraph 2 of Plaintiffs' Amended Complaint.

### PARTIES

3. Cerner admits it employed Plaintiff Fred Speer as a Service Center Analyst in its ITWorks Technical Delivery Services-MU Group in Columbia, Missouri. Cerner is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

1

4. Cerner admits it employed Plaintiff Michael McGuirk as a Service Center Analyst in its ITWorks Technical Delivery Services-MU Group in Columbia, Missouri. Cerner is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiffs' Amended Complaint and, therefore, denies those allegations.

5. Cerner admits it is a Delaware corporation with its principal place of business at 2800 Rockcreek Parkway, North Kansas City, Missouri 64117. Cerner admits it maintains an active registration with the Missouri Secretary of State and is in good standing. Cerner denies the remaining allegations in paragraph 5 of Plaintiffs' Amended Complaint.

## ALLEGED JURISDICTION AND VENUE

6. The allegations in paragraph 6 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

7. The allegations in paragraph 7 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

8. The allegations in paragraph 8 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

9. The allegations in paragraph 9 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

## ALLEGED FACTUAL STATEMENT AS TO HOURLY PAID EMPLOYEES

10. Cerner admits that the Cerner Corporation World Headquarters is located at 2800 Rockcreek Parkway, North Kansas City, Missouri 64117. Cerner denies the remaining allegations in paragraph 10 of Plaintiffs' Amended Complaint.

11. Cerner admits its employees responsible for processing Plaintiffs' U.S. payroll worked out of Cerner's World Headquarters in North Kansas City. Cerner denies the remaining allegations in paragraph 11 of Plaintiffs' Amended Complaint.

12. Cerner denies the allegations in paragraph 12 of Plaintiffs' Amended Complaint.

13. Cerner denies the allegations in paragraph 13 of Plaintiffs' Amended Complaint.

14. Cerner admits it employed individuals that processed Cerner's payroll in compliance with the requirements of the FLSA. Cerner denies the remaining allegations in paragraph 14 of Plaintiffs' Amended Complaint.

15. Cerner admits it employed individuals that processed Cerner's payroll in compliance with the requirements of the FLSA. Cerner denies the remaining allegations in paragraph 15 of Plaintiffs' Amended Complaint.

16. Cerner admits that individuals it employed to process payroll were aware of the manner in which Plaintiffs were paid as salaried, nonexempt associates. Cerner denies the remaining allegations in paragraph 16 of Plaintiffs' Amended Complaint.

17. Cerner denies the allegations in paragraph 17 of Plaintiffs' Amended Complaint.

18. The allegations in paragraph 18 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

19. Cerner admits it employed individuals that processed Cerner's payroll in compliance with the requirements of the FLSA. Cerner denies the remaining allegations in paragraph 19 of Plaintiffs' Amended Complaint.

20. Cerner denies the allegations in paragraph 20 of Plaintiffs' Amended Complaint.

21. Cerner admits it classified Plaintiffs Speer and McGuirk as salaried non-exempt employees. Cerner denies the remaining allegations in paragraph 21 of Plaintiffs' Amended Complaint.

22. Cerner denies the allegations in paragraph 22 of Plaintiffs' Amended Complaint.

23. Cerner admits it communicated via its offer letters to Plaintiffs Speer and McGuirk that they would be paid their full salary for whatever number of hours they worked in a workweek, plus extra compensation for overtime hours at a rate of one-half their regular rate of hourly pay. Cerner denies the remaining allegations in paragraph 23 of Plaintiffs' Amended Complaint.

24. Cerner states that the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint are vague and ambiguous and appear to include preceding allegations, and, therefore, Cerner denies the allegations in paragraph 24 of Plaintiffs' Amended Complaint.

25. Cerner states that the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint are vague and ambiguous and appear to include preceding allegations, and, therefore, Cerner denies the allegations in paragraph 25 of Plaintiffs' Amended Complaint.

26. Cerner denies the allegations in paragraph 26 of Plaintiffs' Amended Complaint.

27. Cerner denies the allegations in paragraph 27 of Plaintiffs' Amended Complaint.

28. Cerner denies the allegations in paragraph 28 of Plaintiffs' Amended Complaint.

29. Cerner denies the allegations in paragraph 29 of Plaintiffs' Amended Complaint.

30. Cerner denies the allegations in paragraph 30 of Plaintiffs' Amended Complaint.

31. Cerner denies the allegations in paragraph 31 of Plaintiffs' Amended Complaint.

32. Cerner admits its payroll processes applicable to Plaintiffs were based on a bi-weekly pay period and denies the remaining allegations in paragraph 32 of Plaintiffs' Amended Complaint.

33. Cerner admits its payroll processes applicable to Plaintiffs were based on a bi-weekly pay period and denies the remaining allegations in paragraph 33 of Plaintiffs' Amended Complaint.

34. Cerner admits Plaintiffs were required to prepare and submit time sheets, logging both hours worked and not worked, on or before midnight each Saturday. Cerner denies the remaining allegations in paragraph 34 of Plaintiffs' Amended Complaint.

35. The allegations in paragraph 35 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, therefore, Cerner denies the same.

36. Cerner denies the allegations in paragraph 36 of Plaintiffs' Amended Complaint.

37. Cerner denies the allegations in paragraph 37 of Plaintiffs' Amended Complaint.

38. Cerner denies the allegations in paragraph 38 of Plaintiffs' Amended Complaint.

39. The allegations in paragraph 39 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same. The language of the regulation speaks for itself.

40. Cerner denies the allegations in paragraph 40 of Plaintiffs' Amended Complaint.

41. Cerner denies the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

42. Cerner denies the allegations in paragraph 42 of Plaintiffs' Amended Complaint.

43. Cerner denies the allegations in paragraph 43 of Plaintiffs' Amended Complaint.

44. Cerner denies the allegations in paragraph 44 of Plaintiffs' Amended Complaint.

45. Cerner denies the allegations in paragraph 45 of Plaintiffs' Amended Complaint.

46. Cerner denies the allegations in paragraph 46 of Plaintiffs' Amended Complaint.

47. Cerner denies the allegations in paragraph 47 of Plaintiffs' Amended Complaint.

## COUNT I – ALLEGED 216(b) COLLECTIVE ACTION CLAIM – FAIR LABOR STANDARDS ACT

48. Cerner incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1-47, above.

49. Cerner admits it employs in excess of forty employees within the State of Missouri and the United States. Cerner denies the remaining allegations in paragraph 49 of Plaintiffs' Amended Complaint.

50. Cerner denies the allegations in paragraph 50 of Plaintiffs' Amended Complaint.

51. Cerner admits its employees responsible for processing Plaintiffs' U.S. payroll worked out of Cerner's North Kansas City offices. Cerner denies the remaining allegations in paragraph 51 of Plaintiffs' Amended Complaint.

52. Cerner admits its employees responsible for processing Plaintiffs' payroll worked out of Cerner's North Kansas City offices. Cerner denies the remaining allegations in paragraph 52 of Plaintiffs' Amended Complaint.

53. Cerner denies the allegations in paragraph 53 of Plaintiffs' Amended Complaint.

54. Cerner denies the allegations in paragraph 54 of Plaintiffs' Amended Complaint.

55. Cerner denies the allegations in paragraph 55 of Plaintiffs' Amended Complaint.

56. Cerner denies the allegations in paragraph 56 of Plaintiffs' Amended Complaint.

57. Cerner admits Plaintiffs purport to bring this Complaint as a collective action but denies that any class or subclass exists, denies that Plaintiffs' claims are appropriate for class

action treatment, and denies the remaining allegations in paragraph 57 of Plaintiffs' Amended Complaint.

58. Cerner admits Plaintiffs purport to bring this Complaint as a collective action, but denies that any class or subclass exists, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under federal law, and denies the remaining allegations in paragraph 58 of Plaintiffs' Amended Complaint.

59. Cerner admits Plaintiffs purport to bring this Complaint on behalf of stated classes but denies that any class or subclass exists, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under federal law, and denies the remaining allegations in paragraph 59 of Plaintiffs' Amended Complaint.

60. Cerner denies the allegations in paragraph 60 of Plaintiffs' Amended Complaint.

61. Cerner admits it maintains the names and last known addresses of its employees. Cerner denies the remaining allegations in paragraph 61 of Plaintiffs' Amended Complaint.

62. The allegations in paragraph 62 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

63. Cerner admits it employs employees within the State of Missouri and the United States. Cerner denies the remaining allegations in paragraph 63 of Plaintiffs' Amended Complaint.

64. Cerner admits its gross operating revenues exceed $500,000.

65. Cerner admits the Fair Labor Standards Act contains wage and hour requirements and states that the statute speaks for itself. The remaining allegations in paragraph 65 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

66. Cerner denies the allegations in paragraph 66 of Plaintiffs' Amended Complaint.

67. Cerner denies the allegations in paragraph 67 of Plaintiffs' Amended Complaint.

68. The allegations in paragraph 68 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

69. Cerner denies the allegations in paragraph 69 of Plaintiffs' Amended Complaint.

70. Cerner denies the allegations in paragraph 70 of Plaintiffs' Amended Complaint.

71. Cerner denies the allegations in paragraph 71 of Plaintiffs' Amended Complaint.

72. Cerner denies the allegations in paragraph 72 of Plaintiffs' Amended Complaint.

73. Cerner denies the allegations in paragraph 73 of Plaintiffs' Amended Complaint.

74. Cerner denies the allegations in paragraph 74 of Plaintiffs' Amended Complaint.

75. Cerner admits Plaintiffs seek damages for themselves and on behalf of alleged classes of individuals but denies that any classes or subclasses exist, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under federal law, and denies that Plaintiffs or any purported class members are entitled to the damages or other relief sought. Cerner denies the remaining allegations in paragraph 75 of Plaintiffs' Amended Complaint.

76. Cerner admits Plaintiffs seek costs and attorneys' fees for themselves and on behalf of alleged classes of individuals but denies that any classes or subclasses exist, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under federal law, and denies that Plaintiffs or any purported class members are entitled to the damages or other relief sought. Cerner denies the remaining allegations in paragraph 76 of Plaintiffs' Amended Complaint.

Cerner denies Plaintiffs are entitled to a judgment or any other relief prayed for in the

"WHEREFORE" paragraph following paragraph 76 of Plaintiffs' Amended Complaint, including each sub paragraph.

## COUNT II – ALLEGED VIOLATION OF MISSOURI MINIMUM WAGE LAW RSMo. § 290.500 *et seq.* ("MMWL") AS A RULE 23 CLASS

77. Cerner incorporates by reference, as if fully set forth herein, its answers and responses to paragraphs 1-76, above.

78. Cerner admits Plaintiffs purport to bring Count II as a class action under Rule 23 but denies that any classes or subclasses exist, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under state or federal law, and denies the remaining allegations in paragraph 78 of Plaintiffs' Amended Complaint.

79. Cerner admits Plaintiffs purport to bring Count II as a class action under Rule 23 but denies that any classes or subclasses exist, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under state or federal law, and denies the remaining allegations in paragraph 79 of Plaintiffs' Amended Complaint.

80. Cerner admits Plaintiffs purport to bring this Complaint on behalf of stated classes but denies that any classes or subclasses exist, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under state or federal law, and denies the remaining allegations in paragraph 80 of Plaintiffs' Amended Complaint.

81. Cerner denies the allegations in paragraph 81 of Plaintiffs' Amended Complaint.

82. Cerner denies the allegations in paragraph 82 of Plaintiffs' Amended Complaint.

83. Cerner denies the allegations in paragraph 83 of Plaintiffs' Amended Complaint.

84. Cerner denies the allegations in paragraph 84 of Plaintiffs' Amended Complaint.

85. Cerner denies the allegations in paragraph 85 of Plaintiffs' Amended Complaint.

86. Cerner denies the allegations in paragraph 86 of Plaintiffs' Amended Complaint.

87. Cerner denies the allegations in paragraph 87 of Plaintiffs' Amended Complaint.

88. Cerner denies the allegations in paragraph 88 of Plaintiffs' Amended Complaint.

89. Cerner admits Plaintiffs purport to bring claims under the MMWL against Cerner but denies that any classes or subclasses exist, denies that Plaintiffs' claims are appropriate for class action treatment, denies that any purported class can be certified under state or federal law, and denies that Plaintiffs or any purported class members are entitled to the damages or other relief sought. Cerner denies the remaining allegations in paragraph 89 of Plaintiffs' Amended Complaint.

90. The allegations in paragraph 90 of Plaintiffs' Amended Complaint improperly seek to require Cerner to admit or deny a legal conclusion and, thus, Cerner denies the same.

91. Cerner denies the allegations in paragraph 91 of Plaintiffs' Amended Complaint.

92. Cerner denies the allegations in paragraph 92 of Plaintiffs' Amended Complaint.

Cerner denies Plaintiffs are entitled to a judgment or any other relief prayed for in the "WHEREFORE" paragraph following paragraph 91 of Plaintiffs' Amended Complaint, including each sub paragraph.

## GENERAL DENIAL

Cerner denies each and every allegation contained in Plaintiffs' Amended Complaint not specifically admitted herein.

## ADDITIONAL & AFFIRMATIVE DEFENSES

In further defense and response to the allegations in Plaintiffs' Amended Complaint, or as affirmative defenses to Plaintiffs' claims, Cerner states:

1. The Amended Complaint fails to state a claim against Cerner upon which relief may be granted.

2. Plaintiffs' and the putative class members' alleged claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

3. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrines of collateral estoppel, issue preclusion, and *res judicata*.

4. Plaintiffs' and the putative class members' alleged claims may be barred due to the exemptions for certain categories of employees.

5. Plaintiffs' and the putative class members' alleged claims are barred, in whole or in part, because Plaintiffs and the putative class members lack standing to pursue such claims against Cerner.

6. Plaintiffs and the putative class members may not recover punitive or liquidated damages under either state or federal law because any act or omission performed by Cerner was in good faith and Cerner had reasonable grounds for believing its acts or omissions were not in violation of state or federal law.

7. Cerner neither made any decision nor took any action that was motivated by reckless or conscious disregard of Plaintiffs' or any putative class members' rights or Cerner's duties.

8. Any violation of law by Cerner was not willful.

9. Plaintiffs' and the putative class members' alleged claims for overtime are barred, in whole or in part, by the doctrine of accord and satisfaction, to the extent any such individual received premium, overtime, penalty, or proper pay for hours that he or she worked.

10. Plaintiffs' and the putative class members' alleged claims are barred in whole or in part because they violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution, as well as provisions of the Missouri Constitution, to the extent

11

they deprive Cerner of procedural and substantive safeguards, including traditional defenses to liability.

11. Plaintiffs' and the putative class members' alleged claims under the FLSA are barred because the acts or omissions complained of were in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor or administrative practices or enforcement policies with respect to the class of employers to which Cerner belonged.

12. Plaintiffs' and the putative class members' alleged claims under the MMWL are barred because the acts or omissions complained of were in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, or interpretations of the Missouri Department of Labor or administrative practices or enforcement policies with respect to the class of employers to which Cerner belonged.

13. Any damages or losses alleged by Plaintiffs or the putative class members are subject to credit or set-off for any additional compensation paid.

14. Plaintiffs' and the putative class members' alleged claims are barred, in whole or in part, because the activities of Cerner as alleged in the Amended Complaint were expressly permitted by relevant statutes and regulations.

15. Plaintiffs' and the putative class members' alleged claims may not be properly maintained or certified as a collective action or a class action.

16. Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiffs are not similarly situated to any potential opt-

ins, Plaintiffs have not defined potential opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

17. Plaintiffs cannot bring their FLSA claims as a collective action because neither they nor any potential opt-ins were subject to a common policy, plan, or design of Cerner's that violated any state or federal law.

18. Plaintiffs' attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in and each of Cerner's defenses is required.

19. Plaintiffs may not pursue their claims on behalf of a class because the purported class(es) is not so numerous that joinder of all class members in a single action would be impracticable.

20. Plaintiffs may not pursue their claims on behalf of a class because there are not questions of law or fact common to the class(es).

21. Plaintiffs may not pursue their claims on behalf of a class because the claims or defenses of Plaintiffs are not typical of the claims or defenses of the purported class(es).

22. Plaintiffs may not pursue their claims on behalf of a class because Plaintiffs would not fairly and adequately protect the interests of the class(es).

23. Plaintiffs are not adequate class members because they have interests conflicting with those of the class(es) they purport to represent.

24. Plaintiffs are not adequate class members because they are not members of the class(es) they purport to represent.

25. Plaintiffs may not pursue their claims on behalf of a class because questions of fact and law common to the putative class(es), if any, do not predominate over individual issues.

26. Plaintiffs may not pursue their claims on behalf of a class because a class action is not the superior method to pursue Plaintiffs' and the putative class members' alleged claims.

27. Plaintiffs' and the putative class members' alleged claims are barred, in whole or in part, by reason of Plaintiffs' and the putative class members' failure to mitigate alleged damages and losses, if any.

28. Plaintiffs' and the putative class members' alleged state law claims are pre-empted by the Fair Labor Standards Act.

29. Plaintiffs' and the putative class members' alleged claims are barred, in whole or in part, by the equitable doctrine of laches, unclean hands, unjust enrichment, waiver, and/or estoppel.

30. Plaintiffs' and the putative class members' alleged claims are barred, in whole or in part, to the extent they have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

31. Plaintiffs' alleged classes pursuant to both 29 U.S.C. § 216(b) (opt-in class) and Rule 23 (opt-out class) are incompatible, may create conflicting obligations on class members, and are likely to create confusion among class members as to their rights and duties, particularly with respect to any eventual class notice.

32. All allegations not specifically admitted herein are denied.

33. Cerner hereby gives notice that it intends to rely upon any other defense that may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its answer or to amend any of its defenses. Cerner specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time in the course of this litigation, including, without limitation,

such as might apply to subsequently identified parties, if and when their actions have commenced.

WHEREFORE, Defendant Cerner Corporation respectfully requests that this Court: dismiss Plaintiffs' Amended Complaint with prejudice; enter judgment in Cerner's favor; award Cerner its costs incurred and expended, including reasonable attorneys' fees; and grant Cerner such other and further relief as the Court deems appropriate.

Dated: January 28, 2015

Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Lori R. Schultz
   Lori R. Schultz, #37218
   Amy Crouch, #48654
   Michael B. Barnett #62742
   2555 Grand Blvd.
   Kansas City, Missouri 64108-2613
   Ph. 816.474.6550
   Fax: 816.421.5547
   lschultz@shb.com
   acrouch@shb.com
   mbarnett@shb.com

*Attorneys for Defendant Cerner Corporation*

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of January, 2015, a true and correct copy of the foregoing was served via operation of the Court's ECF system upon the counsel below:

| | |
|---|---|
| REAVEY LAW LLC | DAVIS GEORGE MOOK LLC |
| Patrick Reavey<br>Kevin C. Koc<br>Livestock Exchange Building<br>1600 Genessee, Suite 303<br>Kansas City, MO 64102<br>Ph: 816.474.6300<br>Fax: 816.474.6302<br>Email: patrick@reaveylaw.com<br>Email: kkoc@reaveylaw.com<br><br>*Attorneys for Plaintiffs* | Brett A. Davis,<br>Tracey F. George<br>1600 Genessee, Ste. 328<br>Kansas City, MO 64102<br>Ph. (816) 569-2629<br>Fax (816) 447-3939<br>Email: brett@dgmlawyers.com<br>Email: tracey@dgmlawyers.com<br><br>*Attorneys for Plaintiffs* |

    /s/ Lori R. Schultz
*Attorney for Defendant*