IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FRED SPEER )
and MIKE MCGUIRK, individually )
and on behalf of a class of all others )
similarly situated, )
)
              Plaintiffs, )
)
v. )   Case No. 14-0204-CV-W-HFS
)
CERNER CORPORATION )
)
             Defendant. )

## MEMORANDUM AND ORDER

Defendant employer (Cerner) seeks an order partially dismissing two aspects of the employee plaintiffs' claims in this overtime pay case, asserting failure to state a claim on which relief can be granted. Doc. 45. The motion has been fully briefed and argued. I have reserved the right to rule the motion as one for partial summary judgment, as I supposed the claim might require factual development not articulated in the amended complaint.[1]

The principal legal issue in dispute is whether, in order to use a Fluctuating Work Week (FWW) method for calculating overtime pay of plaintiffs, Cerner must schedule them for work which sometimes <u>exceeds</u> 40 hours per week and sometimes is <u>below</u> that figure. Cerner does not schedule plaintiffs for occasionally working less than 40 hours, and allegedly has a policy that precludes such reduced hours of work per week. Neither the statute nor the pertinent interpretive bulletin expressly deals with the specific issue here.

---

[1] Having examined both the most pertinent exhibit, Doc. 62-5 ("Defendant's Pay Practices") and additional allegations in a procedurally disputed Second Amended Complaint (Doc. 52) I think the legal issues presented can be adequately ruled on defendant's initial two-pronged motion. Doc. 45.

1

In a Seventh Circuit case decided in 1993, the publisher's headnote recites the holding, favorably to Cerner here, stating, in part, that "regulation governing overtime pay for employees with 'fluctuating workweek' applied to employer, although employee never worked fewer than 40 hours per week ..." Condo v. Sysco Corp., 1 F.3d 599 (7th Cir. 1993). This conclusion, as appropriately drawn from the opinion, continues to be the applicable rule in the Seventh Circuit, according to a decision in 2010. Urnikis-Negro v. American Family Property Services, 616 F.3d 665 (7th Cir. 2010).

The panel in Urnikis-Negro used the FWW system in calculating damages when, unlike this case, an employee had been misclassified as exempt. The panel noted, however, as plaintiffs emphasize, that the FWW methodology has the seemingly undesirable effect of lowering an employee's overtime pay <u>rate</u> in weeks where <u>more</u> overtime work is scheduled.[2] This system may be considered contrary to the general purpose of the legislation, imposing a premium pay penalty on long hours of work, thus creating an incentive to hold hours of employment to a modest level allowing adequate leisure and family time. But Urnikis-Negro noted applicable law accepting FWW methodology when weekly service never dropped below 40 hours (that is, the Condo decision) and concluded that it "is not within our providence to pass on the merits" of the public policy underlying the employee argument. 616 F.3d at 684. If the system that appears to be lawful needed correction, Congress or the Labor Department would be the source of relief. Condo has survived for more than 20 years and has presumably been significantly relied on by counsel.

---

[2] The system divides the annual salary into 52 weeks, and then calculates the hourly rate of pay for each week by dividing weekly pay by the number of hours worked. See, Exh. E, Doc. 62-5. The overtime premium is half the pay rate times the hours exceeding forty. This system of payment of overtime was described in Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942).

Plaintiffs argue that a decision of Judge Easterbrook's reaches a contrary result. Heder v. City of Two Rivers, Wisconsin, 295 F.3d 777 (7th Cir. 2002). In rather cryptically affirming a portion of a ruling below favoring the city, he referred to fluctuations above and below 40 hours as the "paradigm" of the FWW system, and said the "possibility of a higher hourly rate in one week (where less than 40 hours were worked) justifies a reduction in overtime compensation" in other weeks. 295 F.3d at 779. But Judge Easterbrook was a panel member joining in Condo, which allowed use of the FWW method even when the work week never fell below 40 hours. He also cited Condo in Heder without criticism. The Heder panel doubtless could not depart from Condo absent an intervening change of law or an en banc Circuit opinion. That has not occurred.[3]

Urnikis-Negro also refers to fluctuations above and below 40 hours as the "paradigm" for FWW. 616 F.3d at 683. In that opinion and Heder, therefore, the panels did not use the term paradigm as a legal limitation, but simply a descriptive term or illustration of what was considered typical or desirable.

Apart from my absence of authority to qualify the statute or the interpretive rule of the Department of Labor, with a limitation that is not there, it seems the qualification sought by plaintiffs could be easily evaded by a manipulative employer. Scheduling one 35 hour week twice a year, for example, would literally satisfy what plaintiffs ask, without materially achieving the economic result sought by them.

I conclude that the Seventh Circuit, in considered opinions, has squarely ruled against plaintiffs' legal contention. There is no appellate law to the contrary, although a few district

---

[3] A district court ruling in Chicago picks up this Heder language as "Seventh Circuit authority" without dealing with the Condo holding or citing Urnikis-Negro. Caraballo v City of Chicago, 969 F.Supp.2d 1008, 1020 n.10 (E.D.Ill. 2013).

courts have reached different results.[4] There is no reasoned rejection of Condo except by assertions it represents undesirable public policy. The applicable law is established by Condo and Urnikis-Negro, and I believe our Circuit would follow the adequately reasoned rulings of a sister court, absent impressive legal analysis to the contrary. To create a conflict in the Circuits takes more than plaintiffs have offered.

I conclude that plaintiffs' contention that the Fluctuating Work Week method of calculating overtime obligations cannot be used when the work week is never less than 40 hours is legally unsound.[5]

\* \* \* \*

Cerner's second attack on plaintiffs' allegations focuses on the claim that a systematic delay in paying overtime for one week after the normal payday violates Missouri law and creates employee claims for compensation for delayed payment. The Missouri statute requiring payment of time and a half for overtime does not specify when such payment should be made. § 290.505, RSMo. A Federal interpretive ruling published in the Code of Federal Regulations does contain provisions governing the time to make overtime payments. 29 CFR § 778.106. I believe the ruling would be applied to the Missouri statute, insofar as it is consistent with the Missouri Minimum Wage Law. § 290.505.4. Because the statute does not deal with the _time_ of payment, Cerner contends the Federal timing rules do not apply.

In the absence of pertinent case-law I agree with plaintiffs as to the applicability of the Federal ruling. The MMWL is to be applied consistently with the FLSA. The statutory

---

[4] For instance, Hasan v. GPM Investments, LLC, 896 F.Supp.2d 145 (D.Conn, 2012) declined extension of Condo to use FWW to determine damages for misclassification where the employer established a 52 hour work week as a minimum – but Condo was not questioned, as plaintiffs necessarily must do here.

[5] In briefing plaintiffs argue there is an open question as to whether employees understood they were subject to the FWW method of determining overtime. I have not been asked by either party to deal with this issue. I do note, however, that lack of understanding as an issue would make commonality problematic and would thus endanger class action disposition. Gallardo v. Scott Byron & Co., 2014 WL 126085 (N.D.Ill.).

requirement of payment for overtime should not be read to authorize delay for a decade. A reasonable time would be implied, absent a regulation. Here the Missouri statute requiring overtime payment refers to the Federal regulations. The Fair Labor Standards Act itself does not specify time for payment of overtime, yet that does not invalidate the Labor Department rule as unauthorized.

Caution is to be exercised in eliminating issues by motion to dismiss. On further development of the facts a motion for summary judgment may determine if the timing requirements of Federal law have been complied with, and the effect of noncompliance. Applicability of the Federal timing rules to state law can be revisited if necessary as the case proceeds. But, in any event we would doubtless be left with a reasonable time issue to resolve, presumably not a dismissal of the delay claim.

For the foregoing reasons I DENY the motion to dismiss the claim of untimely payments under the Missouri statute and GRANT the motion to dismiss claims based on the alleged inapplicability of the Fluctuating Work Week method of calculating overtime obligations because Cerner did not allow work week fluctuations below a 40 hour week.

/s/Howard F. Sachs  _____
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 22, 2015

Kansas City, Missouri