IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FRED SPEER and MIKE McGUIRK** Individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **CERNER CORPORATION,** <br><br> Defendant. | CASE NO: 4:14-cv-00204-FJG |

### SUGGESTIONS IN SUPPORT OF CERNER CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM THE WELLNESS INCENTIVE WAS NOT EXEMPT FROM THE REGULAR RATE

Defendant Cerner Corporation ("Cerner") submits these Suggestions in Support of its "Motion for Summary Judgment on Plaintiffs' Claim the Wellness Incentive was Not Exempt from the Regular Rate." Plaintiffs claim that a wellness incentive provided by Cerner was improperly treated as statutorily exempt from inclusion in the regular rate of pay. Cerner is entitled to summary judgment because Plaintiffs' claim regarding the wellness incentive is time barred. Cerner is additionally entitled to summary judgment because the wellness incentive was not remuneration paid to Plaintiffs or is exempt from inclusion in the regular rate pursuant to 29 U.S.C. § 207(e)(2).

### INTRODUCTION

Plaintiffs allege that they occasionally received additional "remuneration" that was *not* "statutorily" exempt from inclusion in calculating their regular rate of pay for computing overtime pay. (Am. Compl. [Doc. # 39], ¶ 42-43). Plaintiffs seek to conditionally certify a class

1

7194319

Case 4:14-cv-00204-FJG   Document 106   Filed 10/07/15   Page 1 of 15

of "all persons whose overtime rate of pay did not include *all statutorily required* remuneration" in the regular rate of pay. (*Id.*, ¶ 59) (emphasis added). But whether a type of pay is either statutorily required or exempt from inclusion in the regular rate under the FLSA depends on the nature and purpose of the type of pay and the circumstances under which it was issued. Plaintiffs claim they received only two types of additional remuneration—"on-call" pay and a wellness incentive—and further claim that neither type of pay was exempt under one of the eight statutory exemptions set forth in the FLSA at 29 U.S.C. 207(e)(1-8). (Amended Motion for Conditional Certification [Doc. # 97], at p. 5, ¶¶ 10-11, pp. 12-13, Exs. 10-11). This Motion addresses Plaintiffs' claims that the wellness incentive was not statutorily exempt and Cerner allegedly violated the FLSA by not including the wellness incentive in Plaintiffs' regular rate of pay.

Cerner offers employer-sponsored health insurance to its employees and pays a portion of participating employees' covered medical expenses. Cerner's healthcare plan, like many other employers' programs, encourages employees to make health-conscious decisions by offering them reductions in their insurance premiums. The premium reduction occurs in the form of a rebate payment, which Cerner calls a "wellness incentive," to participating employees. This plan, called "Health*e* Living with Rewards," allows employees to accumulate points for activities such as getting a flu vaccine or completing an annual vision exam. Points earned in one year are converted into a rebate of premiums *already paid* and are returned to the employee in a subsequent year. The rebate payments are identified on participating employees' paychecks as a "wellness incentive."

Plaintiff Frederic Speer has not received a wellness incentive payment since his paycheck dated May 25, 2012. Plaintiff Mike McGuirk has not received a wellness incentive payment based on his participation in the Rewards Program, if at all, since prior to January 7, 2011. Both

Plaintiffs' claims based on the wellness incentive are accordingly time barred. Regardless, wellness incentive payments are not additional compensation to participating employees. They are a rebate of money paid by the employee for health insurance. Moreover, the wellness incentive *is statutorily exempt* from inclusion in the regular rate of pay for purposes of computing overtime compensation pursuant to the exemptions enacted by Congress in the FLSA. Plaintiffs' allegation that they were paid a wellness incentive in violation of the FLSA must be denied as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiffs allege they received "remuneration" in addition to their salaries and that such remuneration was not exempt from inclusion in the regular rate of pay "under any applicable FLSA statutory exception." (Am. Compl. [Doc. # 39], ¶¶ 41-42, 47).

2. Plaintiffs seek to conditionally certify a class of all nonexempt employees between March 5, 2011, and the present "whose overtime rate of pay did not include *all statutorily required* remuneration within Defendant's calculation of his/her 'regular rate' of pay." (*Id.*, ¶ 59).

3. Plaintiffs claim that "their own overtime excluded their on-call pay and wellness bonuses," and that the "supporting declaration testimony" of opt-in Scott Sexton provides that he received "additional remuneration for on-call work." (Am. Motion for Conditional Certification [Doc. # 97], p. 13, citing "SOF at ¶¶ B. 10-12"). The Declaration of Opt-in plaintiff Wyatt Thorpe does not contend that he received any form of additional remuneration. (*Id.*, Ex. 7).

4. Cerner offers its employees a health-benefits plan called the Health*e* Options Component Plan (the "Health Insurance Plan"). (Declaration of Arielle Bogorad, at ¶¶ 2-3 (dated October 6, 2015) (attached as Exhibit A) ("Bogorad Dec.").

3

5. Cerner offers the Heath*e* Living with Rewards Program (the "Rewards Program") to employees who participate in Cerner's Health Insurance Plan. (*Id.*, at ¶¶ 4, 7-9).

6. The Rewards Program is voluntary. (*Id.*, at ¶ 5).

7. The Rewards Program is intended to encourage employees to make health-conscious decisions by offering a reduction of premiums paid in the form of a rebate applied to the following year's premiums. (*Id.*, at ¶ 6).

8. The Plan Documents include an Appendix describing the Rewards Program, which offers eligible participants reduced health-benefit premiums for the subsequent year. (*Id.*, at ¶ 7).

9. The only requirement for an employee to be eligible to participate in the Rewards Program and potentially earn the wellness incentive is to participate in Cerner's Health Insurance Plan. (*Id.*, at ¶ 10).

10. Cerner distributes a yearly Points Guide describing how employees earn rewards through the Rewards Program. (*Id.*, at ¶¶ 8-9).

11. An employee can earn rewards under the Rewards Program by meeting certain wellness goals and participating in specified activities.[1] A Rewards Program participant during 2012 could earn rewards, including payment of the wellness incentive during 2013, by completing, for example, any of the following activities: an online personal health assessment, annual flu shot, annual vision exam, strength and flexibility evaluation at the HealtheFitness Centers, cardiovascular activity, and losing weight. (*Id.*, at ¶ 11).

---

[1] The Health Insurance Plan also permits the points earned in one year to be converted into a contribution to a health reimbursement account. That portion of the plan is not at issue in this suit.

12. A spouse or partner participating in the Rewards Program can also earn rewards by participating in similar activities. (*Id.*, at ¶ 12).

13. A "reward" under the Rewards Program is the earning of rebates for premiums paid to the employee's health insurance in the next plan year. (*Id.*, at ¶ 13).

14. The rebates to participating employees are documented on an employee's paycheck in the subsequent plan year as wellness incentives. (*Id.*, at ¶ 14).

15. The wellness incentive payments are a return to the employee of money the employee paid toward Health Insurance Plan premiums. (*Id.*, at ¶ 16).

16. An employee's contribution to the cost of his or her health insurance is taken as a pre-tax deduction from the employee's gross pay earned—which already includes all remuneration for employment. (*Id.*, at ¶ 17).

17. The return of some portion of the employee's contribution must be taxed upon its return because it was taken from the employee as a pre-tax deduction contribution. (*Id.*, at ¶ 18).

18. As a result of receiving the wellness incentive, the employee's taxable earnings change; his or her total pay from Cerner does not. (*Id.*, at ¶ 19).

19. A Rewards Program participant's wellness incentive rebate has no relation to hours worked or the quality of an employees' work, performance ratings, attendance, or any other factors related to the individual's job with Cerner. (*Id.*, at ¶ 20).

20. Plaintiff Frederic Speer has not received a wellness incentive payment since his paycheck dated May 25, 2012. (*Id.*, at ¶ 22).

21. Plaintiff Mike McGuirk has not received a wellness incentive payment based on his participation in the Rewards Program, if at all, since prior to January 7, 2011. (*Id.*, at ¶ 23).

## ARGUMENT

Cerner is entitled to summary judgment on three independent legal bases. Plaintiffs Frederic Speer and Mike McGuirk cannot show that they received the wellness incentive from Cerner during the two-year statute of limitations applicable to their claims under the FLSA. Plaintiffs' failure to opt in to this purported collective action requires a finding that their suit has not yet been commenced for limitations purposes pursuant to 29 U.S.C. §§ 216 and 256. Cerner did not issue a wellness incentive payment to either Plaintiff in any paycheck dated May 2012 or later. Accordingly, Plaintiffs' wellness incentive claims are time-barred.

Regardless, the wellness incentive rebates were properly excluded from the regular rate calculation done by Cerner pursuant to the FLSA. The wellness incentive rebates are not remuneration for employment. Alternatively, the wellness incentive rebates were exempt from inclusion in Plaintiffs' regular rate of pay under 29 U.S.C. § 207(e)(2) because they are not "compensation" for "hours of employment."

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if, viewing the evidence most favorably to the plaintiff, there is no genuine issue of material fact. FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (*en banc*). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). "The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson*, 643 F.3d at 1043.

**I.      The Statute of Limitations Has Run for any Claims Based on Plaintiffs' Receipt of the Wellness Incentive**

Plaintiffs have not filed the written consent required under Section 216(b) of the FLSA. They, as a result, have not yet commenced an action for statute-of-limitations purposes under Section 256. Plaintiffs' "look back" period for limitations purposes will be, at the earliest, October 7, 2015 (the date this motion is filed, assuming Plaintiffs file written consents the same day). But Cerner has not issued a wellness incentive rebate to Plaintiff Speer since May 2012 and to Plaintiff McGuirk since at least January 2011. (Statement of Undisputed Fact, ¶¶ 21-22) ("SOF"). The statute of limitations has run on both Plaintiffs' claims.

**A.      An FLSA Collective Action Does Not Commence Until a Named Party Files a Written Consent**

No individual can pursue a collective action under the FLSA without having filed a written consent to join the litigation. 29 U.S.C. §§ 216(b), 256; *Acosta v. Tyson Foods, Inc.*, No. 14-1582, 2015 WL 5023643, at *2-3 (8th Cir. Aug. 26, 2015) (holding named plaintiff's failure to file a consent bars his collective action claims and district court erred in not dismissing named plaintiff's claim); *Gomez v. Tyson Foods, Inc.*, No. 13-3500, 2015 WL 5023630, at *2 (8th Cir. Aug. 26, 2015) (same); *Frye Baptist Mem'l Hosp., Inc.*, 495 Fed. App'x 669 (6th Cir. 2012) (affirming summary judgment for employer when named plaintiff failed to file a consent); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (affirming dismissal of eighteen named plaintiffs who failed to file written consents).

Section 216(b) requires that all individuals file a written consent to join as a party plaintiff any action seeking collective treatment:

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). There is no exception to the written-consent requirement for plaintiffs named in a Complaint:

> The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent. The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case, and if he is distrustful of the capacity of the "class" counsel to win a judgment he won't consent to join the suit. We are inclined to interpret the statute literally. No appellate decision does otherwise.

*Harkins*, 385 F.3d at 1101; *see also Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129 (D. Nev. 1999).

The filing of the consent, whether with the Complaint or thereafter, commences the collective action for limitation purposes. 29 U.S.C. § 256; *In re RBC Dain Rauscher Overtime Litigation*, 703 F. Supp. 2d 910 (D. Minn. 2010). Section 256 unambiguously states:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.] . . ., shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant—
>
>> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

8

The statute is clear. An action under the FLSA is not commenced until a plaintiff—whether named or otherwise—files a consent to join the litigation.

### B. Plaintiff Speer's and Plaintiff McGuirk's Wellness Incentive Claims Are Time Barred

Plaintiffs Speer and McGuirk have not filed written consents and are accordingly not yet parties plaintiff to any FLSA collective action claim in this suit. As a result, the Court must grant summary judgment on any claim by Plaintiffs arising on or before two years prior to Plaintiffs' filing of written consents. *See* 29 U.S.C. § 256 (claim commences for limitation purposes with the filing of a written consent); *see also* 29 U.S.C. § 255 (two year statute of limitations). Neither Plaintiff has received the wellness incentive since, at latest, May 2012. (SOF ¶¶ 21-22). The date on which they ultimately file written consents is inconsequential because no wellness incentive payments have been made for more than three-and-one-half years, well beyond the two-year look back period.

The District of Minnesota, *in re RBC Dain Rauscher Overtime Litigation*, granted in part summary judgment for the employer based on the requirements of Section 256 and the failure of the parties to that action to file their written consents before the statute of limitations ran. 703 F. Supp. 2d at 922. Cerner is entitled to summary judgment on Plaintiffs' wellness incentive claims because they are time-barred.

## II. The Wellness Incentive Rebates Plaintiffs Received are not Remuneration Paid to Plaintiffs and are Exempt from the Regular Rate Calculation

The FLSA mandates that all employees working greater than forty hours in a workweek must be compensated "at a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(2). The FLSA defines the "regular rate" as follows:

**(e) "Regular rate" defined**

9

> As used in this section the "regular rate" at which an employee is employed shall be deemed to include ***all remuneration for employment paid to***, or on behalf of, the employee, ***but shall not be deemed to include—***

> \* \* \*

29 U.S.C. § 207(e) (emphasis added). Accordingly, if pay is designated "remuneration for employment paid to" an employee, the FLSA mandates the pay be included within the regular rate, unless the nature and purpose of the pay falls within one of eight statutory exemptions set forth in 29 U.S.C. § 207(e)(1)-(8).[2]

### A. Cerner's Wellness Incentive Rebate is not Remuneration for Employment Paid to Plaintiffs

Cerner offers a typical employer-sponsored health insurance plan that subsidizes the cost of employees' insurance premium payments. (SOF ¶ 4). Cerner also offers an opportunity for participating Cerner employees and their families to earn points based on completing (or having their spouse or partner complete) certain wellness-related activities unrelated to their work with Cerner. (SOF ¶¶ 5-11). When an employee earns points through the Rewards Program, Cerner returns to the participating employee money the employee contributed to his or her insurance premiums through a rebate. (SOF ¶¶ 13-15). When an employee receives this rebate of premiums based on completing wellness-related activities, the employee has not, in fact, earned any more money from Cerner as a result of the wellness incentive rebate. (SOF ¶¶ 16-18).[3]

---

[2] The statutory construction of the regular rate exemptions is similar to that of the FLSA's requirement that all employees are considered not exempt from the overtime compensation requirements unless their job duties and responsibilities fit within one of the statutory exemptions set forth in 29 U.S.C. § 213.

[3] The wellness incentive returns money paid to an employee that the employee contributed to his or her healthcare costs in one year, as a payment in a subsequent year. Although the wellness incentive must be taxed because the contribution to healthcare plans are made on a pre-tax basis, the employee has not actually earned more money.

10

7194319

Case 4:14-cv-00204-FJG   Document 106   Filed 10/07/15   Page 10 of 15

The only requirement for an employee to be eligible to participate in the Rewards Program and earn the wellness incentive is to participate in Cerner's Health Insurance Plan. (SOF ¶ 9). The employee chooses whether to participate in the Rewards Program. (SOF ¶ 6). The amount of rewards earned by a participating employee does not vary based on the quantity or quality of the employee's work and does not vary based on the employee's performance. (SOF ¶¶ 11, 12, 19). Indeed, a spouse or partner participating in the Rewards Program can earn rewards for the participating employee by completing similar activities. (SOF ¶¶ 12). Cerner's wellness incentive is not "remuneration" paid to Plaintiffs in addition to their salaries—it is a program that assists an employee in reducing his or her own health insurance premium costs. (SOF ¶¶ 7, 11, 14-18).

Further, an employee's contribution to the cost of his or her health insurance is taken as a pre-tax deduction from the employee's gross pay earned—which already includes all remuneration for employment. (SOF ¶ 16). The return of some portion of the employee's contribution must be taxed upon its return because it was taken from the employee as a pre-tax deduction contribution. (SOF ¶ 17). As a result, the employee's taxable earnings change—his or her total pay from Cerner does not. (SOF ¶ 18). Neither Plaintiff Speer nor any other participant's gross pay was affected by participation in the Rewards Program or by receipt of any wellness incentive rebates. If the Court adopted Plaintiffs' theory, and considered these rebates "remuneration," employers would be required to double count such "pay" in the regular rate calculation, overcompensating employees who participate in such a program. Put simply, Cerner's wellness incentive, which is unrelated to work and does not increase an employee's gross pay, does not implicate the FLSA's regular rate requirements.

11

### B. Wellness Incentive Rebates are Excluded from the Regular Rate under the FLSA Exemptions

If the Court disagrees and construes Cerner's wellness incentive as remuneration paid to Plaintiffs, any such rebates were nonetheless exempt from inclusion in the regular rate of pay and overtime compensation computation. Cerner may properly exclude any wellness incentive rebates from the overtime calculation of Plaintiffs'—or any other employees'—pay because the wellness incentive is exempt from inclusion in the regular rate calculation under exemption (2) of Section 207(e):

> (2) payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar *payments to an employee which are not made as compensation for his hours of employment*.

29 U.S.C. § 207(e)(2) (emphasis added); 29 C.F.R. 778.224.

Certainly, any wellness incentive rebates Plaintiffs may have received, if deemed to be "payments," are "payments made to an employee which are not made as compensation for his hours of employment." *See Theisen v. City of Maple Grove*. 41 F. Supp.2d 932, 937 (D. Minn. 1999) (finding that a consistent "monthly payment to plaintiffs made in lieu of increased employer contributions to insurance" was properly excluded from the regular rate); *Herman v. Anderson Floor Co., Inc.,* 11 F. Supp. 2d 1038, 1042 (E.D.Wis.1998) (holding that the key point "is whether it is compensation for work performed during that work week," and where the "payment is a sum certain paid each month that does not vary if plaintiffs work more or less than 40 hours per week," such sum should not be included in the calculation of the regular rate).

Plaintiffs' alleged wellness incentive rebates (or reduction in health insurance premiums) (1) do not relate to the quality, quantity, or timing of work (SOF ¶ 19); (2) do not vary by hours

12

worked (SOF ¶ 19); and (3) are unrelated to even a general duty of employment—indeed, spouse and partner participants need not even be employed by Cerner but can still earn rewards. (SOF ¶ 12). Accordingly, the FLSA exempts the wellness incentive from the regular rate of pay for the purpose of calculating overtime compensation to Plaintiffs. 29 U.S.C. § 207(e)(2).

## CONCLUSION

Plaintiffs' claims that Cerner improperly excluded any wellness incentive rebates from the regular rate calculation for any workweeks in which they allegedly received the wellness incentive and overtime are time barred. Neither Plaintiff has received a wellness incentive payment since at least May 2012. Beyond this dispositive limitations issue, Plaintiffs' claims fail on the undisputed facts because the wellness incentive rebates are not remuneration and are exempt from inclusion in the regular rate of pay under the FLSA. Cerner respectfully requests the Court enter judgment in favor of Cerner and against Plaintiffs on Plaintiffs' miscalculation of overtime claim based on the wellness incentive and for any other relief the Court may deem just and equitable.

Dated: October 7, 2015

Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Lori R. Schultz
   Lori R. Schultz, #37218
   Amy M. Crouch, #48654
   Michael B. Barnett #62742
   Brent Dwerlkotte #62864
   2555 Grand Blvd.
   Kansas City, Missouri 64108-2613
   Ph. 816.474.6550
   Fax: 816.421.5547
   lschultz@shb.com
   amcrouch@shb.com
   mbarnett@shb.com
   dbdwerlkotte@shb.com

*Attorneys for Defendant Cerner Corporation*

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of October, 2015, a true and correct copy of the foregoing was served via operation of the Court's ECF system upon the counsel below:

| | |
|---|---|
| REAVEY LAW L.L.C. | DAVIS GEORGE MOOK L.L.C. |
| Patrick Reavey<br>Kevin C. Koc<br>Livestock Exchange Building<br>1600 Genessee, Suite 303<br>Kansas City, MO 64102<br>Ph: 816.474.6300<br>Fax: 816.474.6302<br>Email: patrick@reaveylaw.com<br>Email: kkoc@reaveylaw.com<br><br>*Attorneys for Plaintiffs* | Brett A. Davis,<br>Tracey F. George<br>1600 Genessee, Ste. 328<br>Kansas City, MO 64102<br>Ph. (816) 569-2629<br>Fax (816) 447-3939<br>Email: brett@dgmlawyers.com<br>Email: tracey@dgmlawyers.com<br><br>*Attorneys for Plaintiffs* |

      /s/ Lori R. Schultz
   *Attorney for Defendant*