**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **FRED SPEER and MIKE McGUIRK** | ) |
| **Individually and on behalf of a class of all** | ) |
| **others similarly situated,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CASE NO: 4:14-cv-00204-FJG** |
| | ) |
| **CERNER CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## PLAINTIFFS' REPLY IN SUPPORT OF AMENDED MOTION FOR FLSA CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND NOTICE

Cerner's opposition brief includes nearly 25 pages of wholly irrelevant, merits-based arguments in a last-ditch effort to avoid conditional certification. Contrary to Cerner's representations, Plaintiffs are not required to "prove" their claims at this stage. What Cerner demands is an invitation to legal error, and this Court should refuse to rule on Cerner's legal defenses or to conduct a virtual trial of this case all before the parties have even conducted merits discovery. Cerner disregards—and asks this Court to ignore—the well-settled FLSA conditional certification standard because Cerner cannot prevail applying that standard. Plaintiffs easily offer "substantial allegations" they and the putative class members were similarly injured by Cerner's centralized payroll practices. And, this is all that is required at this stage.

Notably, Cerner does not and cannot deny that its pay policies include (1) paying overtime a full pay period behind (e.g., 3-4 full weeks after it is earned), (2) omitting on-call pay and other remuneration from overtime calculations, and (3) invoking the Fluctuating Work Week

("FWW") method of paying overtime despite failing to pay a fixed salary and failing to pay at least ½ the regular rate of pay for overtime hours.  Cerner denies none of these pay practices.

Nor does Cerner deny that these pay practices are centralized and systemic:  each pay practice is carried out in *one* location (Cerner's Corporate Headquarters), by *one* department (the U.S. Payroll Group), using *one* common payroll system (PeopleSoft), with *one* flawed process for calculating and paying overtime.  Cerner does not deny this.  Moreover, Plaintiffs' pay records confirm these pay practices injured them.  And, Cerner's own U.S. Payroll Group's documents confirm it knowingly and willfully subjected employees throughout the United States to these same pay practices.  This is all that is necessary for conditional certification.

Cerner grasps at straws, arguing that Plaintiffs lack standing to file their motion until their consents to join are filed.  This is a moot point because Plaintiffs' consents to sue are on file (Doc. 108) and within the applicable statute of limitations period.  Specifically, Plaintiffs have alleged and offered evidence that Cerner willfully executed its pay practices, even announcing them in advance to United States associates on the company's intranet and directing its payroll group to pay overtime a pay period behind and to use calculations which exclude additional compensation.  Accordingly, a three-year statute of limitations and conditional certification period apply, and Plaintiffs' claims are timely.

Cerner also fallaciously argues that Plaintiffs are required to have "personal knowledge" of the overtime wages Cerner paid to every non-exempt employee in the United States.  Obviously, Plaintiffs are not required to have personally reviewed the pay records of thousands of employees across the United States to achieve conditional certification.  This is especially unnecessary where Cerner's own documents reveal the systemic nature of its pay practices.

Equally flawed is Cerner's argument that the FLSA claims of its thousands of employees are too individualized for collective action treatment. That could not be farther from the truth. In fact, it is difficult to imagine a more appropriate case for collective action treatment than one where, as here, thousands of employees' overtime pay was miscalculated and paid late due to the same flawed, systemic calculations and payroll process carried out by five people in one payroll department. Even the damages are readily identifiable in Cerner's pay records, easy to calculate, and require no individualized inquiry of class members. To be clear, *the parties will not require discovery from a single opt-in plaintiff to determine when they were paid overtime, how much overtime they were paid, how it was calculated, and what damages they are owed*.

Left with nothing to defeat conditional certification, Cerner hopes to hoodwink the Court into deciding merits-based issues, claiming Plaintiffs have failed to "prove" their case. Of course, proof is not required for conditional certification, and evidence is not weighed at this stage. This Court has held time and again that it is inappropriate to rule on an employer's defenses or the legality of a pay policy when deciding conditional certification. What Cerner demands is not even appropriate in the second stage in deciding a decertification motion.

Accordingly, in this Reply, Plaintiffs will not—nor should this Court—follow Cerner down the garden path of analyzing evidence and arguing the merits of this case. While Plaintiffs look forward to the opportunity to conduct merits discovery and gather their own evidence necessary to refute each of Cerner's arguments in a trial by jury, now is not that time. Plaintiffs request this Court reject Cerner's unilateral attempt for a pre-discovery trial and, instead, apply the law in this District and grant Plaintiffs' Amended Motion for FLSA Conditional Collective Action Certification and Notice.

# TABLE OF CONTENTS

PAGE

*Introduction* .......... i

*Legal Argument* .......... 1

I.  CERNER CANNOT BYPASS THE LENIENT, THRESHOLD FLSA CONDITIONAL CERTIFICATION STANDARD WHEN IT REFUSED TO EVEN RESPOND TO CONDITIONAL CERTIFICATION DISCOVERY. .......... 1

II.  PLAINTIFFS FRED SPEER AND MIKE MCGUIRK HAVE TIMELY FILED CONSENTS TO PURSUE THEIR FLSA CLAIMS FOR CERNER'S WILLFUL OVERTIME VIOLATIONS. .......... 4

    A.  Plaintiffs Timely Filed Consents And Have Standing To Pursue Conditional Certification. .......... 4

    B.  Plaintiffs Alleged Willful Violations And Argued That Cerner Knew Of Or Showed Reckless Disregard For Its Violations—This Is Sufficient To Notify A Three-Year Class. .......... 5

III.  PLAINTIFFS OFFER SUBSTANTIAL ALLEGATIONS WARRANTING CONDITIONAL CERTIFICATION OF THREE CLASSES. .......... 8

    A.  Plaintiffs' Own Pay Records and Cerner's Own Documents Equal Substantial Allegations That Plaintiffs Are Similarly Situated To The Putative Classes. .......... 8

        1.  Plaintiffs Offer Substantial Allegations To Conditionally Certify The Late Overtime Class. .......... 8

        2.  Plaintiffs Offer Substantial Allegations To Conditionally Certify The Miscalculated Overtime Class. .......... 10

        3.  Plaintiffs Offer Substantial Allegations To Conditionally Certify The Fluctuating Work Week Class. .......... 12

    B.  Cerner's Attempts To Deny The Plain Meaning Of Its Payroll Process Documents—Which Cerner Itself Produced As Answers To Discovery—Are  Both Disingenuous And Improper. .......... 13

    C.  Plaintiffs Need Not Prove Cerner Violated The Law, Or Even Prove They Are Actually Similarly Situated, To Achieve Conditional Certification. .......... 14

IV.  CERNER'S "LACK OF INTEREST" ARGUMENT IS MERITLESS. .......... 16

**V. CERNER OFFERS NO LEGAL BASIS FOR ANY OBJECTION TO PLAINTIFFS' PROPOSED NOTICE FORM.**     16

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*Acosta v. Tyson Foods, Inc.*, No. 14-1582, 2015 WL 5023643 (8th Cir. Aug. 26, 2015).                                                                          4-5

*Busler v. Enersys Energy Products, Inc.*, No. 09-CV-00159-W-FJG, 2009 WL 2998970 (W.D. Mo. Sept. 16, 2009).                                                    14

*Carden v. Scholastic Book Clubs, Inc.,* 2011 WL 2680769  (W.D. Mo.).                         2, 6, 15

*Chapman v. Hy-Vee, Inc*., 10-CV-6128-W-HFS, 2012 WL 1067736 (W.D. Mo. Mar. 29, 2012).                                                                         2, 6, 12, 15

*Dernovish v. AT&T Operations, Inc*., 2010 WL 143692 (W.D. Mo. Jan. 12, 2010).                                                                                 3

*Gomez v. Tyson Foods, Inc.*, No. 13-3500, 2015 WL 5023630 (8th Cir. Aug. 26, 2015).                                                                            n. 5

*Harris v. Pathways Cmty. Behavioral Healthcare, Inc*., No. 10-0789-CV-W-SOW, 2012 WL 1906444 (W.D. Mo. May 25, 2012).                                          16

*Jarrett v. GGNSC Holdings, LLC, et al*., No. 2:12-CV-4105-BP, Doc. 72, slip op. (W.D. Mo. May 14, 2013).                                                       16-17

*Kautsch v. Premier Communications*, 504 F.Supp.2d 685 (W.D. Mo. 2007).                       3, 15

*Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014 (E.D. Mo. 2010).                                                                            6, 17

*Mahmood v. Grantham Univ. Inc.*, 2011 WL 1899783 (W.D. Mo. May 19, 2011)                                                                                      3, 11, 12

*Marshall v. R.J. Reynolds Tobacco Co.*, No. 07-CV-0227-W-RED, 2007 WL 7209940 (W.D. Mo. Dec. 7, 2007).                                                         14

*McClean v. Health Systems, Inc*., 11-03037-CV-S-DGK, 2011 WL 2650272 (W.D. Mo. July 6, 2011).                                                                 2-3, 16

*McKinzie v. Westlake Hardware, Inc.*, No. 09-CV-0796-W-FJG, 2010 WL 2426310 (W.D. Mo. June 11, 2010).                                                          16

*Ott v Publix Super Markets, Inc.*, 3:12-0486, 2013 WL 1874258 (M.D. Tenn. May 3, 2013).                                                                       7

*Polzin v. Schreiber Foods, Inc.*, No. 3:10-cv-01117-GAF, slip op. (Doc. 92) (W.D. Mo. 2011).                                                                   2

*Rhodes v. Truman Medical Center, Inc.*, No. 4:13-CV-00990-NKL, 2014 WL 4722285 (W.D. Mo. Sept. 23, 2014).                                                      5-6, 12

*Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922 (W.D. Mo. 2008).                     6, 14

*Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234 (N.D.N.Y. 2002).                  5

**STATUTES**

29 U.S.C. § 255(a)                                                        n. 4

Fed. R. Civ. P. 33(d)                                                        14

Case 4:14-cv-00204-FJG   Document 113   Filed 10/13/15   Page 7 of 25

*Legal Argument*

**I.     CERNER CANNOT BYPASS THE LENIENT, THRESHOLD FLSA CONDITIONAL CERTIFICATION STANDARD WHEN IT REFUSED TO EVEN RESPOND TO CONDITIONAL CERTIFICATION DISCOVERY.**

Applying virtually any legal standard, Plaintiffs clear the threshold for conditional certification in this case with irrefutable evidence of Cerner's systemic payroll violations. Nonetheless, this Court should reject Cerner's attempt to hold Plaintiffs to a heightened conditional certification standard because Cerner refused Plaintiffs' discovery efforts at every turn and provided only limited responses.

The parties have conducted minimal discovery in this case (two depositions of Plaintiffs and written discovery that Cerner largely refused to answer). Indeed, while Plaintiffs produced Plaintiffs Fred Speer and Mike McGuirk for depositions and produced all responsive documents available to them, Cerner has flatly refused to provide conditional certification discovery. Instead, Cerner limited each of its responses to Plaintiffs Fred Speer and Mike McGuirk and Salaried Non-Exempt employees in their work group, refusing to answer any questions relating to the rest of the putative class members even though they were subject to the same overtime pay practices. (Doc. 97, Exh 5). Instead, Cerner served over 30 pages of virtually identical objections, refusing to provide complete responses to Plaintiffs' interrogatories. (Doc. 97, Exh. 5). Lacking meaningful written discovery responses and armed with only limited responsive documents, Plaintiffs could not adequately prepare for and conduct a meaningful Rule 30(b)(6) deposition. So, only minimal discovery regarding putative class members was produced.[1]

Instead, Cerner's litigation strategy is to refuse to provide discovery and then accuse Plaintiffs of lacking sufficient evidence or proof to achieve conditional certification. For

---

[1] While Cerner limited its written discovery responses to Plaintiffs Fred Speer and Mike McGuirk, and refused to concede the scope of its pay violations, Cerner's payroll and HR documents reveal on their face that these overtime formulas and payroll processes are systemic and applied to thousands of other employees—not just Fred Speer and Mike McGuirk, and not just to the Tiger Institute in Columbia, MO.

1

example, Cerner argues in its opposition brief that Plaintiffs cannot prove "(1) what types of other remuneration Plaintiffs contend existed, (2) who received it, (3) whether it was included when determining the regular rate or not, (4) if excluded, whether it was of the type and purpose and paid under the circumstances that fell within one of eight FLSA statutory exemptions, or (5) whether all nonexempt employees were treated the same with respect to the particular type of remuneration." (Doc. 107, at 20). Cerner insists that Plaintiffs must have this "proof" to achieve conditional certification. But, when Plaintiffs sought to discover this exact information, Cerner refused to answer for anyone other than Plaintiffs Speer and McGuirk and claimed it was "wholly unrelated" to conditional certification. (Doc. 97, Exh. 5, at Cerner's Responses to Interrogatory Nos. 11-13). It is entirely absurd to withhold conditional certification discovery and then argue Plaintiffs should be held to a heightened standard of "proof" simply because they asked questions that were never answered.

Defendants cite *McClean v. Health Systems, Inc.*,[2] the one and only case in this District to apply an intermediate standard of review, and claim Plaintiffs should have a higher burden because "there has been an opportunity for discovery, and plaintiffs rely on evidence in support of their motion." (Doc. 107, at 10). Of course, the opportunity to conduct discovery and reliance on evidence does not dictate a heightened burden for conditional certification. Under these circumstances, Courts in this District still apply the lenient first stage standard of review. *See, e.g., Chapman v. Hy-Vee, Inc.*, 10-CV-6128-W-HFS, 2012 WL 1067736, at *2 (W.D. Mo. Mar. 29, 2012) (considering but refusing to apply a heightened standard of review even though the parties had presented for depositions and exchanged documents); *Carden v. Scholastic Book Clubs, Inc.*, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (Laughery, J) (applying lenient

---

[2] 11-03037-CV-S-DGK, 2011 WL 2650272 (W.D. Mo. July 6, 2011).

standard after parties had taken depositions and exchanged documents, explaining discovery was not yet complete); *Polzin v. Schreiber Foods, Inc.*, No. 3:10-cv-01117-GAF, slip op. at 6 (Doc. 92) (W.D. Mo. 2011) (same); *Mahmood v. Grantham Univ. Inc.*, No. 10-00621-CV-W-DGK, 2011 WL 1899783, at *2 (W.D. Mo. May 19, 2011) (Kays, J) (same); *Dernovish v. AT&T Operations, Inc.*, 2010 WL 143692, *2 (W.D. Mo. Jan. 12, 2010) (Smith, J) (same); *Kautsch v. Premier Communications*, 504 F.Supp.2d 685, at 688-89 (W.D. Mo. 2007) (Laughrey, J) (refusing to apply heightened review, even though parties had "conducted discovery for almost seven months and [Defendant] had produced over 4,000 pages of documents").

It is worthy of note that undersigned counsel, Ms. George, also represented the plaintiffs in *McClean*. (Exh. 1, George Decl., at ¶ 1). This is precisely why Plaintiffs in this case are able to say with certainty that the discovery posture in this case is markedly different from *McClean*, and this case warrants the traditional, lenient standard of review. (Exh. 1, at ¶ 2). In *McClean*, unlike in this case, plaintiffs conducted two 30(b)(6) depositions and produced ten plaintiffs and opt-in plaintiffs for depositions, following the exchange of twelve sets of written discovery and several thousands of pages of documents pertaining to plaintiffs, opt-in plaintiffs, and policies and practices in place at over 60 long-term care facilities, all prior to filing their conditional certification motion. (Exh. 1, at ¶ 3). The plaintiffs in *McClean* were armed with far more extensive discovery prior to moving for conditional certification. (Exh. 1, at ¶ 4). Cerner has refused to provide the same discovery in this case, limiting its responses to Plaintiffs Fred Speer, Mike McGuirk, and Salaried Non-Exempt Employees in their same work group. [3]

---

[3] Notably, even applying the intermediate standard of review, the *McClean* Court was mindful that discovery was not yet complete and found plaintiffs' testimony and the allegations in the Amended Complaint were sufficient to warrant conditional certification. 2011 WL 2650272 at *7, *10-11.

3

In these circumstances, Court's in this District consistently apply the lenient, threshold standard to grant conditional certification. The same result is warranted here.

## II. PLAINTIFFS FRED SPEER AND MIKE MCGUIRK HAVE TIMELY FILED CONSENTS TO PURSUE THEIR FLSA CLAIMS FOR CERNER'S WILLFUL OVERTIME VIOLATIONS.

Unable to deny the existence of its flawed overtime calculation practices, Cerner resorts to "gotcha" litigation tactics, lying in wait for months to argue Plaintiffs Speer and McGuirk failed to file their consents to join this FLSA case and somehow lack standing to pursue this motion. This is a moot point. Plaintiff Speer's and Plaintiff McGuirk's consents to sue are on file (Doc. 108, at Exhs. 1-2) and within the three-year statute of limitations period.[4]

### A. Plaintiffs Timely Filed Consents And Have Standing To Pursue Conditional Certification.

If Cerner truly believed these Plaintiffs lacked standing, Cerner would have filed a dispositive motion, but it did not. And, if Cerner truly believed Plaintiffs had not commenced an action, it would not have litigated this case for months and deposed Plaintiffs for two days regarding their obvious intentions and consent to pursue these FLSA claims. Nonetheless, all of this is moot because Plaintiffs have timely filed their consents (e.g. both Plaintiff Speer and Plaintiff McGuirk worked at Cerner within the last three years, and both have filed consents to sue). (Doc. 97, Exh. 10; Doc. 97, Exh. 11; Doc. 108).

This case is not comparable to *Acosta v. Tyson Foods, Inc.* because, in *Acosta*, the plaintiff did not file a written consent to sue until years after the statute of limitations expired. No. 14-1582, 2015 WL 5023643, at *3 (8th Cir. Aug. 26, 2015). Accordingly, the Eighth Circuit

---

[4] The statute of limitations for FLSA claims is two years unless the defendant's conduct was willful, in which case the period is extended to three years. 29 U.S.C. § 255(a).

held the district court should have dismissed Acosta's claim under the FLSA. *See id.* Here, Plaintiffs have filed written consents and within the applicable statute of limitations period.[5]

Not surprisingly, Cerner cites no authority for its argument that Plaintiffs "had no ability to move for conditional certification." (Doc. 107, at 9). Indeed, *Acosta* simply holds that consent must be filed within the statute of limitations period to sustain an FLSA claim. 2015 WL 5023643, at *3. The Court even rejected Acosta's argument that he never commenced a collective action with his complaint. *See id.* ("Acosta argues that his complaint "commenced" an individual action, and no collective action was ever commenced because the required consents were never filed. That contention rings hollow when the complaint on file continued to allege a collective action, and Acosta filed consents from other employees several weeks *after* the deadline for a certification motion—a filing that would have been nonsensical if the complaint alleged an individual action.").

Cerner even concedes this point when it asks the Court for the opportunity to oppose conditional certification if Plaintiffs file consents. (Doc. 107, at 9). Plaintiffs have filed consents, and Cerner has opposed conditional certification. This point is moot.

**B.  Plaintiffs Alleged Willful Violations And Argued That Cerner Knew Of Or Showed Reckless Disregard For Its Violations—This Is Sufficient To Notify A Three-Year Class.**

Cerner's argument that Plaintiffs failed to sufficiently "prove" willfulness to invoke a three-year statute of limitations period reflects a fundamental misunderstanding of FLSA conditional certification law. This Court and countless others have consistently held that a plaintiff need not prove willfulness in order to conditionally certify and notify a three-year collective action. Plaintiffs' allegations are sufficient.

---

[5] The decision in *Gomez v. Tyson Foods, Inc.*, is also inapposite for the same reason that plaintiffs did not file consents until years after the statute of limitations expired. No. 13-3500, 2015 WL 5023630, at *2 (8th Cir. Aug. 26, 2015).

5

When willfulness is disputed, conditional certification of a class including members affected within a three-year period preceding class certification is appropriate. *See Rhodes v. Truman Medical Center, Inc.*, No. 4:13-CV-00990-NKL, 2014 WL 4722285, at *3 (W.D. Mo. Sept. 23, 2014) (Laughrey, J) (citing *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234 (N.D.N.Y. 2002). "Plaintiff alleges a willful violation of the FLSA, for which the FLSA sets out a three year statute of limitations. Conditional certification should thus extend to those affected by Defendant's policy over the last three years." *Id.* As in *Rhodes*, Plaintiffs in this case allege willfulness, Cerner disputes it, and in these circumstances, Courts certify a three-year class.

Courts do not rule on the willfulness issue at this stage. "Whether a violation is willful is an issue of fact, often addressed during summary judgment or at trial. In addition, judicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Accordingly, the statute of limitations is a three-year period." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010) (granting conditional certification and applying a three-year statute of limitations period based upon plaintiff's allegations); *Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 927 (W.D. Mo. 2008) (Gaitan, J) (conditionally certifying and approving notice to a three-year class and reserving for a later date an evaluation of whether plaintiff can establish willfulness); *Carden*, 2011 WL 2680769, at *4 (Laughrey, J) (holding conditional certification and notice should be sent to all non-exempt call center employees employed in the last three years because plaintiff *alleged* willful violations); *Chapman*, 2012 WL 1067736, at *3 (Sachs, J) ("plaintiff alleges that Hy Vee's violations are willful, thus the notice should be sent to all employees who worked as Assistant Managers, including Assistant Managers of General Merchandise, Perishables, and Store Operations within three years of the date of this order).

Cerner's suggestion that Plaintiffs failed to argue willfulness in their conditional certification motion, though irrelevant, is simply false. Plaintiffs argued and even *offered evidence*—though none is required—that Cerner blatantly directed its U.S. Payroll Group employees to pull overtime hours from the pay period prior when calculating and paying overtime (Doc. 97, at 12; Doc. 97, at SOF ¶ B. 3) and to use calculations that exclude additional compensation from overtime calculations (Doc. 97, at 13; Doc. 97, at SOF ¶¶ B. 8-9). Plaintiffs also argued that Cerner paid its FWW employees pursuant to calculations that pay less than ½ their regular rate for overtime, and systematically late paid their overtime. (Doc. 97, at 14-15; Doc. 97, at SOF ¶¶ 14, 16-18). This resulted from Cerner's blatant instructions to its U.S. Payroll Group to calculate the overtime rate without including on-call pay and additional compensation. (Doc. 97, at Exh. 9, p. 1). Plaintiffs also argued that, contrary to its promise of a fixed salary, Cerner paid its FWW employees varying amounts of additional compensation for additional job duties and requirements. (Doc. 97, at 15; Doc. 97, at SOF ¶ 16). These are all arguments supporting Plaintiffs' willfulness allegations that Cerner knew of or showed blatant disregard for its violations. These were not one-off mistakes or unfortunate errors. These were blatant directions to its employees running payroll.

Nonetheless, there is no proof requirement and the Court does not decide willfulness at this stage. This is not unique to this District: it is widely held. For example, in *Ott v Publix Super Markets, Inc.*, the plaintiff pursued collective action claims alleging her employer miscalculated overtime by excluding certain compensation from regular rate of pay and improperly paid employees on a FWW basis without paying a fixed salary. 3:12-0486, 2013 WL 1874258, at *1 (M.D. Tenn. May 3, 2013). The Court in *Ott* conditionally certified a three-year class and overruled the employer's objection that plaintiff could not prove a "willful" violation.

7

*Id.* at *2-3.  In so doing, the Court explained that such an objection "requires a decision on the merits of the statutes of limitation issue, and is not ripe for decision" at the conditional certification stage.  *Id.* at *3.

Yet again, Cerner insists proof is required at this stage.  And, yet again, Cerner misstates well-settled FLSA conditional certification law.  Accordingly, this Court should reject Cerner's "willfulness" arguments and, instead, conditionally certify and approve notice to three-year classes.

## III. PLAINTIFFS OFFER SUBSTANTIAL ALLEGATIONS WARRANTING CONDITIONAL CERTIFICATION OF THREE CLASSES.

### A. Plaintiffs' Own Pay Records and Cerner's Own Documents Equal Substantial Allegations That Plaintiffs Are Similarly Situated To The Putative Classes.

Plaintiffs own pay records show they were victims of each alleged FLSA violation (late overtime, miscalculated overtime, improper application of FWW method).  And, most notably, Cerner does not deny that it subjected Plaintiffs and other employees to these pay practices.  It cannot.  So, instead, Cerner asks this Court to check its common sense at the door and believe that Cerner actually has a different formula for calculating overtime and a unique payroll process for Fred Speer, Mike McGuirk, and each of its 16,500 employees.  This is absurd.  Moreover, Plaintiffs have actually narrowly defined their classes to only include employees who were subjected to the same pay practices as Plaintiffs.  Accordingly, this Court should reject Cerner's incredible and implausible individuality arguments and, instead, grant conditional certification.

1.  Plaintiffs Offer Substantial Allegations To Conditionally Certify The Late Overtime Class.

There is no question that Cerner's U.S. Payroll Group's documents evidence a company-wide payroll system, including uniform calculations and a payroll process flow that is not used only for paying Fred Speer and Mike McGuirk.  And, these documents willfully instruct the

8

payroll department to "pull prior pay period weeks" (as opposed to current pay period) when calculating and paying overtime in the current pay period (Doc. 97, Exh. 9, at SPEER_D00001163; Doc. 97, Exh. 1, p. 1146, at step c.), and they blatantly instruct those processing payroll that "***Overtime is always a pay period behind***." (Doc. 97, Exh. 9, at SPEER_D00001163).

Unable to deny that it pays overtime a pay period behind, Cerner bizarrely argues that Plaintiffs are not similarly situated to other putative class members *who were also paid late overtime pursuant to the same payroll process*. Cerner claims – incredibly – that the similarity between Plaintiffs and other putative class members is "dependent on the facts and circumstances related to both the particular employee and particular pay period at issue and will vary based on when Plaintiffs and potential class members submitted their time." (Doc. 107, Defendant's Opposition to Conditional Certification, p. 27). Not only is this claim an erroneous and impermissible attempt to resolve merits issues, it is patently false.

Cerner's own policies and HR documents repeatedly make clear that "***Overtime is always a pay period behind.***" (Doc. 97, SOF at ¶¶ B. 2-3; Cerner "How to Understand my pay for Hourly & SNE Associates," at SPEER_D00001233, attached as Exhibit 2, filed under seal). Not surprisingly, there is no provision in these documents for earlier payment of overtime, nor is the timing of overtime payments dependent on when an employee submits his/her time. Rather, ***"Overtime is always a pay period behind"***—always, no matter what, regardless of how early they submit their timesheets, end of story. *Id.*

Moreover, Cerner has adopted single, uniform pay periods and pay dates for all of its employees in the United States. (Exh. 2, at SPEER_D00001235). These pay periods and pay dates are the same, regardless of when anyone turns in their time sheet. *See id.* And, all

employees have the same requirements for turning in their time via the same payroll system each week. *See id.* Consistent with these centralized mandates, the overwhelming evidence demonstrates that overtime was always paid a pay period behind, regardless of when Plaintiffs or putative class members submitted their time. (Doc. 97, SOF at ¶¶ B. 4-5). And, notably, salaried employees who are not paid overtime or any other employee to whom Cerner paid overtime on the next regular pay day is—by definition—excluded from the class. Accordingly, the Late Payment of Overtime Class only includes individuals similarly impacted by this same pay practice. It is difficult to imagine a more uniform application of pay policies and practices, and Cerner's individuality arguments should be summarily rejected.

2. <u>Plaintiffs Offer Substantial Allegations To Conditionally Certify The Miscalculated Overtime Class.</u>

In these same payroll documents, Cerner willfully compels the use of formulas that exclude additional compensation when paying overtime. (Doc. 97, Exh. 9, at SPEER_D00001163, explaining that the premium rate is calculated by dividing the weekly salary rate by the number of hours worked that week and multiplying by .5, and omitting any instruction to add in any additional compensation to the weekly salary <u>before</u> dividing by the number of hours worked). The instructions for calculating overtime state:

"**Overtime Calculation:**

- Associate's annual salary divided by 52 weeks = weekly salary rate
- Weekly salary rate divided by the number of hours worked that week = new hourly rate
- New hourly rate times .5 = premium rate
- Premium rate times the number of hours over 40.0 = total premium overtime amount (amount on your pay advice – OT1 and/or OT3 depending on the week)"

*Id.* There is no instruction at all to include <u>any</u> additional remuneration prior to determining the overtime rate. And, this is supported in the remainder of the detailed instructions for calculating and paying overtime. *See id.*, Exh. 9 at SPEER_D00001164-00001169.

Moreover, Cerner's self-serving declaration testimony that it has in the past included "certain forms of pay" into regular rate calculations for certain unspecified employees (Doc. 107, at 19) cannot defeat conditional certification. "[T]he fact that the Defendant has paid some overtime is no defense. Allowing for such an inference to defeat conditional class certification would seriously undermine the efficacy of the FLSA's private right of action by only allowing collective actions when 100% of the overtime due has allegedly been withheld." *See Mahmood*, 2011 WL 1899783, at *3 (Kays, J).

This vague, unsupported declaration testimony that Cerner has included "certain forms of pay" into overtime calculations in the past also does nothing to combat Plaintiffs' overwhelming evidence that Cerner excluded bonus and on-call pay from Plaintiffs' and opt-in plaintiffs' overtime pay as a result of Cerner's directions to its payroll group to systematically exclude <u>any</u> additional remuneration when calculating overtime. Cerner's "testimony" that it has included "certain forms of pay" into overtime in the past only demonstrates that Cerner has the capability, and knows it is legally required, to include all remuneration into overtime calculations, but it willfully chose to exclude it from Plaintiffs' and other employees' pay. Plaintiffs are not required to prove exactly which employees were affected by these flawed calculations, or even list every type of additional compensation that was excluded, in order to achieve conditional certification. Cerner has that information readily available at its fingertips—despite refusing to produce it in discovery as "wholly unrelated" to class certification. (Doc. 97, Exh. 5, at Cerner's Responses to Interrogatory Nos. 11-13).

The tie that binds this class is Cerner's overtime calculation process that excludes additional compensation from overtime calculations, and everyone whose overtime was calculated pursuant to a formula excluding additional compensation is similarly impacted. Again, Plaintiffs narrowly defined the class to only include individuals who were paid additional compensation that was omitted from their overtime calculations. So, if Cerner did pay some employees' overtime inclusive of all their additional remuneration, those employees will not be included in the class or receive notice. These substantial allegations, together with the narrowly tailored class definition, warrant conditional certification.

        3.      <u>Plaintiffs Offer Substantial Allegations To Conditionally Certify The Fluctuating Work Week Class</u>.

Cerner offers no legitimate argument to avoid conditional certification of Plaintiffs' Fluctuating Work Week Class. Cerner cannot refute that FWW employees are paid pursuant to the same calculations and pay policies. Cerner does not deny that its FWW employees are refused contemporaneous overtime pay, it does not deny that FWW employees' overtime calculations exclude additional compensation, and it does not deny that it pays additional compensation to FWW employees in exchange for performing additional work or meeting other requirements. Unable to deny that these individuals are similarly situated, Cerner is left to argue they are not *identically* situation (e.g. some putative plaintiffs did not receive a wellness incentive). This argument falls flat.

Courts widely reject any argument that putative plaintiffs must be identically impacted by an allegedly unlawful pay practice in order to sustain a collective action. "[T]he issue is not whether each class member was identically injured by an illegal policy, but rather whether they all were subject to the same policy." *Mahmood*, 2011 WL 1899783, at *2 (Kays, J). "If this policy was applied unevenly or if employees were sometimes paid for this time, that may be

relevant to an argument on damages or potentially to decertify certain members of the class," it cannot thwart conditional certification. *Id.*, at *2; *Rhodes*, 2014 WL 4722285, at *3 (Laughrey, J) (same); *Chapman,* 2012 WL 1067736, at *3 (Sachs, J) (same).

Lacking any argument to avoid conditional certification of the FWW class, Cerner offers the same failed arguments that Plaintiffs need to "prove" their claims and have personal knowledge of every other FWW employee's overtime pay in order achieve conditional certification. These arguments are entirely inapposite to conditional certification (or even a decertification motion), and Plaintiffs will not waste this Court's time arguing the merits of their case. *See* discussion *infra* at Paragraph III. C. regarding the impropriety of such arguments at this stage. Instead, this Court should apply well-settled conditional certification law and grant Plaintiffs' motion.

### B. Cerner's Attempts To Deny The Plain Meaning Of Its Payroll Process Documents—Which Cerner Itself Produced As Answers To Discovery—Are Both Disingenuous And Improper.

In a desperate attempt to distance itself from its own damaging payroll documents, Cerner attempts to deny that its Payroll Process Flow chart – and other centralized payroll processing and HR documents on which Plaintiffs rely – constitute or reflect common pay policies or plans. This denial is disingenuous and improper in light of Cerner's discovery responses. And, Cerner's criticism of Plaintiffs' "interpretation" of the plain language of these documents is equally misguided.

Cerner produced these documents in response to Plaintiffs' discovery requests geared specifically toward the issues now at hand. Plaintiffs, for example, requested Cerner to identify, among other things, its guidelines, policies, procedures and training materials concerning its payroll practices with respect to: (1) how it processed payroll; (2) how it calculated employee compensation; (3) how it administered the fluctuating work week pay model (4) when to issue

13

overtime compensation to employees; and (5) how it calculated the regular rate of pay for non-exempt employees who worked overtime (including situations in which the employee received additional compensation). (Doc. 97, Exh. 5, at Interrogatory Nos. 5, 6 and 7).

Rather than simply provide the requested information, Cerner chose instead to produce business records – including the Payroll Process Flow chart and other payroll documents on which Plaintiffs rely – pursuant to Rule 33(d). *See id*. Rule 33(d) allows for the production of business records in lieu of an interrogatory answer only when the information sought can be readily ascertained or derived from examining the business records and only "if the burden of deriving or ascertaining the answer will be substantially the same for either party". Fed. R. Civ. P. 33(d). As such, Plaintiffs have merely done exactly what Cerner not only invited – but required – them to do: properly relied on business records to derive Cerner's common payroll policies and practices. Cerner is estopped from now claiming Plaintiffs do not know how to read or understand those documents.

### C. Plaintiffs Need Not Prove Cerner Violated The Law, Or Even Prove They Are Actually Similarly Situated, To Achieve Conditional Certification.

Unable to deny that Plaintiffs meet the low-threshold standard for conditional certification, Cerner scrambles to argue its legal defenses and insists that Plaintiffs cannot prove their claims. None of this is relevant to conditional certification, and it only highlights that Cerner has no argument to defeat conditional certification. These merits-based arguments are an invitation to legal error, and this Court should refuse.

"It would not be appropriate for the Court to determine at this early stage in the case, with only a portion of the relevant evidence, whether defendant's company wide policies violate the FLSA. Defendant's merits-based arguments would be better addressed through a dispositive motion." *Marshall v. R.J. Reynolds Tobacco Co.*, No. 07-CV-0227-W-RED, 2007 WL 7209940,

at *1 (W.D. Mo. Dec. 7, 2007) (Dorr, J); *Busler v. Enersys Energy Products, Inc.*, No. 09-CV-00159-W-FJG, 2009 WL 2998970, at *1 (W.D. Mo. Sept. 16, 2009) (Gaitan, J) ("A determination of the merits of the case is not made during this step."); *Robertson,* 642 F. Supp. 2d at 926 (Gaitan, J) (granting conditional certification and refusing to rule on the merits of plaintiffs' claims, recognizing plaintiffs "minimal burden" to show they were "similarly situated").

Not only are Plaintiffs not required to prove Cerner violated the law, Plaintiffs are not required to prove they are *actually* similarly situated to achieve conditional certification. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated. That determination will be made after the close of discovery." *Kautsch*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Plaintiff, for conditional certification, need only provide "a colorable basis for (her) claim that the putative class members were the victims of a single decision, policy, or plan." *Carden*, 2011 WL 2680769, at *2.[6]

Plaintiffs have met and exceeded the low threshold standard for FLSA conditional certification of all three putative classes, and this Court should grant Plaintiffs' motion for conditional certification and notice.

---

[6] Cerner also incorrectly argues that Plaintiffs' evidence is somehow "inadmissible," because Plaintiffs cite their own allegations and purportedly lack "personal knowledge" of each putative class member's overtime payments. This, again, misconstrues the "colorable basis" conditional certification standard. First, Plaintiffs are <u>required</u> to offer their own substantial allegations for conditional certification: therefore, the allegations in their Amended Complaint are not "inadmissible evidence," they are a necessary consideration at this stage. Second, Plaintiffs can testify about their understanding of workplace policies without viewing each employee's pay stub. *Carden*, 2011 WL 2680769, at *3 ("It is reasonable to infer from evidence submitted by [plaintiff] that she, and the employees whose statements were attached, would have learned during the normal course of their employment how the company operates and what the company's policies were."). Consequently, Cerner's "inadmissibility" arguments fail.

## IV. CERNER'S "LACK OF INTEREST" ARGUMENT IS MERITLESS.

Cerner, again, grasps at straws and asks this Court to deny conditional certification because only four plaintiffs have opted into this case. But, there is no "minimum number of opt-ins" requirement to achieve FLSA conditional certification. Cerner itself cannot identify such a legal requirement. This is presumably why Cerner also fails to cite a single case from this District in support of this argument.

To date, Cerner has not provided Plaintiffs with any names, addresses, or contact information for the putative class members, and these individuals have not received any notice or opportunity to join this case. Accordingly, the number of opt-in plaintiffs does not reflect a lack of interest but, rather, a lack of notice. Under these circumstances, this Court rejects "low opt-in rate" arguments and grants conditional certification and notice. *See, e.g., McKinzie v. Westlake Hardware, Inc.*, No. 09-CV-0796-W-FJG, 2010 WL 2426310, at *3-4 (W.D. Mo. June 11, 2010). The same result is warranted here.

## V. CERNER OFFERS NO LEGAL BASIS FOR ANY OBJECTION TO PLAINTIFFS' PROPOSED NOTICE FORM.

"The Court has the power and duty to ensure that the notice is fair and accurate, but should only alter a plaintiff's proposed Notice when such an alteration is necessary." *Harris v. Pathways Cmty. Behavioral Healthcare, Inc.*, No. 10-0789-CV-W-SOW, 2012 WL 1906444, at *3 (W.D. Mo. May 25, 2012) (citing *Creten–Miller v. Westlake Hardware, Inc.*, No. 08–2351, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009)).

Plaintiffs' proposed notice—along with a 90-day opt-in period—is substantially the same notice previously approved by multiple Courts in this District. *See, e.g., McClean*, 2011 WL 2650272, at *17 (Kays, J), *Jarrett v. GGNSC Holdings, LLC, et al.*, No. 2:12-CV-4105-BP, Doc.

72, slip op. at 9-11 (W.D. Mo. May 14, 2013) (approving plaintiffs' proposed notice filed at Doc. 49-20).

Furthermore, Cerner's insistence on adding language that incorrectly threatens Plaintiffs that they may have to pay Cerner's costs if they are not successful should be rejected. As the Court explained in *Chapman*, 2012 WL 1067736, at *4 (W.D. Mo. Mar. 29, 2012),

> It has been repeatedly held, and continues to rule in this case that no mention will be made regarding any possibility that plaintiffs could be liable for defendant's costs should defendant prevail.

(citing *Littlefield v. Dealer Warranty Serv., LLC*, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010); *see also Jarrett*, No. 2:12-CV-4105-BP, Doc. 72, slip op. at 10 ("Many courts in this circuit have held that including this type of language in the notice is inappropriate because it might discourage plaintiffs from joining the litigation, and it is unclear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA.")

And, Cerner's concerns regarding the miscalculated overtime class are easily remedied by modifying the language to mirror the motion language (e.g. All persons employed by Cerner Corporation in the U.S., at any time between [3 years and 27 weeks prior to Order]—Present, and "(2) Whose overtime compensation was calculated based upon a "regular rate" of pay that excluded additional remuneration."). Accordingly, with that limited modification, Plaintiffs' proposed notice should be approved with a 90-day opt-in period. Cerner had an opportunity but declined to offer any legal basis for its objections to Plaintiffs' proposed notice, and this Court should not allow Cerner to further delay notice with a second opportunity to re-litigate this issue.

Respectfully submitted,

s/ Tracey F. George
Brett A. Davis, Mo. Bar 43299
Tracey F. George, Mo. Bar 52361

17

DAVIS GEORGE MOOK LLC
1600 Genessee, Ste. 328
Kansas City, MO 64102
Tel. (816) 569-2629
Fax (816) 447-3939
Email: brett@dgmlawyers.com
Email: tracey@dgmlawyers.com
Website: www.dgmlawyers.com

Patrick Reavey, MO#47365
Kevin C. Koc, MO#56955
REAVEY LAW LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
(816) 474-6300  Telephone
(816) 474-6302  Facsimile
patrick@reaveylaw.com
kkoc@reaveylaw.com

ATTORNEYS FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 13th day of October 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Lori R. Schultz, Esq.
Katherine R. Sinatra, Esq.
Mike Barnett, Esq.
David Brenton Dwerlkotte, Esq.
Amy Crouch, Esq.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
lschultz@shb.com
ksinatra@shb.com
mbarnett@shb.com
dbdwerlkotte@shb.com
amcrouch@shb.com

*s/ Tracey F. George* _____

18