**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FRED SPEER and MIKE MCGUIRK, individually and on behalf of a class of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 14-0204-CV-W-FJG |
| v. | ) | |
| | ) | |
| CERNER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Pending before the Court is Plaintiffs' Amended Motion for FLSA Conditional Collective Action Certification and Notice and Integrated Suggestions in Support (Doc. No. 97). The Court considers this motion, below.

## I.    BACKGROUND

Plaintiff alleges that Defendant utilized an unlawful company-wide payroll processing system. Under this system, defendant allegedly (1) paid its nonexempt employees' overtime wages a full pay period late; and (2) systematically miscalculated overtime wages by failing to include all remuneration into nonexempt employees' regular rate of pay. Additionally, plaintiff alleges that defendant unlawfully paid plaintiffs and hundreds of other non-exempt employees using the "fluctuating workweek" method of pay, even though those individuals were not paid a fixed salary because they received varying amounts of pay to perform other job functions such as on-call work. Plaintiffs further assert that defendant's payroll and human resource records, together with plaintiffs' allegations and supporting testimony, establish that defendant's nonexempt

employees were subjected to similar policies and circumstances sufficient to satisfy the lenient threshold for conditional certification of a collective action. Plaintiff moves for an order conditionally certifying and directing notice to the following proposed classes:

(1) All nonexempt persons employed by Defendant in the U.S., at any time during the last three years, whose overtime compensation was not paid on the next regular payday for the period in which the overtime work was performed ("Late Payment of Overtime Class");

(2) All nonexempt persons employed by Defendant in the U.S., at any time during the last three years, who received overtime compensation that was calculated based upon a "regular rate" of pay that excluded additional remuneration (Miscalculated Overtime Class"); and

(3) All nonexempt persons employed by defendant in the U.S., at any time during the last three years, who were purportedly compensated based on the fluctuating workweek method of pay and who received overtime compensation ("Fluctuating Work Week Class").

(Collectively, the "Notice Classes").

Plaintiff also requests an order (1) requiring defendant to produce, within 10 days of the Court's order, a separate computer-readable data file for each Notice Class, containing (a) employees' names, (b) last known addresses; (c) job titles and employment locations; (d) employee IDs; and (e) dates of employment; (2) authorizing plaintiffs to send notice of this lawsuit in the form attached as Exhibit 12 to Doc. No. 97, to each individual in the Notice Classes; (3) providing a 90-day opt-in period for members of the Notice Classes to join the lawsuit; and (4) directing Defendant to conspicuously post notices at each of its work locations employing Notice Class members for the duration of the opt-in period.

In response, defendant Cerner indicates generally that plaintiffs' motion should be denied because (1) named plaintiffs had not filed written consents to join the litigation at the time of filing the motion; (2) the statute of limitations bars named plaintiffs' two-year FLSA claims; (3) the classes plaintiffs seek to certify are overbroad and the policies

identified by plaintiffs do not violate the FLSA; (4) the Court should apply a heightened standard of proof rather than the typical lenient standard; and (5) plaintiffs have not demonstrated that other potential class members have an interest in proceeding with a collective action.

## II.    STATEMENT OF FACTS[1]

### Defendant Cerner Corporation.

Defendant Cerner Corporation is a healthcare information technology corporation, with its world headquarters located in North Kansas City, Missouri. All Cerner employees are classified into one of three distinct groups: (1) salaried exempt; (2) hourly nonexempt; or (3) salaried nonexempt. As of February 2015, Cerner employed salary nonexempt employees in greater than 120 different business units and in approximately 18 states across the country and employed hourly nonexempt employees in greater than 200 different business units and in approximately 32 states. (Doc. No. 107, Ex. A, Roberts Dec., at ¶ 9). Regardless of each employee's location, Defendant's U.S. Payroll group processes payroll for all nonexempt employees centrally, at their world headquarters. During the relevant time period, Defendant's payroll and time administration process for all its nonexempt employees was carried out by or under the direction of approximately 5 individuals in its U.S. Payroll group: one Director, Payroll; one Manager, Payroll; and three Operations Specialists, Payroll. During the relevant time period, Defendant's payroll process for calculating, administering, and issuing payment for nonexempt employees' wages, including overtime, is illustrated in its Payroll Process Flow chart, utilized by Defendant's U.S. Payroll group. (Cerner Payroll Process Flow chart, SPEER_D00001145-

_____

[1] This statement is taken largely from plaintiffs' motion and suggestions in support. The Court has modified to remove argumentative language and has supplemented with certain of defendant's facts to aid in clarity.

3

1150, Doc. No. 98, Ex. 1; Defendant's Interrogatory Answers, Doc. No. 97, Ex. 5, at No. 7).

**Plaintiffs Fred Speer, Mike McGuirk, and Defendant's Nonexempt U.S. Workforce.**

Plaintiffs Fred Speer and Mike McGuirk were employed by Defendant as salary nonexempt employees in the ITWorks division in Columbia, Missouri. Speer worked for Cerner from September 2011 to December 21, 2012 as a Service Center Analyst. Doc. No. 98, Ex. 10. McGuirk worked for Cerner from April 2010 to March 8, 2013 as a Service Center Analyst. Doc. No. 98, Ex. 11. Opt-in Plaintiff Scott Sexton filed his consent to join this action on March 6, 2015. Doc. No. 97, Ex. 7. Sexton worked as a salary nonexempt Service Center Analyst from November 2012 to June 2014. Id. Opt-in plaintiff Wyatt Thorpe filed a consent to join this action on March 5, 2015. Doc. No. 97, Ex. 6. Thorpe was a salary nonexempt Service Center Analyst from January 2011 to June 2012. Id.

Plaintiffs, like all of Defendant's nonexempt employees, were entitled to overtime premium pay for work in excess of 40 hours each week. Like all of Defendant's nonexempt employees, Plaintiffs were required to enter their hours worked into Defendant's centralized, People Soft timekeeping and payroll system. From there, Defendant's corporate U.S. Payroll group processed their payroll and issued their checks. (Cerner "Creating a Time Sheet," SPEER_D00001272-1279; Cerner "Time Reporting," SPEER_D00001280-1285; Cerner "Payroll Create Paysheets Work Instructions," SPEER_D00001151-1153; Cerner "Payroll to Calculate Pay Work Instructions," SPEER_D00001154-1155; collectively attached as Exhibit 4 to Doc. No. 98, filed under seal). Plaintiffs, like all of Defendant's nonexempt employees regardless of job title and location, were subject to Defendant's centralized pay policies and processes for calculating and paying their overtime wages. See id.

4

Between 650-850 employees, like plaintiffs, have been paid as salary nonexempt workers over the last three years. Plaintiffs, like all of Defendant's salary nonexempt employees, were promised a fixed salary plus one-half (instead of one-and-one-half) times their regular rate of pay for each hour worked over 40 in a workweek. Defendant calculated and paid all its Salary Nonexempt Employees across the U.S. pursuant to the same payroll policies and overtime calculations. (Cerner "When do Salary Nonexempt (SNE) Associates receive their overtime (OT)?", attached as Ex. 8 to Doc. No. 98, filed under seal; Cerner "Salary Nonexempt Overtime Data Processing Instructions," SPEER_D00001163-1169, attached as Ex. 9 to Doc. No. 98, filed under seal).

**Timing of Payment of Overtime (All Nonexempt Employees).**

Defendant's Payroll Process Flow chart for processing U.S. payroll reveals Defendant's systemic practice of the timing of payment of overtime.[2] Pursuant to this process, Defendant's "System Resource Data Gathering" includes instructions to pull overtime hours from the pay period prior (as opposed to from the current pay period) for inclusion in the current pay period's pay checks. (Cerner Payroll Process Flow chart, Ex.

---

[2] Defendant argues in response that the Payroll Process Flow chart does not include every step done in the process, and not all of the steps listed in the document apply to all of Cerner's nonexempt or salary nonexempt employees. However, plaintiffs note in their reply that Cerner produced this document in response to plaintiffs' discovery requests. Plaintiffs requested Cerner to identify its guidelines, policies, procedures and training materials concerning its payroll practices with respect to: (1) how it processed payroll; (2) how it calculated employee compensation; (3) how it administered the fluctuating work week pay model (4) when to issue overtime compensation to employees; and (5) how it calculated the regular rate of pay for nonexempt employees who worked overtime (including situations in which the employee received additional compensation). See Doc. 97, Ex. 5, at Interrogatory Nos. 5, 6 and 7. In response, Cerner produced business records, including the Payroll Process Flow chart, pursuant to Fed. R. Civ. P. 33(d). Plaintiffs indicate that, pursuant to Fed. R. Civ. P. 33(d), they have merely done what Cerner required them to do – rely on the business records to derive Cerner's payroll practices and policies. The Court agrees with plaintiffs, and finds that plaintiffs have sufficiently demonstrated for purposes of conditional certification that the Payroll Processes Flow chart provides a common policy or plan for payment of Cerner's nonexempt employees.

1 to Doc. No. 98, p. 1146, at step c.). Defendant's HR documents notify United States associates that **"Overtime is always one pay period behind."** (Doc. No. 98, Ex. 8). Defendant's detailed instructions to its U.S. Payroll group for processing payroll also expressly remind them that **"\*\*\*Overtime is always a pay period behind\*\*\*"** and direct them to "pull prior pay period weeks" when gathering associates' reported overtime hours. (Doc. No. 98, Ex. 9, at SPEER_D00001163). Plaintiffs' deposition testimony and two opt-in plaintiffs' supporting declarations confirm that overtime is paid a pay period behind even though its nonexempt employees submit their overtime and straight time hours at the same time, and on the same electronic time record, each week. (Speer Depo., Doc. No. 97, Ex. 2, at 266:12-21, 308:22-309:4, 309:23-310:2; McGuirk Depo., Doc. No. 97, Ex. 3, at 121:2-14, 122:11-124:15; Thorpe Decl., Doc. No. 97, Ex. 6, at ¶¶ 6-7; Sexton Decl., Doc. No. 97, Ex. 7, at ¶¶ 6-7). Cerner's pay period closes immediately after 11:59 p.m. on the Saturday prior to payday, and payday is the following Friday. See Doc. No. 107, Ex. B., Richardson Decl. at ¶¶ 8, 9, 11.

### Calculation of Overtime (All Nonexempt Employees).

Plaintiffs assert that, until they filed this lawsuit, defendant did not include all additional compensation into nonexempt employees' regular rate of pay when calculating and paying overtime premiums. (Defendant's Interrogatory Answer, Doc. No. 97, Ex. 5, at No. 12; Doc. No. 98, Ex. 9, at SPEER_D00001163). Plaintiffs assert that, prior to the filing of this suit, the Payroll Process Flow chart that Defendant's U.S. Payroll group utilized to calculate overtime did not include a proper component interface to add additional compensation into employees' regular rate of pay before calculating overtime. (Defendant's Interrogatory Answers, Doc. No. 97, Ex. 5, at No. 9; Doc. No. 98, Ex. 1; Doc. No. 98, Ex. 9). Plaintiffs assert that the defendant's failure to include additional

compensation into nonexempt employees' regular rates of pay is supported by (1) Plaintiffs' deposition and declaration testimony. (Speer Depo., Doc. No. 97, Ex. 2, at 177:18-178:8, 268:20-269:22; Sexton Decl., Doc. No. 97, Ex. 7, at ¶¶ 6- 7); and (2) Plaintiff Fred Speer's and Plaintiff Mike McGuirk's pay and time records. (Speer Pay Records, Doc. No. 98, Ex. 10; McGuirk Pay Records, Doc. No. 98, Ex. 11).

**Fluctuating Work Week (Salary Nonexempt Employees).**

Plaintiffs assert that they, like all of Defendant's Salary Nonexempt Employees, were promised a fixed salary plus one-half (instead of one-and-one-half) times their regular rate of pay for each hour worked over 40 in a workweek. (Speer Depo., Doc. No. 97, Ex. 2, at 114:7-17, 116:11-22; McGuirk Depo., Doc. No. 97, Ex. 3, at 52:8-23; Thorpe Decl., Doc. No. 97, Ex. 6, at ¶¶ 4-5; Sexton Decl., Doc. No. 97, Ex. 7, at ¶¶ 4-5). Plaintiffs, like all Salary Nonexempt Employees, were expected to, and did, regularly work far in excess of 40 hours each workweek. (Speer Depo., Doc. No. 97, Ex. 2, at 242:5-25, 243:23-245:21, 305:21-307:25; McGuirk Depo., Doc. No. 97, Ex. 3, at 49:5-19, 52:8-23, 80:18-81:3, 88:2- 20, 92:14-93:10, 97:3-9, 118:15-120:21, 145:10-18, 166:5-15, 238:6-20; Thorpe Decl., Doc. No. 97, Ex. 6, at ¶¶ 6-7; Sexton Decl., Doc. No. 97, Ex. 7, at ¶¶ 6-7). Plaintiffs allege they were not paid a fixed salary, and instead earned varying amounts of additional compensation, including on-call pay and other incentive pay, paid separate from their fixed salary and overtime, to perform other job functions or meet other requirements. (Speer Depo., Doc. No. 97, Ex. 2, at 166:4-10, 170:19-171:13, 227:16-229:4, 268-269:22; McGuirk Depo., Doc. No. 97, Ex. 3, at 147:19-148:5, 168:4-7; Sexton Decl., Doc. No. 97, Ex. 6, at ¶ 8). And, the additional remuneration Defendant paid for on-call work and other incentive pay was not included in with each employee's regular rate of pay when calculating overtime premiums. (Speer Depo., Doc. No. 97, Ex. 2, at 166:4-10,

7

170:19-171:13, 227:16-229:4, 268-269:22; McGuirk Depo., Doc. No. 97, Ex. 3, at 147:19-148:5, 168:4-7; Sexton Decl., Doc. No. 97, Ex. 7, at ¶ 11). Plaintiffs indicate they seek to represent all of Defendant's nonexempt employees paid on a fluctuating workweek basis because, like Plaintiffs, these individuals were not paid a fixed salary, their overtime was paid at a rate below ½ their regular rate of pay, and their overtime was not paid contemporaneously, resulting in systemic underpayments. (Plaintiffs' Amended Complaint, (Doc. No. 39), at ¶¶ 23-27, 40-47, 58-60, 70; Speer Depo., Doc. No. 97, Ex. 2, at 192:10-193:25, 26:24-27:14; McGuirk Depo., Doc. No. 97, Ex. 3, at 236:9-238:20; 247:15-24; Sexton Decl., Doc. No. 97, Ex. 7, at ¶ 8).

## III.     STANDARD

Plaintiffs bring their motion for conditional certification under the collective action provisions of the FLSA, 29 U.S.C. § 216(b). Under this provision, "[a]n action to recover [FLSA liability] . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." The Eighth Circuit has not dictated a standard for determining whether plaintiffs are similarly situated; however, district courts in the circuit typically follow a two stage certification process: (1) the conditional certification or notice stage and (2) the opt-in or merits stage. Davis v. NovaStar Mortg., Inc., 408 F.Supp.2d 811, 814–15 (W.D.Mo. 2005); Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007).

> At this early stage of the litigation, the Court does not reach the merits of the Plaintiff's claims. Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.' At the second step of the process, the defendants may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision.

Uwaeke v. Swope Community Enterprises, Inc., No. 12-1415-CV-W-ODS, 2013 WL 3467062, at *1 (W.D.Mo. July 10, 2013) (internal citations omitted).

In determining whether conditional certification is appropriate under the FLSA the Court is to apply a "lenient standard" that requires only a "modest" factual showing. Kautsch, 504 F.Supp.2d at 688-89; Chapman v. Hy-Vee, Inc., No. 10-CV-6128-W-HFS, 2012 WL 1067736, at *2 (W.D. Mo. Mar. 29, 2012) (granting conditional certification and applying lenient, first-tier standard of review because "only a few depositions have been taken and a limited amount of documents exchanged").[3] "Plaintiffs can meet [their] burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Kautsch, 504 F.Supp.2d at 689. "There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances." Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, *1 (W.D. Mo. Jan. 12, 2010). However, "plaintiffs must present more than mere allegations . . . some evidence to support the allegations is required." Young v. Cerner Corp., 503 F.Supp.2d 1226, 1229 (W.D.Mo. 2007).

## IV.    ANALYSIS

---

[3] Defendant argues that a heightened standard of review should be required in the instant case, as it had been pending for approximately 18 months at the time of the filing of this motion. See, e.g., McClean v. Health Sys., Inc., No. 11-03037-CV-S-DGK, 2011 WL 6153091, at *4 (W.D. Mo. Dec. 12, 2011) (comparing "Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations", and noting that the Court "cannot close its eyes to the amount of discovery already performed"). Plaintiffs, however, note that, despite the length of time this action had been pending, the discovery done at the time of filing this motion largely consisted of the depositions of plaintiffs and limited written discovery produced by Cerner.  The Court finds that, under the circumstances of this case, there is no reason to apply a heightened standard of proof to the first phase of conditional certification, and declines defendant's invitation to use such a heightened standard.

Plaintiffs Fred Speer and Mike McGuirk argue that they easily meet the threshold standard for FLSA conditional certification, as their testimony, together with supporting declarations and documents produced by defendant, constitute "substantial allegations" that plaintiffs and other nonexempt employees of defendant "are similar in important respects and are subjected to similar policies or circumstances." Dernovish, 2010 WL 143692, at *1. Plaintiffs argue that all of Cerner's nonexempt employees are paid pursuant to Defendant's centralized processes for calculating and paying overtime, and that defendant's Payroll Process Flow chart and its payroll group's detailed instructions for calculating and processing overtime payments demonstrate these system-wide processes.

Defendant objects to conditional certification on a variety of general bases. First, defendant argues that plaintiffs had not filed written consents to join a collective action at the time of filing this motion, and therefore could be not considered party plaintiffs to a collective action claim. See 29 U.S.C. § 216(b)(providing "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"); Acosta v. Tyson Foods, Inc., 800 F.3d 468, 472 (8th Cir. 2015) (requiring dismissal of plaintiff's claim where plaintiffs brought claims "by themselves and on behalf of other similarly situated individuals" as a collective action but failed to file a written consent prior to the expiration of statute of limitations); see also Gomez v. Tyson Foods, Inc., 799 F.3d 1192, 1194 (8th Cir. 2015) (same). In reply, plaintiffs argue that defendant is resorting to "gotcha" tactics by waiting for months to argue that the plaintiffs failed to file consents to join. Plaintiffs note, however, that they filed their consents to join on October 8, 2015 (Doc. No. 108), one day after defendant filed its response raising the issue, and both plaintiffs filed their

consents within the three-year statute of limitations period.[4]   The Court agrees with

plaintiffs that defendant's argument regarding consents to join is now moot.

Defendant also argues that, due to the late filing of plaintiffs' consents to join, their

two-year ordinary FLSA claims are time-barred, and there is no evidence of a willful

violation to support a three-year claim.[5]   Defendant notes that Speer's last date of

employment at Cerner was December 21, 2012, and his two-year claim expired in

December 2014; McGuirk's last date of employment at Cerner was March 8, 2013, and

his two-year claim expired in March 2015.   Defendant then argues that, given that the

statute of limitations has expired for plaintiffs' ordinary claims, their motion for conditional

certification should be denied absent proof that Cerner willfully violated the FLSA.   In

plaintiffs' reply, however plaintiffs note that no proof of a willful violation is needed at the

conditional certification stage; instead, where there is a dispute as to whether willful

violations occurred, courts in this district find certification of a three-year class is

appropriate.   See Rhodes v. Truman Medical Center, Inc., No. 4:13-CV-00990-NKL, 2014

WL 4722285, at *3 (W.D. Mo. Sept. 23, 2014) (Laughrey, J.) (citing Roebuck v. Hudson

Valley Farms, Inc., 239 F. Supp. 2d 234, (N.D.N.Y. 2002)).   "Whether a violation is willful

---

[4] The statute of limitations for FLSA claims is two years unless the defendant's conduct
was willful, in which case the period is three years.  29 U.S.C. § 255(a).

[5] A collective action under the FLSA is considered commenced by an individual claimant:

  (a) on the date when the complaint is filed, if he is specifically named as a
      party plaintiff in the complaint and his written consent to become a
      party plaintiff is filed on such date in the court in which the action is
      brought; or

  (b) if such written consent was not so filed or if his name did not so
      appear—on the subsequent date on which such written consent is filed
      in the court in which the action was commenced.

29 U.S.C. § 256.

Case 4:14-cv-00204-FJG   Document 165   Filed 03/30/16   Page 11 of 21

is an issue of fact, often addressed during summary judgment or at trial. In addition, judicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Accordingly, the statute of limitations is a three-year period." Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010) (granting conditional certification and applying a three-year statute of limitations period based upon plaintiff's allegations); see also Robertson v. LTS Mgmt. Servs. LLC, 642 F. Supp. 2d 922, 927 (W.D. Mo. 2008) (Gaitan, J.) (conditionally certifying and approving notice to a three-year class and reserving for a later date an evaluation of whether plaintiff can establish willfulness); Chapman, 2012 WL 1067736, at *3 (Sachs, J.) (finding "plaintiff alleges that Hy Vee's violations are willful, thus the notice should be sent to all employees who worked as Assistant Managers, including Assistant Managers of General Merchandise, Perishables, and Store Operations within three years of the date of this order"). The Court finds that plaintiffs' amended complaint alleges that defendant's actions were willful, and the evidence provided in support of the motion for conditional certification sufficiently demonstrates that questions of fact are present regarding willfulness of defendant's actions. The Court will not deny conditional certification on the basis of the statute of limitations.

Defendant also asserts that certain evidence provided by plaintiffs in support of their motion is inadmissible, as plaintiffs do not have personal knowledge as to their assertions that all of defendant's nonexempt employees were similarly situated. Defendant asserts that plaintiffs base their motion on their own testimony; however, at their depositions, plaintiffs admitted they had no knowledge of pay practices outside their own team. Defendant further argues that plaintiffs have provided limited Cerner documents, and then rely on counsel's arguments to interpret the documents, without

being able to lay a foundation for these documents or explain how the documents support plaintiffs' conclusions. However, as noted earlier, the Court is applying a lenient standard in evaluation of the evidence, as is appropriate in first phase conditional certification decisions. Moreover, plaintiffs argue in their reply that defendant produced its Payroll Process Flow chart and other documents in discovery, and should not now argue that those documents do not mean what they say. In this instance, the Court will not find the evidence provided by plaintiff insufficient to support conditional certification.

Finally, defendant argues that conditional certification is inappropriate because plaintiffs cannot demonstrate sufficient interest in the suit by putative class members. Here, defendant argues that plaintiffs have contacted and solicited at least ten other former and current Cerner employees, and told them to contact their attorneys; however, only two other opt-in plaintiffs have joined the suit. Defendant argues that such minimal interest does not support conditionally supporting a collective action, particularly a nationwide action. Plaintiffs, however, indicate that courts in this district have not precluded conditional certification on this basis, finding that a low number of opt-in plaintiffs does not reflect lack of interest, but rather lack of notice. See, e.g., McKinzie v. Westlake Hardware, Inc., No. 09-CV-0796-W-FJG, 2010 WL 2426310, at *3-4 (W.D. Mo. June 11, 2010). Likewise, this Court will not deny conditional certification on the basis of lack of interest.

The Court now turns to the propriety of conditionally certifying the classes identified by plaintiffs in their motion.

**A.    Late Payment of Overtime Class**

Plaintiffs seek to represent "all nonexempt persons employed by Defendant in the U.S., at any time during the last three years, whose overtime compensation was not paid

on the next regular payday for the period in which the overtime work was performed" ("Late Payment of Overtime Class") (Doc. No. 39, Plaintiffs' Amended Complaint, ¶ 59). Plaintiffs allege Cerner violated the FLSA by failing to timely pay overtime to its nonexempt employees. (Doc. No. 39, ¶¶ 32-40, 71). Plaintiff asserts that defendant ought to have paid plaintiffs and other nonexempt employees their overtime compensation on the next regular payday for the pay period in which the overtime was earned. See 29 C.F.R. 778.106. This 1968 Department of Labor interpretive bulletin provides:

> [t]he general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until sometime after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next pay day after such computation can be made. . . .

Id.[6] Plaintiffs indicate that they have offered substantial allegations that they are similarly situated to the class, as they offer proof that their own overtime was paid a pay period behind every pay period, and defendant's own documents notify its associates that **"Overtime is always a pay period behind."**

Defendant argues in response that the "Late Payment of Overtime Class" cannot be conditionally certified because (1) there is no FLSA violation; and (2) plaintiffs are not similarly situated to other putative class members. With respect to lack of an FLSA violation, defendant argues that plaintiffs are arguing, in essence, defendant should not have paid them their full salaries so quickly (five days after the close of the pay period),

---

[6] Defendant asserts that because this is not a regulation but rather an interpretative bulletin, this statement does not command formal deference from the Court. See O'Brien v. Town of Agawam, 350 F.3d 279, 298 (1st Cir. 2003). The Court finds that the amount of deference due such a policy statement is a question beyond the scope of this motion, and such an issue would be better raised on dispositive motions.

but should have instead set a later pay date so that their full salaries and overtime could be paid together. Defendant argues that the FLSA does not set a payment schedule, noting that the Supreme Court addressed the timing of overtime payments in Walling v. Harnischfeger Corp., 325 U.S. 427 (1945), holding "Section 7 (a) does not require the impossible. If the correct overtime compensation cannot be determined until sometime after the regular pay period, . . . Section 7 (a) requires only that the employees receive a 50% premium as soon as convenient or practicable under the circumstances." Id. at 432-33. Defendant argues that the interpretative bulletin and Walling do not mandate that overtime be paid at the same time as regular pay, but require only that overtime be paid by the next subsequent pay period. The Court notes, however, that Walling does not stand for the proposition asserted by defendant (that defendant can set a policy paying employees overtime on the last permissible day under the interpretive bulletin). Instead, it appears that the rule cited in Walling requires a determination as to (1) whether overtime compensation amounts cannot be determined until after the close of the regular pay period, and if so, (2) whether Cerner is paying the premium as soon as convenient or practicable under the circumstances. The Court will not make a determination as to these fact-based inquiries at the conditional certification stage, and finds that plaintiffs have sufficiently set forth allegations of a violation of the FLSA.

With respect to the argument that plaintiffs are not similarly situated to other class members, Cerner argues that the factfinder will need to make a reasonableness assessment on these claims, and that will necessarily require the Court to determine when plaintiffs and the proposed class members submitted their time sheets, and if the time sheets were submitted late in violation of Cerner's time submission policy, a reason why. Cerner argues that for employees to be paid on Friday, all pay amounts must be

calculated, reconciled, and submitted to the bank by close of business Tuesday, two business days after the close of the pay period. Cerner also notes that plaintiffs Speer and McGuirk testified that it was their personal belief that the 11:59 p.m. Saturday deadline for submitted timesheets was not an actual deadline, and they occasionally submitted their timesheets late. Defendant, therefore, argues that its decision as to when to pay overtime pay is related when employees actually submitted their time and will vary based on employee. The Court, however, agrees with plaintiffs that Cerner's argument as to whether plaintiffs are similarly situated is flawed. To determine whether the plaintiffs and class members are similarly situated, the Court looks to whether the employees were subject to a common policy or plan. Chapman, 2012 WL 1067736, at *3. Here, there is no question that defendant's United States employees were subject to a company-wide payroll system where all payment of overtime occurred two weeks after payment of regular pay. From the facts presented in this motion, it appears that this policy was uniformly applied, regardless of when employees submitted their timesheets.

The Court finds, therefore, that the "Late Payment of Overtime Class" should be conditionally certified.[7]

### B.    Miscalculated Overtime Class

Plaintiffs also seek to represent "all nonexempt persons employed by Defendant in the U.S., at any time during the last three years, whose overtime compensation was calculated based upon a "regular rate" of pay that excluded additional remuneration ("Miscalculated Overtime Class") (Doc. No. 39, Plaintiffs' Amended Complaint, ¶ 59). Plaintiffs allege that Cerner violated the FLSA by failing to include all required remuneration into the regular rate of pay prior to calculating their overtime amounts. See

---

[7] The Court notes, as a practical matter, that this class will consist of all of Cerner's nonexempt employees in the United States, whether paid on a salary or hourly basis.

Doc. No. 39, Plaintiffs' Amended Complaint, ¶¶ 41-43, 66-67, 72. See 29 C.F.R. §§ 778.107-109 (requiring all remuneration, subject to certain exemptions, to be included in an employee's base salary when calculating regular rate of pay). Plaintiffs assert that they are similarly situated to members of the Miscalculated Overtime Class, in that Cerner excluded their on-call pay and wellness bonuses from their regular rate of pay prior to calculating overtime amounts. Furthermore, plaintiffs assert that defendant's Payroll Processing Flow chart and other Cerner documents did not include a way to add additional compensation into employees' regular rate of pay before calculating overtime. Plaintiffs assert that these constitute substantial allegations that defendant had a flawed centralized pay process, and demonstrates that plaintiffs and the Miscalculated Overtime Class "are similar in important respects and are subjected to similar policies or circumstances," warranting conditional certification. Dernovish, 2010 WL 143692, at *1.

In response, defendant argues the Miscalculated Overtime Class cannot be conditionally certified in that (1) there is no FLSA violation; (2) there is no evidence of a common policy or plan; and (3) there is no evidence that plaintiffs are similarly situated to other class members.

With respect to FLSA violation, defendant argues that not all additional remuneration or compensation must be included when calculating the regular rate of pay, as a violation of the FLSA occurs only if the additional remuneration paid does not fall within one of the eight FLSA exclusions. 29 U.S.C. § 207(e)(1-8). Defendant states that whether a certain type of compensation is exempt requires a determination of the type, nature, and purpose of the payment and the circumstances under which it was paid, and that the Court would be required to go through such an analysis for each type of pay in order to determine if an FLSA violation occurred. Defendant also indicates that besides

on-call pay and wellness incentive pay, the two types of additional remuneration received by plaintiffs, plaintiffs do not offer any proof as to what other forms of remuneration exist, nor do plaintiffs provide proof that exclusion of each from the regular rate of pay violated the law.[8]

At this stage of litigation, however, proof of a violation is not required; all that is necessary is evidence of a common policy or plan. Here, plaintiffs have come forth with evidence that defendant excluded all additional remuneration from employees' regular rate of pay prior to calculating overtime. To the extent that certain categories of additional remuneration are exempt from inclusion in regular rate of pay, the Court can make determinations as to each category of remuneration on motions for summary judgment.

Defendant also argues there is no evidence of a common policy or plan, as at their depositions, plaintiffs disclaimed broad knowledge of Cerner's pay practices beyond their own group. Defendant's argument, however, does not take into account the material produced in discovery, which suggests that Cerner has excluded additional remuneration from the calculation of regular rate of pay for a broad group of employees. Additionally, defendant argues that plaintiffs are not similarly situated, because they did not receive the same types of additional remuneration as other members of the class (noting that certain of the named plaintiffs and opt-in plaintiffs received different types of additional remuneration, and arguing that each individual's pay would have to be analyzed individually). Plaintiffs, however, have made substantial allegations that Cerner has used pay formulas that exclude <u>all</u> forms of additional compensation when calculating the regular rate of pay prior to calculating overtime. This is sufficient for the first stage of

---

[8] Notably, it appears one reason plaintiffs did not have "proof" of the other types of pay received by putative class members was that defendant had refused to provide such information in discovery at the time of filing the motion for conditional certification. <u>See</u> Discovery dispute Order dated January 11, 2016 (Doc. No. 139).

conditional certification proceedings. Defendant may move to decertify at the second stage of proceedings, or may move for summary judgment as to certain categories of pay at a later date. Plaintiffs' motion is **GRANTED** as to the Miscalculated Overtime Class.

###    C.    Fluctuating Work Week Class

Plaintiffs seek to represent "all nonexempt persons employed by Defendant in the U.S., at any time during the last three years, who were purportedly compensated based on the fluctuating workweek method of pay and who received overtime compensation ("Fluctuating Work Week Class") (Doc. No. 39, Plaintiffs' Amended Complaint, ¶ 59). Plaintiffs allege that Defendant failed to comply with the FLSA's requirements for paying nonexempt employees on a fluctuating workweek basis. Plaintiffs contend that Defendant's use of the fluctuated workweek method for paying them and other nonexempt employees (e.g., Salary Nonexempt Employees) violated the FLSA because Defendant did not pay a fixed salary. (Doc. No. 39, at ¶ 23-27). Instead, Defendant paid varying amounts of additional compensation for other job duties and requirements (e.g. on-call work). Plaintiffs also complain that defendant underpaid them by excluding additional remuneration from its calculation of their regular rate of pay, and defendant systematically paid their overtime late. Plaintiffs argue that these systemic practices invalidate Cerner's use of the FWW method of calculating overtime.

Defendant opposes certification of a nationwide class of all nonexempt Cerner former and current employees compensated using the FWW method of pay and who received overtime compensation. Defendant notes that it is not a violation of the FLSA to compensate an employee under the FWW method of pay and to pay that employee overtime. Additionally, this class appears to be duplicative of the prior two proposed classes (i.e., there is no violation of the FLSA unless defendant has failed to pay overtime

in a timely fashion or defendant has failed to include required remuneration in the regular rate of pay prior to calculating overtime).  The Court agrees with Cerner on this point; as a practical matter, the Fluctuating Work Week Class is either (1) duplicative of the other two classes plaintiffs seek to certify,[9] or (2) inclusive of claims which are not viable. Use of the FWW method of overtime calculation does not automatically violate the FLSA.  Therefore, the Court **DENIES** plaintiffs' motion for conditional certification of collective action as to the Fluctuating Work Week Class.

## V. NOTICE

Plaintiffs request this Court approve notice in the form attached as Exhibit 12 to Doc. No. 97.  Upon review of the proposed notice, the Court **APPROVES** same and authorizes plaintiffs to send notice, with the following modifications:

- Notice should be addressed to all persons employed by Cerner Corporation in the U.S. at any time between **3 years, 29 weeks, and one day prior to the date of this Order**.  See Orders, Doc. Nos. 91, 96, and 100, equitably tolling the statute of limitations.

- Descriptions of the classes, set forth prior to the "Introduction" should be:  "(1) Whose overtime was not paid on the next regular payday for the period in which the overtime work was performed; OR (2) Whose overtime compensation was calculated based on a regular rate of pay that excluded additional remuneration."

- All mention of a fluctuating workweek class should be deleted.

- Under "2. DESCRIPTION OF LAWSUIT," the second paragraph should begin, "Plaintiffs contend that Cerner violated the law by (1) failing to timely pay overtime wages; and (2) miscalculating overtime wages."

The Court further finds (1) the opt-in period should be 90 days, as requested by plaintiffs; (2) Defendant is **ORDERED** to produce to plaintiffs, within 10 days of this Order, a

---

[9] The Court notes that, as a practical matter, the late payment of overtime class will include all Cerner employees who were paid overtime during the class period.  For notice purposes, therefore, no putative class member will be excluded based on the Court's ruling as to the fluctuating work week class.

separate computer-readable data file for each Notice Class, containing the employees' names, last-known addresses, job titles and employment locations, and dates of employment[10]; and (3) Defendant is **ORDERED** to post notices at each of its work locations employing members of the notice class for the duration of the opt-in period.

## VI.   CONCLUSION

Therefore, for the foregoing reasons, Plaintiffs' Amended Motion for FLSA Conditional Collective Action Certification and Notice and Integrated Suggestions in Support (Doc. No. 97) is **GRANTED IN PART** as it relates to conditional certification of the "Late Payment of Overtime" and "Miscalculated Overtime" classes, and **DENIED IN PART** as related to the "Fluctuating Work Week" class.

**IT IS SO ORDERED**.

Date:  March 30, 2016                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                               United States District Judge

---

[10] Although plaintiffs also request employee IDs, the Court is not certain that such information is needed at this time.