## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Cerner Corporation as well as its predecessors, successors, subsidiaries, and affiliated entities ("Cerner" or "Defendant"), on the one hand, and Fred Speer and Mike McGuirk ("Class Representatives"), for themselves and on behalf of all FLSA Opt-in Plaintiffs and Rule 23 Class Members,[1] on the other hand (collectively "Plaintiffs"), in the case of *Fred Speer and Mike McGuirk, individually and on behalf of others similarly situated v. Cerner Corporation*, Case No. 4:14-CV-00204-FJG, filed in the United States District Court of the Western District of Missouri (the "Lawsuit").

## RECITALS

WHEREAS, the Class Representatives filed this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) collective action and class action under Federal Rule of Civil Procedure 23 ("Rule 23") to recover unpaid overtime wages against Defendant on March 4, 2014 (Doc. 1) and an Amended Complaint reasserting those same claims on January 14, 2015 (Doc. 39);

WHEREAS, Defendant filed Answers denying the material allegations in the Complaint and Amended Complaint on April 7, 2014, and January 28, 2015, respectively (Docs. 4, 47);

WHEREAS, over the course of the litigation, the parties have engaged in substantial discovery and exchange of information, including electronic pay and time data for every class member, and conducted numerous depositions;

WHEREAS, pursuant to 29 U.S.C. § 216(b), the Court conditionally certified two FLSA collective classes for purposes of pursuing Plaintiffs' federal late overtime ("FLSA Late

---

[1] Initial caps are used to reflect terms defined within this Settlement Agreement.

1

Overtime") and miscalculated overtime ("FLSA Miscalculated Overtime") claims in the Lawsuit on March 30, 2016 (Doc. 165);

WHEREAS, approximately 359 individuals, including the Class Representatives, opted into the FLSA collective action ("FLSA Opt-in Plaintiffs");

WHEREAS, the Court certified the following three Rule 23 classes of Missouri employees, on September 27, 2016, to pursue Missouri state law claims for unpaid overtime: (1) All non-exempt persons employed by Cerner in Missouri, at any time since March 5, 2012, through the final judgment in this matter, whose overtime compensation was not paid on the next regular payday for the period in which the overtime work was performed ("Late Payment of Overtime Class"); (2) All non-exempt persons employed by Cerner in Missouri, at any time since March 5, 2012, through the final judgment in this matter, who received overtime compensation that was calculated based upon a "regular rate" of pay that excluded On-Call Pay, Wellness Incentive Bonuses, Night Differentials, Security Differentials – ARM, Retro Wellness Incentives, and/or Holiday Differential Pay ("Miscalculated Overtime Class"); and (3) All non-exempt persons employed by Cerner in Missouri, at any time since March 5, 2012, through the final judgment in this matter, who were purportedly compensated based on the fluctuating workweek method of pay and: (i) whose overtime compensation was not paid on the next regular payday for the period in which the overtime work was performed; and/or (ii) who were paid additional compensation beyond their "fixed" salary ("Fluctuating Work Week Class"). (Doc. 215);

WHEREAS, on May 4, 2017, Plaintiffs administered notice to 3,192 individuals in the three Rule 23 classes (Doc. 249) and received opt-out requests from 14 individuals, leaving

2

approximately 3,178 individuals in the Rule 23 classes (collectively "Rule 23 Class Members") (Doc. 250);

WHEREAS, in discovery and also in connection with mediations and settlement discussions throughout the course of the litigation, the parties exchanged substantial information, data, and documents necessary to fully and fairly evaluate the claims of putative class members, including comprehensive data for all FLSA Opt-in Plaintiffs and Rule 23 Class Members;

WHEREAS, after participating in two unsuccessful mediations in August 2014 and June 2016, the parties participated in a third mediation on August 18, 2017, in Kansas City, Missouri, with private mediator, Hunter Hughes. The parties reached an agreement fully and finally settling the claims in the Lawsuit (the "Settlement"), and hereby reduce those terms to a formal agreement for Court approval;

WHEREAS, Defendant denies all the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to these alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving the final result through the litigation process would require substantial additional risk, discovery, time, and expense to both parties;

WHEREAS, the Class Representatives and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of all class members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as

Case 4:14-cv-00204-FJG   Document 266-1   Filed 06/06/18   Page 3 of 55

provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, the parties have agreed to settle this case as to all FLSA Opt-in Plaintiffs and all Rule 23 Class Members.

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1.     **Settlement.** It is agreed by and among the parties that this Lawsuit and all state and federal wage and hour claims that were or could have been brought in this Lawsuit, be settled and compromised as between the FLSA Opt-in Plaintiffs and Rule 23 Class Members on the one hand, and Defendant on the other hand, subject to court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

2.     **Settlement Total Available To Class.** This is a claims-made reversionary settlement as to all FLSA Opt-in Plaintiffs and Rule 23 Class Members, in which only Rule 23 Class Members who did not previously return an FLSA opt-in consent form must return a claim form, acknowledging that they consent to release both federal and Missouri state law claims, to receive a proportionate share. The gross fund, excluding Approved Attorneys' Fees and Costs, shall equal four million, five hundred thousand dollars ($4,500,000.00) ("Settlement Total Available to Class").

3.     <u>**Payments Allocated to Class Members.**</u>  The Settlement Total Available to Class is allocated to FLSA Opt-in Plaintiffs and Rule 23 Class Members as follows:[2]

(a)     **"Minimum Allocation".**  From the Settlement Total Available to Class, each FLSA Opt-in Plaintiff and each Rule 23 Class Member shall be allocated two hundred and fifty dollars ($250.00) as a minimum amount in exchange for their release of claims asserted in this Lawsuit ("Minimum Allocation"). FLSA Opt-in Plaintiffs who are also Rule 23 Class Members are each allocated only one (1) two-hundred-and-fifty dollar ($250.00) Minimum Allocation.[3]

(b)     **"Net Settlement Total Available to Class".**  The Settlement Total Available to Class ($4,500,000), minus Approved Service Awards (described in Paragraph 4), minus the Total Minimum Allocation, equals the Net Settlement Total Available to Class.  This Net Settlement Total Available to Class shall be allocated as follows:

(i)     **Rule 23 Class Members & Missouri-based FLSA Opt-in Plaintiffs.**

a) Rule 23 Late Overtime Class Members, which also includes all FLSA Late Overtime Opt-in Plaintiffs who worked at least one workweek in the SNE pay group in Missouri, (collectively "Rule 23 Late Overtime Class Members") shall each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-June 3, 2014; <u>plus</u>

---

[2] As described in Paragraph 8, Rule 23 Class Members who did not previously opt into the FLSA collective action are required to return a claim form agreeing to release both state and federal claims in order to receive their eligible allocation of the Settlement Total Available to Class.

[3] The Minimum Allocation is intended to compensate for release of the FLSA and Rule 23 Miscalculated Overtime claims.

5

b) Rule 23 Fluctuating Work Week Class Members, which also includes all FLSA Opt-in Plaintiffs who worked at least one workweek in the SNE pay group in Missouri, (collectively "Rule 23 Fluctuating Work Week Class Members"), who earned ON3, NDF, or ARM at any time since March 5, 2012, shall each receive three (3) points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-April 8, 2016.

(ii) **FLSA Opt-in Plaintiffs Outside Missouri.**

a) FLSA Late Overtime Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-June 3, 2014; <u>plus</u>

b) FLSA Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, who earned ON3, NDF, or ARM at any time since September 7, 2012, shall each receive three (3) points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-April 8, 2016.

(iii) **Pro Rata Share.** The points for all Rule 23 Class Members and FLSA Opt-in Plaintiffs are totaled, and each individual's points are divided by the total number of all points to determine his/her percentage

6

allocation of the Net Settlement Total Available to Class. Each Rule 23 Class Member and FLSA Opt-in Plaintiff is allocated a pro rata share of the Net Settlement Total Available to Class ("Pro Rata Share").

(c) **Eligible Settlement Amount.** Following Court approval, each Rule 23 Class Member and FLSA Opt-in Plaintiff is eligible to receive a Minimum Allocation, plus his or her Pro Rata Share of the Net Settlement Total Available to Class, plus any Approved Service Award ("Eligible Settlement Amount"). In order to receive the Eligible Settlement Amount, Rule 23 Class Members who did not previously opt into the FLSA collective action must return a claim form, as described in Paragraph 8. FLSA Opt-in Plaintiffs are not required to return a claim form and will automatically receive their Eligible Settlement Amount following Court approval.

4. <u>Service Awards</u>. The two Class Representatives will each receive a service award, subject to Court approval, in an amount not to exceed seven thousand, five hundred dollars ($7,500) ("Service Awards"). Defendant does not oppose the amount of these Service Awards. The Service Awards will be deducted from the Settlement Total Available to Class ($4,500,000). The enforceability and binding nature of this Settlement Agreement shall not be impacted in any manner in the event that the Court refuses to award the entire amount sought by the Class Representatives for the Service Awards.

5. <u>**Reasonable Attorneys' Fees and Costs**</u>. Class Counsel Davis George Mook LLC and Reavey Law LLC will apply for an award of attorneys' fees (including costs, as described below) to be approved by the Court to the extent it deems such award and amount reasonable. The application for fees shall not exceed two million dollars ($2,000,000) inclusive

7

of costs and expenses but exclusive of the Settlement Administrator costs to administer the settlement. Defendant does not oppose such application and waives any right to appeal the Court's fee and/or Service Awards, provided such awards do not exceed the amounts listed in this Settlement Agreement. Defendant shall not have any responsibility for allocating or distributing either the fees or the costs and expenses among Class Counsel. The Settlement Administrator shall report the payment to Class Counsel using an IRS Form 1099. The enforceability and binding nature of this Settlement Agreement shall not be impacted in any manner in the event that the Court rejects Class Counsel's application for fees and costs or awards an amount less than requested.

6. **Settlement Approval Process.**

(a) **Cooperation & Good Faith.** The parties will cooperate and will act in good faith to file the preliminary approval papers no later than November 3, 2017.

(b) **Joint Motion for Preliminary Settlement Approval.** After all parties have executed this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a Joint Motion for Preliminary Approval of Settlement, which shall include or seek the following:

(i) Preliminary approval of the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

(ii) Final Certification for settlement purposes of a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

(iii) Approval of the Notice and Claim Form substantially in the form of Exhibit A, for distribution to all Rule 23 Class Members who did not opt into the FLSA collective action;

8

(iv)    Approval of the Notice substantially in the form of Exhibit B for distribution to all FLSA Opt-in Plaintiffs who are also Rule 23 class members (*i.e.*, FLSA opt-ins who worked in Missouri);

(v)    Approval of the Notice substantially in the form of Exhibit C for distribution to all FLSA Opt-in Plaintiffs who are not Rule 23 class members (*i.e.*, FLSA opt-ins who worked exclusively outside of Missouri);

(vi)    A direction to the Settlement Administrator to distribute the Notices in the form approved by the Court to all Rule 23 Class Members and all FLSA Opt-in Plaintiffs;

(vii)    A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

(viii)    A direction that each Rule 23 Class Member who did not opt into the FLSA collective action and who wishes to make a claim under this Settlement must return a signed claim form per the instructions set forth in the Notice, acknowledging that his/her participation will result in the release of both his/her federal and state claims, and that his/her claim form must be post-marked and addressed to or received by the

9

Settlement Administrator or Class Counsel within sixty (60) days following mailing of the Notice;

(ix) A direction that each Rule 23 Class Member who wishes to be excluded from the Settlement must opt-out per the instructions set forth in the Notice, and that his/her opt-out request must be received by the date set forth in the Preliminary Approval Order;

(x) A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Settlement shall be bound in the event the Court issues a Final Order Approving Settlement;

(xi) A direction enjoining Rule 23 Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement Agreement unless and until such Rule 23 Class Members have filed valid exclusion forms with the Settlement Administrator and the time for filing claims with the Settlement Administrator has elapsed;

(xii) The scheduling of a Fairness Hearing to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

(xiii) A direction that Class Counsel shall catalog written requests received from Rule 23 Class Members asking to be excluded from the Settlement and shall report the names and addresses of such persons to

10

the Court and to Defendant no less than ten (10) days before the Fairness Hearing;

(xiv)    A direction that Class Counsel shall file both a Fee and Expense Application and a Service Award Application twenty-one (21) days prior to the Fairness Hearing;

(xv)    A direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objection to the application for attorneys' fees or Service Awards shall be filed seven (7) days before the Fairness Hearing;

(xvi)    A direction that the Court shall determine at the Fairness Hearing in what amount attorneys' fees (inclusive of costs and expenses but exclusive of the Settlement Administrator costs to administer the settlement) should be awarded to Class Counsel and in what amount Service Awards will be awarded to Class Representatives; and

(xvii)    A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than sixty (60) days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Rule 23 Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

11

(c)     **Objection to Settlement.** Any Rule 23 Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Approval Order (which shall be sixty (60) days after the mailing of the Class Notice), which shall be no less than fifteen (15) business days before the Fairness Hearing, file any such objection with the Clerk of the Court for the United States District Court, Western District of Missouri and provide copies of the objection to: Tracey George, Davis George Mook LLC, 1600 Genessee St., Suite 328, Kansas City, MO 64102 and to Amy Crouch, Shook, Hardy & Bacon L.L.P., 2555 Grand Blvd., Kansas City, MO 64108.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) the objector's Cerner Associate I.D. number; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement whether the objector intends to appear at the Fairness Hearing; and (vii) the objector's signature, even if (s)he is represented by counsel. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing.

Any Rule 23 Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

(d)     **Request for Exclusion.** Any Rule 23 Class Member who wishes to be excluded from the Settlement must submit a request for exclusion to the address specified in the Class Notice by the date specified in the Preliminary Approval Order (which shall be sixty (60)

12

days after the mailing of the Notice), which shall be no less than fifteen (15) business days before the Fairness Hearing. To be effective, the request for exclusion must (i) include the Class Member's full name, address, and telephone number, (ii) include the Class Member's Cerner Associate I.D. number, and, (iii) specifically state his or her desire to be excluded from the Settlement in *Fred Speer and Mike McGuirk, individually and on behalf of others similarly situated v. Cerner Corporation*, Case No, 4:14-cv-00204-FJG.

Any Rule 23 Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

(e) **Fairness Hearing.** On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate, and (ii) decide any petitions for attorneys' fees and costs and applications for Service Awards to Class Representatives.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to the Federal Rule of Civil Procedure 54(b) shall be entered as follows:

(i) Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Rule 23 Class and FLSA Opt-in Plaintiffs;

(ii) Declaring the Settlement Agreement to be binding on Defendant and the Class Representatives, as well as all of the FLSA Opt-in Plaintiffs and each Rule 23 Class Member who has not been excluded;

(iii) Dismissing with prejudice the released claims and permanently barring and enjoining all FLSA Opt-in Plaintiffs and each Rule 23 Class Members who

Case 4:14-cv-00204-FJG   Document 266-1   Filed 06/06/18   Page 13 of 55

has not been excluded from filing or prosecuting against Defendant any claims according to the applicable releases described in this Settlement Agreement;

(iv) Dismissing without prejudice the claims of Rule 23 Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

(v) Forever discharging Defendant from all released claims; and

(vi) Indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel and the amount of the Class Representatives' Service Awards.

7. **Settlement Administrator.** If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by the lowest bidder of Analytics, Inc. or Class Action Administration LLC, third-party administrators ("Settlement Administrator"). Fees and expenses of the Settlement Administrator shall be paid directly by Defendant.

8. **Settlement Administration.** The parties agree to the following procedure for settlement administration:

(a) **Class Data.** All data and information provided pursuant to this Settlement Agreement shall be designated and treated as "Strictly Confidential" pursuant to the Protective Order entered in this case on December 12, 2014. Class Counsel shall be responsible for obtaining acknowledgement from the Settlement Administrator and otherwise ensuring that all terms of the Protective Order are upheld. Within ten (10) business days after the Court preliminarily approves the Settlement Agreement, or fourteen (14) days after the parties file their

14

motion for preliminary approval of this Settlement Agreement, whichever date is later, Defendant will provide (in a secure fashion) updated names, last known addresses and phone numbers (if available) of Rule 23 Class Members to the Settlement Administrator and Class Counsel ("Contact Information"). Within the same time, Defendant will provide (in a secure fashion) the information identified below to the Settlement Administrator to enable the Settlement Administrator to obtain current Contact Information and perform the calculations specified in Paragraph 3, including:

    (i)    For each Rule 23 Class Member (which includes FLSA Opt-in Plaintiffs who worked in Missouri): (1) social security number, (2) state(s) of employment, (3) start and end dates of employment or "SNE" classification, (4) total overtime dollars Cerner paid to him/her on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-June 3, 2014, (5) if (s)he earned ON3, NDF, or ARM at any time since March 5, 2012, total overtime dollars Cerner paid to him/her on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-April 8, 2016.

    (ii)    For each FLSA Opt-in Plaintiff who worked exclusively outside of Missouri: (1) social security number, (2) state of employment, (3) start and end dates of employment or "SNE" classification, (4) total overtime dollars Cerner paid to him/her on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-June 3, 2014, (5) if (s)he earned ON3, NDF, or ARM at any

15

time since September 7, 2012, total overtime dollars Cerner paid to him/her on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-April 8, 2016.

Within the same time, Defendant shall provide to Class Counsel (in a secure fashion) complete, updated electronic payroll data, in Microsoft Excel format, for all FLSA Opt-in Plaintiffs and Rule 23 Class Members, sufficient to enable Class Counsel to independently verify the total overtime dollar calculations provided to the Settlement Administrator.

All information provided by Defendant must be maintained in a secure manner, shall be held in confidence, and shall be used solely for purposes of effectuating this Settlement Agreement. The Settlement Administrator will make reasonable efforts to obtain valid, current addresses for Notice Class Members through the national change of address database. For each Rule 23 Class Member and FLSA Opt-in Plaintiff whose Notice is returned as undeliverable, a skip trace will be performed with one re-mailing.

Within ten business days of the Court finally dismissing this action following completion of the Settlement, all data and information provided by Defendant to Class Counsel and/or the Settlement Administrator (at any time during the course of this litigation) shall be returned or destroyed and written confirmation of such action must be provided to Defendant.

(b)     **Settlement Calculations.** Upon receipt of the information specified in the previous subparagraph, the Settlement Administrator shall calculate the Eligible Settlement Amount for each Rule 23 Class Member and FLSA Opt-in Plaintiff and also update/verify each individual's Contact Information. The settlement allocations shall be calculated pursuant to the formula provided in Paragraph 3 of this Settlement Agreement, and the Settlement Administrator shall provide the calculations to Class and Defendant's Counsel for review and approval within

16

seven (7) days of receipt of the information specified in the previous subparagraph. Class and Defendant's Counsel must raise any objections to such calculations within five (5) business days of receipt of the calculations from the Settlement Administrator. If the objection(s) cannot be resolved by the parties and the Settlement Administrator within five (5) business days of being raised, the parties will present the objection(s) to the Court within five (5) business days for resolution. The resulting calculations will be final ("Final Settlement Calculations"). Within five (5) days of the Court's Final Order Approving Settlement, the Settlement Administrator will provide Class and Defendant's Counsel with a statement showing all amounts owed to create the Settlement Fund (the "Settlement Fund Statement"). The Settlement Fund Statement shall not disclose the names of Rule 23 Claimants.

        (c)     **Issuance of Notice and Claim Form.**

              (i)     Within ten (10) days of obtaining Final Settlement Calculations, the Settlement Administrator shall mail the Rule 23 Notice of Settlement ("Rule 23 Notice") in a form substantially similar to what is attached hereto and made part of this Settlement Agreement as Exhibit A to all Rule 23 Class Members who did not previously opt into this lawsuit, *e.g.*, the Rule 23 Class Members excluding all FLSA Opt-In Plaintiffs. The Rule 23 Notice shall inform each Rule 23 Class Member of his/her right to opt-out of the Settlement and the Eligible Settlement Amount he/she may be entitled to receive if (s)he chooses to participate in the Settlement. The Rule 23 Notice shall state at the top, "You Are Eligible To Participate In This Settlement Even If You Signed Cerner's Arbitration Agreement." The Rule 23 Notice shall

also state, "Cerner will not be informed of the identity of those who choose to participate." Class and Defendant's Counsel agree that Cerner may have a need to obtain identifying information in the future, including if litigation related to the matters addressed in this Settlement Agreement is threatened or filed against Cerner in the future. If such a situation arises, Class and Defendant's Counsel agree to work together to resolve the matter. If they are unable to do so, Class and Defendant's Counsel agree to submit the matter for resolution to Hunter Hughes.

(ii) Each Rule 23 Notice shall include a Settlement Claim Form ("Rule 23 Claim Form") in a form substantially similar to what is attached hereto and made part of this Settlement Agreement, along with the Rule 23 Notice. The Rule 23 Claim Form shall provide a mechanism for each Rule 23 Class Member to affirm by signature that he/she wishes to make a claim against the Settlement Fund, that he/she understands that, even though he/she did not previously opt in to the FLSA Class, the recovery available to Rule 23 Class Members is wholly inclusive of the recovery available to FLSA Opt-Ins, and he/she thereby consents to release both federal and Missouri state law overtime claims. The Rule 23 Notice shall include a postage-paid, addressed return envelope, and Rule 23 Class Members wishing to make a claim under the Settlement must sign, postmark and mail Rule 23 Claim Forms no later than sixty (60) days following the Settlement

18

Administrator's mailing of the Rule 23 Notice, and in any event, such signed claim forms must be in the possession of or postmarked to the Settlement Administrator or Class Counsel no later than 60 days from the mailing of Rule 23 Notice. Only those Rule 23 Class Members who satisfy these requirements will become "Rule 23 Claimants" for the purposes of this Settlement Agreement.

(iii)    If any Rule 23 Notices are returned by the U.S. Postal Service ("USPS") as undeliverable, Defendant agrees to provide (in a secure fashion) date-of-birth information to the Settlement Administrator, where available. The Rule 23 Notices will be promptly re-mailed to an updated address where available following skip tracing. If, after mailing to the updated address, the Rule 23 Notice is returned by the USPS as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Rule 23 Notice to that Notice Class Member.

(iv)    Within ten (10) days of obtaining Final Settlement Calculations, the Settlement Administrator shall also issue to each FLSA Opt-In Plaintiff who worked at any time in the state of Missouri a notice in a form substantially similar to what is attached as Exhibit B to this Settlement Agreement. The Notice shall inform each FLSA Opt-In Plaintiff of his/her Eligible Settlement Amount and fully describe the release of federal and Missouri state law claims.

19

(v)     Within ten (10) days of obtaining Final Settlement Calculations, the Settlement Administrator shall also issue to each FLSA Opt-In Plaintiff who worked exclusively outside the state of Missouri a notice in a form substantially similar to what is attached as Exhibit C to this Settlement Agreement.  The Notice shall inform each FLSA Opt-In Plaintiff of his/her Eligible Settlement Amount and fully describe the release of federal claims.

(vi)    Within ten (10) days of obtaining Final Settlement Calculations, Class Counsel shall post a copy of the Settlement Agreement and any amendments thereto on its website, and the notices described within this Paragraph shall notify Rule 23 Class Members and FLSA Opt-in Plaintiffs of their ability to view the Settlement documents on Class Counsel's website.

(d)     **Communications.**  The Settlement Administrator shall provide periodic updates to the Parties regarding the status of the claims administration process.  However, the Settlement Administrator shall not disclose to Defendant the names of Rule 23 Claimants.

**9.      Release.**

(a)     Upon the Court entering a Final Order Approving Settlement, Rule 23 Claimants and FLSA Opt-In Plaintiffs will release all federal and state law wage and hour claims against Defendant that were or could have been asserted in this Lawsuit, through the date of the Final Order Approving Settlement.

(b)     Rule 23 Notice recipients, who did not previously opt in to the FLSA class, and who do not return a valid Claim Form or affirmatively exclude themselves, will

20

release Defendant from any Missouri state wage and hour claims that were or could have been asserted in this Lawsuit through the date of the Final Order Approving Settlement, but will not release their FLSA claims, if any.

(c)     Rule 23 Notice recipients, who did not previously opt in to the FLSA class, and who submit timely requests for exclusion from the Settlement, will not release any claims asserted in the Lawsuit and no statutes of limitations will be tolled for any period of time for future claims such Class Members may choose to bring.

(d)     FLSA Opt-Ins who worked exclusively outside of Missouri will release all federal wage and hour claims against Defendant that were or could have been asserted in this Lawsuit, through the date of the Final Order Approving Settlement.

(e)     The Class Representatives, if awarded their requested Services Payments, will release all federal and Missouri state law claims against Defendant of which they know or reasonably should know as of the date of the Final Order Approving Settlement.

(f)     Such releases will be effective as of the date of the Final Order Approving Settlement.

10.     **Settlement Fund.**   The Settlement Total Available to Class (which includes approved Service Awards) plus Approved Attorneys' Fees and Costs shall be paid to a Qualified Settlement Fund established by the Settlement Administrator on or before ten (10) business days after the Court's approval of the Settlement has become a final, non-appealable order (which shall be 10 business days following the final approval order if no objection is filed and 40 days following the final approval order if an objection is filed but no appeal is filed).  These funds shall be placed in an account accessible to only the Settlement Administrator ("Qualified Settlement Fund").

Case 4:14-cv-00204-FJG   Document 266-1   Filed 06/06/18   Page 21 of 55

11. <u>Settlement Payments</u>.

(a) **Settlement Checks.** Within ten (10) days after payment is made to the Qualified Settlement Fund, the Settlement Administrator shall issue payment from the Qualified Settlement Fund to Class Counsel for the Court-approved attorneys' fees and costs, to the Class Representatives for the Court-approved Service Awards, and for the final Eligible Settlement Amounts to FLSA Opt-In Plaintiffs and Rule 23 Claimants.

(b) **Reissuing of Payments.** If any settlement checks are returned as undeliverable, the Settlement Administrator shall promptly attempt to locate the person. Upon request by an FLSA Opt-In Plaintiff or a Rule 23 Claimant within one-hundred twenty (120) days following issuance of the settlement checks, the Settlement Administrator will promptly reissue checks that were mailed but not cashed by the FLSA Opt-In Plaintiff or Rule 23 Claimant. After one-hundred twenty (120) days following initial issuance of the settlement checks (with the exception of Eligible Settlement Amounts outstanding on reissued settlement checks only), all un-cashed checks shall be voided, a stop-pay notice will be placed on such checks, and the amount of any proceeds remaining in the Qualified Settlement Fund shall revert to Defendant. After two-hundred forty (240) days following initial issuance of the settlement checks, all remaining un-cashed checks shall be voided, a stop-pay notice will be placed on such checks, and the amount of any proceeds remaining in the Qualified Settlement Fund shall revert to Defendant.

(c) **Tax Treatment.** For tax purposes, one-half of each FLSA Opt-In Plaintiff's and Rule 23 Claimant's settlement amount shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2. The remaining one-half

of the settlement amount shall be deemed compensation for interest and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Any such tax documents will be provided to each FLSA Opt-In Plaintiff and Rule 23 Claimant by the Settlement Administrator. The amounts payable under this Settlement Agreement will not trigger any additional benefits or liabilities under Defendant's benefits plans, including any retirement plans in which FLSA Opt-In Plaintiff's and Rule 23 Claimants participate. It is the intent of this Settlement Agreement that the amount payable provided for in this Settlement Agreement is the sole payment to be made by Defendant, and that no FLSA Opt-In Plaintiff or Rule 23 Claimant shall be entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement Agreement). Attorneys' fees and costs paid pursuant to Paragraph 5 shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose, on an IRS Form 1099. FLSA Opt-In Plaintiffs, Rule 23 Claimants, and Class Counsel agree to indemnify Defendant should any of them fail to pay his/her/its portion of any taxes due on the amounts payable. Defendant will bear the employer's share of payroll taxes separately from the Settlement Fund.

12. **Potential Voiding of the Settlement Agreement.** If the Court fails to approve any material condition of this Settlement Agreement, or if the Court by its actions modifies a material condition of this Settlement Agreement, that effects a fundamental change of the Parties' Settlement Agreement, the entire Settlement Agreement shall be rendered void and unenforceable as to all Parties herein, unless expressly agreed in writing by all Parties. However,

23

neither party may void the Settlement Agreement based on the Court's approval or non-approval of the amount of attorneys' fees or costs or the Service Awards, provided they do not exceed the amounts listed in this Settlement Agreement.

13. **Service or Notice.** Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Defendant, Defendant's Counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below:

  As to Class Counsel or Plaintiffs:

> Tracey George
> Davis George Mook LLC
> 1600 Genessee St., Suite 328
> Kansas City, MO 64102

  As to Defendant:

> Amy Crouch
> Shook Hardy & Bacon L.L.P.
> 2555 Grand Blvd.
> Kansas City, MO 64108-2613

14. **No Admission of Liability.** By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement nor any document, statement, proceeding, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall under any circumstances be:

  (a) Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Defendant, including but not limited to evidence of

24

any presumption, concession, indication, or admission by Defendant of any liability, fault, wrongdoing, omission, concession, or damages; or

        (b)     Disclosed, referred to, or offered or received in evidence against Defendant, in any further proceeding in the Lawsuit or any other civil, criminal, or administrative action or proceeding except for purposes of settling this Lawsuit pursuant to the Settlement Agreement.

        **15.**     **Choice of Law.**   The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Missouri whether or not any party is or may hereafter be a resident of another state.

        **16.**     **Extension of Time.**  The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

        **17.**     **No Waivers, Modifications, Amendments.**   This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party,

notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

18. **Court Retains Jurisdiction to Enforce Agreement.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. Any action to enforce this Settlement Agreement shall be commenced and maintained only in this Court.

19. **Severability.** If any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other part or provision of this Settlement Agreement.

20. **Counterparts.** This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval with the Final Order Approving Settlement and there is no further recourse by an appellant or objector who seeks to contest the Settlement Agreement. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Class Representatives and Defendant had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

21. **Corporate Signatories.** Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such

Case 4:14-cv-00204-FJG   Document 266-1   Filed 06/06/18   Page 26 of 55

person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

22. **Captions.** The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

23. **No third-party beneficiaries.** This Agreement shall not be construed to create rights in, or to grant remedies to, or to delegate any duty, obligation, or undertaking established herein to any third party as a beneficiary of this Agreement.

24. **Binding Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors and assigns.

25. **Statements to the Media.** The Parties' negotiations shall be held confidential other than necessary disclosures made to the Court. Class Counsel and the Named Plaintiffs shall not issue, nor cause to be issued, any statements to the media regarding the Settlement or any of its terms.

26. **Privacy of documents and information.** Named Plaintiffs and Class Counsel agree that they will not disclose to any third parties, or use for any purpose, documents and confidential information obtained in the course of the litigation, including information exchanged pursuant to settlement discussions, except that this Section shall not apply in any action to enforce or interpret the terms of this Agreement, and also shall not apply to the extent any party is required by subpoena or other legal process to disclose this information.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**PLAINTIFFS**

By: _Fred Speer_

Printed Name: __Fred Speer__

Title: __Class Representative__

Date: __11/8/2017__

By: _Mike McGuirk_

Printed Name: __Mike McGuirk__

Title: __Class Representative__

Date: __11/8/2017__

**DEFENDANT CERNER CORPORATION**

By: _____

Printed Name: _____

Title: _____

Date: _____

28

**PLAINTIFFS**

By:_____

Printed Name:___Fred Speer_____

Title:___Class Representative_____

Date:_____


By:_____

Printed Name:___Mike McGuirk_____

Title:___Class Representative_____

Date:_____


**DEFENDANT CERNER CORPORATION**

By:_____

Printed Name: Randy D Sims

Title: Senior Vice President and Secretary

Date: 11/7/2017

28

Reviewed and approved as to form by counsel:

DAVIS GEORGE MOOK LLC (for Plaintiffs)

By:_____

Printed Name:___Tracey F. George_____

Date:_____11. 10. 2017_____


SHOOK HARDY & BACON L.L.P. (for Defendant)

By:_____

Printed Name:___Amy Crouch_____

Date:_____

Reviewed and approved as to form by counsel:

DAVIS GEORGE MOOK LLC (for Plaintiffs)

By:_____

Printed Name:___Tracey F. George_____

Date:_____


SHOOK HARDY & BACON L.L.P. (for Defendant)

By:_____

Printed Name:___Amy Crouch_____

Date:___11/8/17_____

# EXHIBIT A

## *Even If You Signed Cerner's Arbitration Agreement, You Are Still Eligible To Participate In This Settlement*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

## NOTICE OF CLASS SETTLEMENT

*This is not a solicitation from a lawyer. A Federal Court has ordered this Notice.*

**TO:** <<First_Name>> <<Last_Name>>

**YOUR ELIGIBLE SETTLEMENT AMOUNT: <<ELIGIBLE SETTLEMENT AMOUNT>>**

This notice is to inform you that the Parties have reached a Settlement Agreement ("Settlement") in the wage and hour lawsuit entitled Fred Speer et al. v. Cerner Corporation, No. 4:14-cv-00204-FJG (W.D. Mo.). You were previously notified that the Court certified three Missouri state law classes (described in Paragraph 2 below), and you are a member of one or more of the Missouri classes.

This Notice is to inform you about the Settlement, including your right to return a claim form to receive a share of the settlement funds for claims under Missouri law if the Settlement is approved. **Your legal rights are affected and you have a choice to make in this action now:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the <u>only</u> way to receive money in this case. |
| **EXCLUDE YOURSELF** | Get no payment from this lawsuit. But, you will retain any rights you may have regarding the claims in this case. CAUTION: If you wish to pursue your own, separate legal action for the claims in this lawsuit, you should consult an attorney regarding the applicable statute of limitations prior to excluding yourself. Many of the claims in this lawsuit cannot be pursued in a separate legal action because, unless that lawsuit is already on file, the claims may be time barred. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no money. Give up certain rights. |

This Notice explains your options. Please read it carefully. To make a claim or to exclude yourself from the Settlement, you must act before **[60 days from mailing]**.

## 1. WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs Fred Speer and Mike McGuirk ("Class Representatives") allege Cerner Corporation (and/or its predecessors, successors, subsidiaries, and affiliated entities, collectively "Cerner") violated the Fair Labor Standards Act and Missouri state law by: (i) failing to timely pay salaried, non-exempt employees their overtime wages, (ii) failing to properly calculate overtime wages to non-exempt employees who earned certain types of additional compensation, and (iii) failing to comply with the requirements for paying salaried, non-exempt employees' overtime on a fluctuating workweek basis (i.e. half-time overtime instead of time-and-a-half overtime). Cerner denies these allegations and has also set forth affirmative defenses. Cerner wishes to settle this litigation to avoid costly and time-consuming litigation, but does not admit to any wrongdoing or liability.

## 2. WHO IS INCLUDED IN THE SETTLEMENT?

The Court previously certified two classes under the federal Fair Labor Standards Act ("FLSA"). Court-approved notice was issued to eligible employees, but you did not opt in to the federal classes. Later, the Court certified the following three classes to pursue claims for untimely and improperly calculated overtime wages under Missouri state law:

All persons employed by Cerner in Missouri, at any time between **March 5, 2012—Present**, and:

(1) Whose overtime was not paid on the next regular payday for the period in which the overtime work was performed ("Late Overtime Class"); OR
(2) Who received overtime compensation that was calculated based upon a "regular rate" of pay that excluded On-Call Pay, Wellness Incentive Bonuses, Night Differentials, Security Differentials—ARM, Retro Wellness Incentives, and/or Holiday Differential Pay ("Miscalculated Overtime Class"); OR
(3) Who were purportedly compensated based upon the fluctuating workweek method of pay and: (i) whose overtime compensation was not paid on the next regular payday for the period in which the overtime work was performed; and/or (ii) who were paid additional compensation beyond their "fixed" salary ("Fluctuating Workweek Class").

Cerner payroll records indicate you are a member of one or more of these three classes and you did not exclude yourself when previously notified that the classes had been certified. This Settlement is designed to compensate you with money for both your federal FLSA <u>and</u> Missouri state law wage claims as explained in Paragraph 6 below.

## 3. WHAT ARE THE BENEFITS AND TERMS OF THE SETTLEMENT?

Cerner has agreed to pay $4,500,000 ("Settlement Total Available to Class"), plus attorneys' fees and costs and administration costs, to resolve the class claims. **If you elect to return a claim form**, and if the Court approves the Settlement, you will receive your Eligible Settlement Amount reflected on page 1 of this Notice of Class Settlement.

Your Eligible Settlement Amount includes a Minimum Allocation of $250 (intended to compensate for Miscalculated Overtime Class claims), plus your pro rata share of the Settlement Total Available to Class, minus Service Awards, minus the total Minimum Allocation ("Net Settlement Total Available to Class"). This pro rata formula is determined as follows:

(i) **Rule 23 Class Members & Missouri-based FLSA Opt-in Plaintiffs.**

a) Rule 23 Late Overtime Class Members and FLSA Opt-in Plaintiffs who worked in Missouri shall each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-June 3, 2014; plus

b) Rule 23 Fluctuating Work Week Class Members and FLSA Opt-in Plaintiffs who worked in Missouri who earned ON3, NDF, or ARM at any time since March 5, 2012, shall each receive three (3) additional points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-April 8, 2016.

(ii) **FLSA Opt-in Plaintiffs Outside Missouri.**

a) FLSA Late Overtime Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-June 3, 2014; plus

b) FLSA Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, who earned ON3, NDF, or ARM at any time since September 7, 2012, shall each receive three (3) additional points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-April 8, 2016.

**Pro Rata Share.** The points for all Rule 23 Class Members and FLSA Opt-in Plaintiffs are totaled, and each individual's total points are divided by the total number of all points to determine his/her percentage allocation of the Net Settlement Total Available to Class. ("Pro Rata Share").

One half of each Class Member's settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes and any other withholdings required by law, and will be reported on an IRS Form W-2. The remaining one-half of the settlement payment is considered compensation for interest and liquidated damages, will not be subject to payroll withholdings, and will be reported on an IRS Form 1099. Please consult with your accountant or tax advisor regarding the tax consequences of the settlement payment. Further, Class Members' settlement payments do not trigger any additional benefits or liabilities under Cerner's benefit plans, including any retirement plans in which Class Members may participate.

| 4. | WHO IS CLASS COUNSEL? |
|---|---|

The Court appointed the following law firms and attorneys as Class Counsel to represent the Rule 23 Class members:

Tracey F. George
Brett A. Davis
DAVIS GEORGE MOOK LLC
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@dgmlawyers.com
brett@dgmlawyers.com

Patrick Reavey
Kevin C. Koc
REAVEY LAW LLC
1600 Genessee, Suite 303
Kansas City, Missouri 64102
(816) 474-6300  Telephone
(816) 474-6302  Facsimile
patrick@reaveylaw.com
kkoc@reaveylaw.com

## 5. HOW MUCH ARE ATTORNEYS' FEES, EXPENSES, AND THE SERVICE AWARDS?

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class. As part of the settlement, subject to Court Approval, Class Counsel will apply for fees in an amount not to exceed $2,000,000, including Class Counsel's costs and expenses. Under this settlement, Cerner will pay Class Counsel's attorneys' fees, costs and expenses. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Counsel will also ask the Court to approve service awards to the Class Representatives in an amount not to exceed $7,500 each. Class Members may object to the terms of the settlement, to Class Counsel's request for attorneys' fees and expenses, and/or to the service awards to the Class Representatives, as explained in Paragraph 9(c) below.

## 6. WHAT HAPPENS IF THE COURT APPROVES SETTLEMENT?

If the Court approves the proposed Settlement, the Court will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members will be barred from bringing their own lawsuits for recovery against Cerner as follows:

- **Class Members who do not exclude themselves from the Settlement and who return signed Claim Forms** will receive approved Settlement money proceeds, and be bound by the "Federal Wage Claims Release" and "Missouri State Wage Claims Release" (see below for a complete description of released claims) that arose in the course of such Class Member's employment with Cerner as a non-exempt employee between March 5, 2012, and the date of the Final Settlement Approval Order ("Release Period").

- **Class Members who do nothing (*e.g.*, do not exclude themselves from the Settlement, and who do not return signed Claim Forms)** will be bound by the "Missouri State Wage Claims Release" and release those claims that arose in the course of such Class Member's employment with Cerner during the Release Period, but they will not be bound by the "Federal Wage Claims Release," and those federal claims, if any, will not be released. Class Members who do nothing will not receive any Settlement money proceeds.

- **Class Members who validly and timely request exclusion from the Settlement**, will not release any federal or state wage claims, if any, and will not receive any Settlement money proceeds.

### RELEASE OF CLAIMS

Released Claims include any and all claims, rights, unknown claims, demands, liabilities, costs and causes of action arising during the Release Period that in any way related to employment with Cerner and that Plaintiffs alleged in this lawsuit, or which Plaintiffs could have alleged in this lawsuit, pursuant to either Missouri state law ("State Wage Claims Release") or federal law ("Federal Wage Claims Release"), including but not limited to the following:

(1) Any and all claims for the failure to timely pay overtime wages and associated penalties;
(2) Any and all claims for damages or penalties under federal or state laws due to failure to include bonus or other additional compensation payments in regular rate of pay for overtime calculations;

(3) Any and all claims for failure to meet the requirements for utilizing the fluctuating workweek method for calculating and paying overtime wages;

(4) Any and all claims for penalties, including without limitation liquidated and/or punitive damages relating to all claims released in subsections (1)-(3); and

(5) Any and all claims for interest, costs, attorneys' fees, equitable relief, or other types of available recovery relating to all claims released in subsections (1)-(4).

The "Federal Wage Claims Release" includes, but is not limited to the release of any and all federal wage-and-hour claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation, arbitration, and any other kind), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (the "FLSA") and the Portal to Portal Act, 29 U.S.C. § 251 et seq., arising during the Release Period, of the type described in Paragraphs 6(1)-6(5) above. These federal claims will be released if you submit a claim form now, even if you did not previously opt-in to the federal law classes.

The "Missouri State Wage Claims Release" includes, but is not limited to the release of any and all Missouri state law claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation, arbitration, and any other kind), arising during the Release Period, of the type described in Paragraphs 6(1)-6(5) above, including without limitation statutory, constitutional, contractual, or common law claims for wages, damages, attorneys' fees, unpaid costs, restitution, penalties, interest, or equitable relief.

Settlement Class Members who did not previously opt into the FLSA class and who do not return a Claim Form opting into this Settlement (which includes federal claims) will only be bound by the "Missouri State Wage Claims Release," but not the "Federal Wage Claims Release." Settlement Class Members who return a signed Claim Form electing to participate in one or more Settlement Claims (as described in Paragraph 3 above) will be bound by both the "Missouri State Wage Claims Release" and the "Federal Wage Claims Release." The Parties negotiated this Settlement to provide compensation, to those who elect to participate, for both state and federal claims. The recovery available for your Missouri state law claims is wholly inclusive of the recovery available for your federal claims. Plaintiffs and Class Counsel agree that this Settlement represents a reasonable compromise of both state and federal claims.

Settlement Class Members who wish to retain all their state and federal rights to pursue their own separate lawsuit for claims described in Paragraph 6(1)-6(5), if any, must submit a timely request for exclusion (see below).

| 7. | WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE SETTLEMENT? |
|----|--------------------------------------------------------------|

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or anything at all.

| 8. | WHEN IS THE FAIRNESS HEARING? |
|----|-------------------------------|

A hearing will be held before the Honorable Fernando J. Gaitan, District Court Judge, in the United States District Court for the Western District of Missouri on **[INSERT DATE]** at **[INSERT TIME]** at Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, Missouri 64106, Courtroom 7C. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as a Service Award to the Class Representatives. The time and date of this hearing may be changed without further notice.

If you decide to participate in the settlement, you do not need to attend the fairness hearing to receive money from any settlement the Court approves.

## 9. WHAT ARE MY OPTIONS REGARDING THE SETTLEMENT?

If you are receiving this Notice, you have the following options:

a. **Return a Signed Claim Form to Participate:** Enclosed is a Settlement Claim Form. You may elect to claim your Eligible Settlement Amount, reflected on page 1 of this Notice, by following the instructions on the enclosed Claim Form, and signing and returning the completed form in the enclosed, postage-paid envelope, no later than **[60 DAYS FROM MAILING]**.

By signing and returning a Claim Form, you acknowledge that you wish to participate in this Settlement and receive money proceeds approved by the Court and you acknowledge that your participation will release BOTH state and federal law claims. If the Court approves the Settlement, you will be eligible to receive a check for your Eligible Settlement Amount, less applicable tax and withholdings.

***Cerner will not be informed of the identity of those who choose to participate.***

b. **Request to be Excluded:** If you wish to be excluded from the Settlement, you must timely submit a request for exclusion. To be effective, the request for exclusion must (i) include your full name, address, and telephone number, (ii) include your Cerner Associate I.D. number, and (iii) specifically state your desire to be excluded from the settlement in the case *Fred Speer and Mike McGuirk, individually and on behalf of others similarly situated v. Cerner Corporation,* Case No. 4:14-cv-00204-FJG. Your request must be postmarked or received by **[60 days from mailing but no later than 15 days before the Fairness hearing]** and mailed to **[INSERT TPA ADDRESS]. If you exclude yourself, you will not receive any monies from the settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Class and being bound by any Settlement and final judgment. If you validly and timely request exclusion from the Settlement, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Cerner related to the subject matter of this Lawsuit. **CAUTION: If you wish to pursue your own, separate legal action for the claims listed above, you should consult an attorney regarding the applicable statute of limitations prior to excluding yourself from this lawsuit. Many of the claims in this lawsuit cannot be pursued in a separate legal action because, unless that lawsuit is already on file, the claims may be time barred.**

c. **Object:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the Settlement and/or to Class Counsel's request for attorneys' fees and expenses, and/or to the Service Awards to Class Representatives. If you object and the Settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the Litigation, and you will be bound by the Final Judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, and/or to the Service Awards to the Class Representatives, you must, on or before **[60 days from mailing notice but no later than 15 days before the Fairness**

**hearing]**: (1) file with the Clerk of the United States District Court for the Western District of Missouri, and (2) serve upon Tracey George, Davis George Mook LLC, 1600 Genessee St., Suite 328, Kansas City, MO 64102 (Class Counsel), and to Amy Crouch, Shook Hardy & Bacon L.L.P., 2555 Grand Blvd., Kansas City, MO 64108 (Counsel for Cerner), a written objection including: (a) your full name, address, and telephone number, (b) your Cerner Associate I.D. number, (c) a written statement of all grounds for the objection accompanied by any legal support for your objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement of whether you intend to appear at the Fairness Hearing, and (g) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objection in this matter will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

| **10.   ARE THERE MORE DETAILS AVAILABLE?** |
| --- |

For additional information you may (1) contact the Settlement Administrator at **[insert TPA contact number]**, (2) view the entire Settlement Agreement on Class Counsel's website at www.dgmlawyers.com/cernersettlement or (3) contact Class Counsel by (a) calling Tracey George at Davis George Mook LLC at 816-569-2629, or Kevin Koc at Reavey Law LLC at 816-474-6300, or (b) sending written correspondence to Davis George Mook LLC, ATTN: Cerner Settlement, 1600 Genessee St., Suite 328, Kansas City, MO 64102.


DATED:_____          BY ORDER OF THE COURT
                                        Clerk of the Court

# *Even If You Signed Cerner's Arbitration Agreement, You Are Still Eligible To Participate In This Settlement*

## THIS CLAIM FORM MUST BE SIGNED AND POSTMARKED BY [DATE]

### Fred Speer et al. v. Cerner Corporation
U.S. District Court, Western District of Missouri, Case No. 4:14-cv-00204-FJG

## SETTLEMENT CLAIM FORM

<<First_Name>> <<Last_Name>>          CLAIM NUMBER:  <<CLAIM NO>>
<<ADDRESS>>
<<CITY, STATE ZIPCODE>>

**ELIGIBLE SETTLEMENT AMOUNT: <<ELIGIBLE SETTLEMENT AMOUNT>>**

You should have reviewed the Rule 23 Settlement Notice mailed with this Claim Form to understand your rights under the preliminary Settlement of the wage claims asserted in this Lawsuit. If, after reviewing that Notice, you wish to participate in the Settlement and you consent to the release of BOTH your state and federal law claims, you must complete this Claim Form and return it no later than **[60 days from mailing]**.

If the Court grants final approval of the Settlement and you timely return this completed Claim Form, you will receive the Eligible Settlement Amount listed above, less applicable taxes and withholdings.

## CLAIMANT VERIFICATION

By signing below, I verify that I give my consent to participate in and make a claim against the Settlement.  I agree and understand that if the proposed Settlement is approved by the Court and becomes effective, then I will release both the Missouri state law and federal law claims described in the Settlement Notice, which accompanied this Claim Form.  I understand that, even though I did not previously opt-in to the FLSA Class, the recovery available to me now is wholly inclusive of the recovery available to FLSA Opt-Ins, and I thereby consent to release both federal and state overtime claims.

_____          _____
**Signature**                                                                **Date Signed**

*Cerner will not be informed of the identity of those who choose to participate.*

<u>IMPORTANT</u>:  If you have a name or address change, please fill out the form on the back of this page.

# EXHIBIT B

# NOTICE OF PROPOSED FEDERAL LAW COLLECTIVE AND MISSOURI STATE LAW CLASS ACTION SETTLEMENT

**Fred Speer et al. v. Cerner Corporation**

U.S. District Court, Western District of Missouri, Case No. 4:14-cv-00204-FJG

# YOU MAY BE ENTITLED TO BENEFITS UNDER THIS SETTLEMENT.

*You previously returned a consent to join this case. A Federal Court has ordered this Notice.*

**TO:** <<First_Name>> <<Last_Name>>

**YOUR ELIGIBLE SETTLEMENT AMOUNT: <<ELIGIBLE SETTLEMENT AMOUNT>>**

This notice is to inform you that the Parties have reached a Settlement Agreement ("Settlement") in the wage and hour lawsuit entitled Fred Speer et al. v. Cerner Corporation, No. 4:14-cv-00204-FJG (W.D. Mo.). You previously received notice of and consented to join this lawsuit against Cerner Corporation to recover unpaid overtime wages under the Fair Labor Standards Act (federal law). You were later notified that the Court certified three Missouri state law classes (described in Paragraph 2 below), and, because you did not exclude yourself, you are also a member of one or more of the Missouri classes.

This Notice is to inform you about the Settlement, including your right to receive a share of the settlement funds for claims under both the Fair Labor Standards Act (federal law) and Missouri state law if the Court approves the Settlement. **You do <u>not</u> need to do anything to participate in this Settlement and receive money proceeds. However, your legal rights are affected and you have options:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | Get a money payment for your share of the Settlement, if the Court approves it. Release your Missouri state and federal wage claims. |
| **EXCLUDE YOURSELF** | Get no payment from this lawsuit. But, you will retain any rights you may have regarding the claims in this case. CAUTION: If you wish to pursue your own, separate legal action for the claims in this lawsuit, you should consult an attorney regarding the applicable statute of limitations prior to excluding yourself. Many of the claims in this lawsuit cannot be pursued in a separate legal action because, unless that lawsuit is already on file, the claims may be time barred. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

This Notice explains your options. Please read it carefully. To exclude yourself from the Settlement, you must act before **[60 days from mailing]**.

| 1. | WHAT IS THIS LAWSUIT ABOUT? |
|---|---|

Plaintiffs Fred Speer and Mike McGuirk ("Class Representatives") allege Cerner Corporation (and/or its predecessors, successors, subsidiaries, and affiliated entities, collectively "Cerner") violated the federal Fair Labor Standards Act and Missouri state law by: (i) failing to timely pay salaried, non-exempt employees their overtime wages, (ii) failing to properly calculate overtime wages to non-exempt employees who earned certain types of additional compensation, and (iii) failing to comply with the requirements for paying salaried, non-exempt employees' overtime on a fluctuating workweek basis (*i.e.*, half-time overtime instead of time-and-a-half overtime). Cerner denies these allegations and has also set forth affirmative defenses. Cerner wishes to settle this litigation to avoid costly and time-consuming litigation, but does not admit to any wrongdoing or liability.

| 2. | WHO IS INCLUDED IN THE SETTLEMENT? |
|---|---|

The Court previously certified two classes under the federal Fair Labor Standards Act ("FLSA"). You received notice and consented to opt in to those classes. Later, the Court certified the following three "Rule 23" classes to pursue claims for untimely and improperly calculated overtime wages under Missouri state law:

All persons employed by Cerner in Missouri, at any time between **March 5, 2012—Present**, and:

(1) Whose overtime was not paid on the next regular payday for the period in which the overtime work was performed ("Late Overtime Class"); OR
(2) Who received overtime compensation that was calculated based upon a "regular rate" of pay that excluded On-Call Pay, Wellness Incentive Bonuses, Night Differentials, Security Differentials—ARM, Retro Wellness Incentives, and/or Holiday Differential Pay ("Miscalculated Overtime Class"); OR
(3) Who were purportedly compensated based upon the fluctuating workweek method of pay and: (i) whose overtime compensation was not paid on the next regular payday for the period in which the overtime work was performed; and/or (ii) who were paid additional compensation beyond their "fixed" salary ("Fluctuating Workweek Class").

Cerner payroll records indicate you are a member of one or more of these three Rule 23 classes and you did not exclude yourself when previously notified that the classes had been certified. This Settlement is designed to compensate you with money for both your federal FLSA <u>and</u> Missouri state law wage claims as explained in Paragraph 6 below.

| 3. | WHAT ARE THE BENEFITS AND TERMS OF THE SETTLEMENT? |
|---|---|

Cerner has agreed to pay $4,500,000 ("Settlement Total Available to Class"), plus attorneys' fees and costs and administration costs, to resolve the class claims. **If you do nothing,** and if the Court approves the Settlement, you will receive your Eligible Settlement Amount reflected on page 1 of this Notice.

Your Eligible Settlement Amount includes a Minimum Allocation of $250 (intended to compensate for Miscalculated Overtime Class claims), plus your pro rata share of the Settlement Total Available to

Class, minus Service Awards, minus the total Minimum Allocation ("Net Settlement Total Available to Class"). This pro rata formula is determined as follows:

    (i)   **Rule 23 Class Members & Missouri-based FLSA Opt-in Plaintiffs.**

        a)   Rule 23 Late Overtime Class Members and FLSA Opt-in Plaintiffs who worked in Missouri shall each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-June 3, 2014; <u>plus</u>

        b)   Rule 23 Fluctuating Work Week Class Members and FLSA Opt-in Plaintiffs who worked in Missouri who earned ON3, NDF, or ARM at any time since March 5, 2012, shall each receive three (3) additional points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-April 8, 2016.

    (ii)   **FLSA Opt-in Plaintiffs Outside Missouri.**

        a)   FLSA Late Overtime Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-June 3, 2014; <u>plus</u>

        b)   FLSA Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, who earned ON3, NDF, or ARM at any time since September 7, 2012, shall each receive three (3) additional points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-April 8, 2016.

**Pro Rata Share.** The points for all Rule 23 Class Members and FLSA Opt-in Plaintiffs are totaled, and each individual's total points are divided by the total number of all points to determine his/her percentage allocation of the Net Settlement Total Available to Class. ("Pro Rata Share").

One half of each Class Member's settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes and any other withholdings required by law, and will be reported on an IRS Form W-2. The remaining one-half of the settlement payment is considered compensation for interest and liquidated damages, will not be subject to payroll withholdings, and will be reported on an IRS Form 1099. Please consult with your accountant or tax advisor regarding the tax consequences of the settlement payment. Further, Class Members' settlement payments do not trigger any additional benefits or liabilities under Cerner's benefit plans, including any retirement plans in which Class Members may participate.

| 4. | WHO IS CLASS COUNSEL? |
|---|---|

The Court appointed the following law firms and attorneys as Class Counsel to represent the Opt-in Plaintiffs:

Tracey F. George
Brett A. Davis
DAVIS GEORGE MOOK LLC
1600 Genessee, Suite 328
Kansas City, Missouri 64102

Patrick Reavey
Kevin C. Koc
REAVEY LAW LLC
1600 Genessee, Suite 303
Kansas City, Missouri 64102

Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@dgmlawyers.com
brett@dgmlawyers.com

(816) 474-6300  Telephone
(816) 474-6302  Facsimile
patrick@reaveylaw.com
kkoc@reaveylaw.com

| 5. | HOW MUCH ARE ATTORNEYS' FEES, EXPENSES, AND THE SERVICE AWARDS? |
|---|---|

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class.  As part of the settlement, subject to Court Approval, Class Counsel will apply for fees in an amount not to exceed $2,000,000, including Class Counsel's costs and expenses.  Under this settlement, Cerner will pay Class Counsel's attorneys' fees, costs and expenses.  Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts.  Class Counsel will also ask the Court to approve service awards to the Class Representatives in an amount not to exceed $7,500 each.  Class Members may object to the terms of the settlement, to Class Counsel's request for attorneys' fees and expenses, and/or to the service awards to the Class Representatives, as explained in Paragraph 9(c) below.

| 6. | WHAT HAPPENS IF THE COURT APPROVES SETTLEMENT? |
|---|---|

If the Court approves the proposed Settlement, the Court will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all FLSA Opt-In Plaintiffs who worked in Missouri ("Missouri-based FLSA Opt-In Plaintiffs") who do not exclude themselves. Missouri-based FLSA Opt-In Plaintiffs will be barred from bringing their own lawsuits for recovery against Cerner as follows:

- **Missouri-based FLSA Opt-In Plaintiffs Who Do Nothing** will receive approved Settlement money proceeds and will be bound by the "Federal Wage Claims Release" and "Missouri State Wage Claims Release" (see below for a complete description of released claims) that arose in the course of such Plaintiff's employment with Cerner as a non-exempt employee up through the date of the Final Settlement Approval Order ("Release Period").

- **Missouri-based FLSA Opt-In Plaintiffs who validly and timely request exclusion from the Settlement**, will not release any federal or Missouri state wage claims, if any, and will not receive any Settlement money proceeds.

**RELEASE OF CLAIMS**

Released Claims include any and all claims, rights, unknown claims, demands, liabilities, costs and causes of action arising during the Release Period that in any way related to employment with Cerner and that Plaintiffs alleged in this lawsuit, or which Plaintiffs could have alleged in this lawsuit, pursuant to either Missouri state law ("Missouri State Wage Claims Release") or federal law ("Federal Wage Claims Release"), including but not limited to the following:

(1) Any and all claims for the failure to timely pay overtime wages and associated penalties;
(2) Any and all claims for damages or penalties under federal or state laws due to failure to include bonus or other additional compensation payments in regular rate of pay for overtime calculations;
(3) Any and all claims for failure to meet the requirements for utilizing the fluctuating workweek method for calculating and paying overtime wages;

(4) Any and all claims for penalties, including without limitation liquidated and/or punitive damages relating to all claims released in subsections (1)-(3); and

(5) Any and all claims for interest, costs, attorneys' fees, equitable relief, or other types of available recovery relating to all claims released in subsections (1)-(4).

The "Federal Wage Claims Release" includes, but is not limited to the release of any and all federal wage-and-hour claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation, arbitration, and any other kind), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (the "FLSA") and the Portal to Portal Act, 29 U.S.C. § 251 et seq., arising during the Release Period, of the type described in Paragraphs 6(1)-6(5) above.

The "Missouri State Wage Claims Release" includes, but is not limited to the release of any and all Missouri state law claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation, arbitration, and any other kind), arising during the Release Period, of the type described in Paragraphs 6(1)-6(5) above, including without limitation statutory, constitutional, contractual, or common law claims for wages, damages, attorneys' fees, unpaid costs, restitution, penalties, interest, or equitable relief.

Missouri-based FLSA Opt-In Plaintiffs who do nothing, will receive Settlement money proceeds approved by the Court and will be bound by both the "Missouri State Wage Claims Release" and the "Federal Wage Claims Release." The Parties negotiated this Settlement to provide compensation to Opt-In Plaintiffs for both Missouri state _and_ federal claims. The recovery available for your Missouri state law claims is wholly inclusive of the recovery available for your federal claims. And, Plaintiffs and Class Counsel agree that this Settlement represents a reasonable compromise of both Missouri state _and_ federal claims.

Opt-In Plaintiffs who wish to retain all of their Missouri state and federal rights to pursue their own separate lawsuit for claims described in Paragraph 6(1)-6(5), if any, must submit a timely request for exclusion (see below).

### 7.     WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE SETTLEMENT?

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or anything at all.

### 8.     WHEN IS THE FAIRNESS HEARING?

A hearing will be held before the Honorable Fernando J. Gaitan, District Court Judge, in the United States District Court for the Western District of Missouri on **[INSERT DATE]** at **[INSERT TIME]** at Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, Missouri 64106, Courtroom 7C. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as a Service Award to the Class Representatives. The time and date of this hearing may be changed without further notice.

If you decide to participate in the settlement, you do not need to attend the fairness hearing to receive money from any settlement the Court approves.

### 9. WHAT ARE MY OPTIONS REGARDING THE SETTLEMENT?

As an individual who previously opted in to the classes certified under federal law, you now have the following options with respect to your federal law and Missouri state law claims:

a. **Do Nothing and Accept Settlement Proceeds:** You have already consented to join this action with respect to your federal claims and if you do nothing and the Court approves the Settlement, you will participate in this Settlement and receive your Eligible Settlement Amount, less applicable taxes and withholdings. Your Eligible Settlement Amount will compensate you for BOTH your federal and your Missouri state law claims. The Missouri state law claims cover a longer period of time than the federal claims. Your Eligible Settlement Amount was calculated using the longer period of time applicable to claims under Missouri state law and the recovery available for your Missouri state law claims is wholly inclusive of the recovery available for your federal claims.

b. **Request to be Excluded:** If you wish to be excluded from the Settlement, you must timely submit a request for exclusion. To be effective, the request for exclusion must (i) include your full name, address, and telephone number, (ii) include your Cerner Associate I.D. number, and (iii) specifically state your desire to be excluded from the settlement in the case *Fred Speer and Mike McGuirk, individually and on behalf of others similarly situated v. Cerner Corporation,* Case No. 4:14-cv-00204-FJG. Your request must be postmarked or received by **[60 days from mailing but no later than 15 days before the Fairness hearing]** and mailed to **[INSERT TPA ADDRESS]. If you exclude yourself, you will not receive any monies from the settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Class and being bound by any Settlement and final judgment. If you validly and timely request exclusion from the Settlement, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Cerner related to the subject matter of this Lawsuit. **CAUTION: If you wish to pursue your own, separate legal action for the claims listed above, you should consult an attorney regarding the applicable statute of limitations prior to excluding yourself from this lawsuit. Many of the claims in this lawsuit cannot be pursued in a separate legal action because, unless that lawsuit is already on file, the claims may be time barred.**

c. **Object:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the Settlement and/or to Class Counsel's request for attorneys' fees and expenses, and/or to the Service Awards to Class Representatives. If you object and the Settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the Litigation, and you will be bound by the Final Judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, and/or to the Service Awards to the Class Representatives, you must, on or before **[60 days from mailing notice but no later than 15 days before the Fairness hearing]**: (1) file with the Clerk of the United States District Court for the Western District of Missouri, and (2) serve upon Tracey George, Davis George Mook LLC, 1600 Genessee St., Suite 328, Kansas City, MO 64102 (Class Counsel), and to Amy Crouch, Shook Hardy & Bacon L.L.P., 2555 Grand Blvd., Kansas City, MO 64108 (Counsel for Cerner), a written objection including: (a) your full name, address, and telephone number, (b) your Cerner Associate I.D. number, (c) a written statement of all grounds for the objection accompanied by any legal support for your objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in

support of the objection, (f) a statement of whether you intend to appear at the Fairness Hearing, and (g) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Class Members who do not timely make their objection in this matter will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

| 10. | ARE THERE MORE DETAILS AVAILABLE? |
|---|---|

For additional information you may (1) contact the Settlement Administrator at **[insert TPA contact number]**, (2) view the entire Settlement Agreement on Class Counsel's website at www.dgmlawyers.com/cernersettlement or (3) contact Class Counsel by (a) calling Tracey George at Davis George Mook LLC at 816-569-2629, or Kevin Koc at Reavey Law LLC at 816-474-6300, or (b) sending written correspondence to Davis George Mook LLC, ATTN: Cerner Settlement, 1600 Genessee St., Suite 328, Kansas City, MO 64102.


DATED:_____         BY ORDER OF THE COURT
                                     Clerk of the Court

# EXHIBIT C

# NOTICE OF PROPOSED FEDERAL LAW COLLECTIVE ACTION SETTLEMENT

### Fred Speer et al. v. Cerner Corporation

U.S. District Court, Western District of Missouri, Case No. 4:14-cv-00204-FJG

# <u>YOU MAY BE ENTITLED TO BENEFITS UNDER THIS SETTLEMENT</u>.

*You previously returned a consent to join this case. A Federal Court has ordered this Notice.*

**TO:** <<First_Name>> <<Last_Name>>

**YOUR ELIGIBLE SETTLEMENT AMOUNT: <<ELIGIBLE SETTLEMENT AMOUNT>>**

This notice is to inform you that the Parties have reached a Settlement Agreement ("Settlement") in the wage and hour lawsuit entitled Fred Speer et al. v. Cerner Corporation, No. 4:14-cv-00204-FJG (W.D. Mo.). You previously received notice of and consented to join this lawsuit against Cerner Corporation to recover unpaid overtime wages under the Fair Labor Standards Act (federal law).

This Notice is to inform you about the Settlement, including your right to receive a share of the settlement funds for claims under the Fair Labor Standards Act (federal law) if the Court approves the Settlement. **You do not need to do anything to participate in this Settlement and receive money proceeds. However, your legal rights are affected and you have options:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | Get a money payment for your share of the Settlement, if the Court approves it. Release your federal wage claims. |
| **EXCLUDE YOURSELF** | Get no payment from this lawsuit. But, you will retain any rights you may have regarding the claims in this case. CAUTION: If you wish to pursue your own, separate legal action for the claims in this lawsuit, you should consult an attorney regarding the applicable statute of limitations prior to excluding yourself. Many of the claims in this lawsuit cannot be pursued in a separate legal action because, unless that lawsuit is already on file, the claims may be time barred. |

This Notice explains your options. Please read it carefully. To exclude yourself from the Settlement, you must act before **[60 days from mailing]**.

## 1.    WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs Fred Speer and Mike McGuirk ("Class Representatives") allege Cerner Corporation (and/or its predecessors, successors, subsidiaries, and affiliated entities, collectively "Cerner") violated the federal Fair Labor Standards Act by: (i) failing to timely pay salaried, non-exempt employees their overtime wages, (ii) failing to properly calculate overtime wages to non-exempt employees who earned certain types of additional compensation, and (iii) failing to comply with the requirements for paying salaried, non-exempt employees' overtime on a fluctuating workweek basis (*i.e.*, half-time overtime instead of time-and-a-half overtime).  Cerner denies these allegations and has also set forth affirmative defenses.  Cerner wishes to settle this litigation to avoid costly and time-consuming litigation, but does not admit to any wrongdoing or liability.

## 2.    WHO IS INCLUDED IN THE SETTLEMENT?

The Parties reached a Settlement Agreement, which will repay you and the others who previously consented to join this lawsuit (the "Opt-in Plaintiffs") for the time period of September 7, 2012-present (the "Class Period").

## 3.    WHAT ARE THE BENEFITS AND TERMS OF THE SETTLEMENT?

Cerner has agreed to pay $4,500,000 ("Settlement Total Available to Class"), plus attorneys' fees and costs and administration costs, to resolve the class claims.  **If you do nothing**, and if the Court approves the Settlement, you will receive your Eligible Settlement Amount reflected on page 1 of this Notice.

Your Eligible Settlement Amount includes a Minimum Allocation of $250 (intended to compensate for Miscalculated Overtime Class claims), plus your pro rata share of the Settlement Total Available to Class, minus Service Awards, minus the total Minimum Allocation ("Net Settlement Total Available to Class"). This pro rata formula is determined as follows:

(i)   **Rule 23 Class Members & Missouri-based FLSA Opt-in Plaintiffs.**

    a)   Rule 23 Late Overtime Class Members and FLSA Opt-in Plaintiffs who worked in Missouri shall each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-June 3, 2014; plus

    b)   Rule 23 Fluctuating Work Week Class Members and FLSA Opt-in Plaintiffs who worked in Missouri who earned ON3, NDF, or ARM at any time since March 5, 2012, shall each receive three (3) additional points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between March 5, 2012-April 8, 2016.

(ii)   **FLSA Opt-in Plaintiffs Outside Missouri.**

    a)   FLSA Late Overtime Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, each receive one (1) point for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-June 3, 2014; plus

b) FLSA Opt-in Plaintiffs who work(ed) exclusively outside of Missouri, who earned ON3, NDF, or ARM at any time since September 7, 2012, shall each receive three (3) additional points for each overtime dollar Cerner paid to them on a fluctuating workweek basis (e.g. while designated as "SNE" pay group) between September 7, 2012-April 8, 2016.

**Pro Rata Share.** The points for all Rule 23 Class Members and FLSA Opt-in Plaintiffs are totaled, and each individual's total points are divided by the total number of all points to determine his/her percentage allocation of the Net Settlement Total Available to Class. ("Pro Rata Share").

One half of each Class Member's settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes and any other withholdings required by law, and will be reported on an IRS Form W-2. The remaining one-half of the settlement payment is considered compensation for interest and liquidated damages, will not be subject to payroll withholdings, and will be reported on an IRS Form 1099. Please consult with your accountant or tax advisor regarding the tax consequences of the settlement payment. Further, Class Members' settlement payments do not trigger any additional benefits or liabilities under Cerner's benefit plans, including any retirement plans in which Class Members may participate.

| 4. | WHO IS CLASS COUNSEL? |
|---|---|

The Court appointed the following law firms and attorneys as Class Counsel to represent the Opt-in Plaintiffs:

Tracey F. George
Brett A. Davis
DAVIS GEORGE MOOK LLC
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@dgmlawyers.com
brett@dgmlawyers.com

Patrick Reavey
Kevin C. Koc
REAVEY LAW LLC
1600 Genessee, Suite 303
Kansas City, Missouri 64102
(816) 474-6300  Telephone
(816) 474-6302  Facsimile
patrick@reaveylaw.com
kkoc@reaveylaw.com

| 5. | HOW MUCH ARE ATTORNEYS' FEES, EXPENSES, AND THE SERVICE AWARDS? |
|---|---|

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class. As part of the settlement, subject to Court Approval, Class Counsel will apply for fees in an amount not to exceed $2,000,000, including Class Counsel's costs and expenses. Under this settlement, Cerner will pay Class Counsel's attorneys' fees, costs and expenses. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Counsel will also ask the Court to approve service awards to the Class Representatives in an amount not to exceed $7,500 each. Class Members may object to the terms of the settlement, to Class Counsel's request for attorneys' fees and expenses, and/or to the service awards to the Class Representatives, as explained in Paragraph 9(c) below.

## 6.   WHAT HAPPENS IF THE COURT APPROVES SETTLEMENT?

If the Court approves the proposed Settlement, the Court will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all FLSA Opt-In Plaintiffs who do not exclude themselves.  This means that FLSA Opt-In Plaintiffs will be barred from bringing their own lawsuits for recovery against Cerner as follows:

- **FLSA Opt-In Plaintiffs who do nothing** will receive approved Settlement money proceeds and be bound by the "Federal Wage Claims Release" (see below for a complete description of released claims) that arose in the course of such Plaintiff's employment with Cerner as a non-exempt employee up through the date of the Final Settlement Approval Order ("Release Period").

- **FLSA Opt-In Plaintiffs who validly and timely request exclusion from the Settlement** will not release any Federal wage claims, if any, and will not receive any Settlement money proceeds.

## RELEASE OF CLAIMS

Released Claims include any and all claims, rights, unknown claims, demands, liabilities, costs and causes of action arising during the Release Period that in any way related to employment with Cerner and that Plaintiffs alleged in this lawsuit, or which Plaintiffs could have alleged in this lawsuit pursuant to federal law ("Federal Wage Claims Release"), including but not limited to the following:

(1) Any and all claims for the failure to timely pay overtime wages and associated penalties;
(2) Any and all claims for damages or penalties under federal law due to failure to include bonus or other additional compensation payments in regular rate of pay for overtime calculations;
(3) Any and all claims for failure to meet the requirements for utilizing the fluctuating workweek method for calculating and paying overtime wages;
(4) Any and all claims for penalties, including without limitation liquidated and/or punitive damages relating to all claims released in subsections (1)-(3); and
(5) Any and all claims for interest, costs, attorneys' fees, equitable relief, or other types of available recovery relating to all claims released in subsections (1)-(4).

The "Federal Wage Claims Release" includes, but is not limited to the release of any and all federal wage-and-hour claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation, arbitration, and any other kind), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (the "FLSA") and the Portal to Portal Act, 29 U.S.C. § 251 et seq., arising during the Release Period, of the type described in Paragraphs 6(1)-6(5) above.

FLSA Opt-In Plaintiffs who do nothing will receive Settlement money proceeds approved by the Court, and will be bound by the "Federal Wage Claims Release."

Opt-In Plaintiffs who wish to retain all of their Federal rights to pursue their own separate lawsuit for claims described in Paragraph 6(1)-6(5), if any, must submit a timely request for exclusion (see below).

## 7. WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE SETTLEMENT?

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or anything at all.

## 8. WHEN IS THE FAIRNESS HEARING?

A hearing will be held before the Honorable Fernando J. Gaitan, District Court Judge, in the United States District Court for the Western District of Missouri on **[INSERT DATE]** at **[INSERT TIME]** at Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, Missouri 64106, Courtroom 7C. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as a Service Award to the Class Representatives. The time and date of this hearing may be changed without further notice.

If you decide to participate in the settlement, you do not need to attend the fairness hearing to receive money from any settlement the Court approves.

## 9. WHAT ARE MY OPTIONS REGARDING THE SETTLEMENT?

As an individual who previously opted in to the classes certified under federal law you now have the following options with respect to your federal law claims:

a. **Do Nothing and Accept Settlement Proceeds:** You have already consented to join this action with respect to your federal claims, and if you do nothing and the Court approves the Settlement, you will participate in this Settlement and receive your Eligible Settlement Amount, less applicable taxes and withholdings. You will release your federal law claims.

b. **Request to be Excluded:** If you wish to be excluded from the Settlement, you must timely submit a request for exclusion. To be effective, the request for exclusion must (i) include your full name, address, and telephone number, (ii) include your Cerner Associate I.D. number, and (iii) specifically state your desire to be excluded from the settlement in the case *Fred Speer and Mike McGuirk, individually and on behalf of others similarly situated v. Cerner Corporation,* Case No. 4:14-cv-00204-FJG. Your request must be postmarked or received by **[60 days from mailing but no later than 15 days before the Fairness hearing]** and mailed to **[INSERT TPA ADDRESS]. If you exclude yourself, you will <u>not</u> receive any monies from the settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Class and being bound by any Settlement and final judgment. If you validly and timely request exclusion from the Settlement, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Cerner related to the subject matter of this Lawsuit. **CAUTION: If you wish to pursue your own, separate legal action for the claims listed above, you should consult an attorney regarding the applicable statute of limitations prior to excluding yourself from this lawsuit. Many of the claims in this lawsuit cannot be pursued in a separate legal action because, unless that lawsuit is already on file, the claims may be time barred.**

## 10. ARE THERE MORE DETAILS AVAILABLE?

For additional information you may (1) contact the Settlement Administrator at **[insert TPA contact number]**, (2) view the entire Settlement Agreement on Class Counsel's website at www.dgmlawyers.com/cernersettlement or (3) contact Class Counsel by (a) calling Tracey George at Davis George Mook LLC at 816-569-2629, or Kevin Koc at Reavey Law LLC at 816-474-6300, or (b) sending written correspondence to Davis George Mook LLC, ATTN: Cerner Settlement, 1600 Genessee St., Suite 328, Kansas City, MO 64102.


DATED:_____         BY ORDER OF THE COURT
                                    Clerk of the Court